# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

Kevin Brnich Electrical LLC, *et al.*,

               Plaintiffs,

          v.

Siemens Industry, Inc.,

               Defendant.

Civil Action No.: 22-01229 (MHC)

**SIEMENS INDUSTRY, INC.'S AMENDED**
**MOTION TO DISMISS COUNTS II, III, IV, V AND VII OF**
**PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. IV

INTRODUCTION ............................................................................. 1

ARGUMENT .................................................................................... 2

I.   GEORGIA SUBSTANTIVE LAW DOES NOT APPLY TO PLAINTIFFS'
     CLAIMS. ................................................................................... 2

     A.   The Claims of Electricalifornia, NSSS, Keyser, and Barrette are
          Governed By The Laws of Their Home States. ................................. 2

     B.   The Claims of Artistic Electric, Performance Electric, KB Electric,
          Bolt Electric, Gordon, Cates, Butakis, Vodicka, and Oakley are
          Governed By The Laws of Their Home States. ................................. 4

          1.   Other States' Statutes Apply to the Brnich/Cates Plaintiffs'
               Claims .............................................................................. 6

          2.   Applying Georgia Law Violates Siemens' Due Process Rights. 8

II.  PLAINTIFFS' WARRANTY, NEGLIGENCE, FRAUD, AND UNJUST
     ENRICHMENT CLAIMS (COUNTS II-V AND VII) FAIL AS A
     MATTER OF LAW. ..................................................................... 12

     A.   The Express Warranty Claims Fail Because Siemens' Warranty Does
          Not Cover Alleged Design Defects and Because Plaintiffs Do Not
          Allege They Sought and Were Denied Repairs. .............................. 12

          1.   Plaintiffs Do Not Allege a Defect in Materials or
               Workmanship ................................................................... 12

          2.   Plaintiffs Do Not Allege They Sought and Were Denied
               Repairs ............................................................................. 13

     B.   Plaintiffs' Implied Warranty Claims Fail Because Plaintiffs Do Not
          Sufficiently Allege Merchantability and Siemens Disclaimed any
          UCC Implied Warranty, and Because Certain Claims are Further
          Barred by Lack of Privity or the Statute of Limitations. .................... 14

1.   Plaintiffs Do Not Sufficiently Allege Unmerchantability. ...... 14

2.   Certain Implied Warranty Claims Are Barred by Lack of
     Privity. .................................................................................. 16

3.   Siemens Disclaimed the UCC Warranty of Merchantability. . 17

4.   Certain Implied Warranty Claims Are Time-Barred............... 18

C.   Fraudulent Concealment and Negligent Misrepresentation Claims Fail
     Because the Pleadings Do Not Meet Rule 9(b) and Plaintiffs Do Not
     Allege Pre-Sale Knowledge or Duty to Disclose, and Because Certain
     Claims Are Not Recognized or They Are Precluded By The Economic
     Loss Doctrine or Other State Statutes................................................ 19

1.   The Consolidated Complaint Does Not Satisfy Rule 9(b). ..... 19

2.   The Economic Loss Doctrine Bars Certain of Plaintiffs' Claims.
     ................................................................................................ 21

3.   Plaintiffs Do Not Allege Pre-Sale Knowledge or a Duty to
     Disclose as Required for Fraudulent Concealment................. 23

4.   Certain States Do Not Recognize Omission-Based Negligence
     Claims.................................................................................... 28

5.   WPLA Preempts Washington Negligent Misrepresentation
     Claims.................................................................................... 29

D.   The Unjust Enrichment Claims Fail Because They Are Precluded By
     Express Warranties and Adequate Legal Remedies, and Because
     Some Claims Require A Direct Benefit Or Are Subsumed By Other
     Statutes. ........................................................................................... 29

CONCLUSION ................................................................................................. 31

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ahern v. Apple Inc.*,
  411 F. Supp. 3d 541 (N.D. Cal. 2019)..........................................................24, 25

*Alejandre v. Bull*,
  159 Wash. 2d 674 (Wash. 2007) ..............................................................22, 23

*All Star Trucking LLC v. Ryder Vehicle Sales, LLC*,
  2017 WL 3142421 (Wash. Ct. App. July 24, 2017) ..........................................17

*Allan v. Guar. RV Ctrs.*,
  2006 WL 1050548 (D. Or. Apr. 15, 2006) ......................................................13

*Allyis, Inc., v. Schroder*,
  197 Wash. App. 1082 (Wash. Ct. App. Feb. 27, 2017) ....................................31

*Am. Aerial Servs., Inc. v. Terex USA, LLC*,
  39 F. Supp. 3d 95 (D. Me. 2014)..................................................................9, 22

*Andersons, Inc. v. Consol., Inc.*,
  348 F.3d 496 (6th Cir. 2003)...........................................................................28

*Andrade v. Pangborn Corp.*,
  2004 WL 2480708 (N.D. Cal. Oct. 22, 2004)...................................................14

*Animal Hosp. of Nashua, Inc. v. Antech Diagnostics*,
  2014 WL 1976624 (D.N.H. May 15, 2014)......................................................13

*Archer v. Holmes*,
  2018 WL 534475 (N.D. Ga. Jan. 23, 2018), *reconsideration
  denied*, 2018 WL 3454899 (N.D. Ga. Apr. 9, 2018)...................................10, 31

*Armstrong v. Accrediting Council for Continuing Educ. & Training,
  Inc.*,
  980 F. Supp. 53 (D.D.C. 1997), *aff'd*, 168 F.3d 1362 (D.C. Cir.
  1999) ................................................................................................................3

*Arndt v. Extreme Motorcycles*,
2007 WL 4570861 (W.D.N.C. Dec. 26, 2007) .................................................13

*Atl. & E. Carolina Ry. Co. v. Wheatly Oil Co.*,
163 N.C. App. 748 (N.C. Ct. App. 2004) ........................................................30

*Babb v. Regal Marine Indus., Inc.*,
2015 WL 786857 (Wash. Ct. App. Feb. 24, 2015) ...........................................16

*Bacon v. Liberty Mut. Ins. Co.*,
688 F.3d 362 (8th Cir. 2012) ..........................................................................23

*BAE Sys. Info. & Elecs. Sys. Integration, Inc. v. SpaceKey Components, Inc.*,
752 F.3d 72 (1st Cir. 2014) ..............................................................................13

*Barden v. Murphy-Brown, LLC*,
2021 WL 965915 (E.D. N.C. Mar. 15, 2021) .................................................10

*Batchelder v. N. Fire Lites, Inc.*,
630 F. Supp. 1115 (D. N.H. 1986) .................................................................26

*Beaty v. Ford Motor Co.*,
2018 WL 3320854 (W.D. Wash. Jan. 16, 2018)..............................................13

*Beck v. FCA US LLC*,
273 F. Supp. 3d 735 (E.D. Mich. 2017) .........................................................24

*Bellinger v. Hewlett Packard Co.*,
2002 WL 533403 (Ohio Ct. App. Apr. 10, 2002).....................................26, 27

*Berenblat v. Apple, Inc.*,
2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) ..................................................24

*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009)..........................................................................15

*Bite Tech Inc. v. X2 Impact, Inc.*,
2012 WL 13018749 (W.D. Wash. Dec. 21, 2012)...........................................26

*Blackman v. Bos. Whaler, Inc.*,
2023 WL 115564 (E.D.N.C. Jan. 5, 2023) ........................................................18

*Blangeres v. U.S. Seamless, Inc.*,
725 F. App'x 511 (9th Cir. 2018) ........................................................ 7, 9, 29

*Bortell v. Eli Lilly & Co.*,
406 F. Supp. 2d 1 (D.D.C. 2005) ................................................................3, 4

*Bortz v. Noon*,
556 Pa. 489, 729 A.2d 555 (1999) ................................................................10

*Boyd v. Rockwood Area Sch. Dist.*,
907 A.2d 1157 (Pa. Commw. Ct. 2006) ........................................................23

*Brae Asset Fund, L.P. v. Adam*,
661 A.2d 1137 (Me. 1995) ................................................................27

*Breeden v. Richmond Cmty. Coll.*,
171 F.R.D. 189 (M.D.N.C. 1997) ................................................ 19, 21, 26, 28

*Bristol SL Holdings, Inc. v. Cigna Health Life Ins. Co.*,
2019 WL 6329645 (C.D. Cal. Sept. 24, 2019) ........................................10, 28

*Brown v. Sullivan*,
2017 WL 3446027 (S.D. Ga. Aug. 10, 2017) ................................................10

*Bruce Martin Constr. v. CTB, Inc.*,
735 F.3d 750 (8th Cir. 2013) ................................................................13

*Bull Int'l, Inc. v. MTD Consumer Grp.*,
654 F. App'x 80 (3d Cir. 2016) ................................................................15

*Bush Truck Leasing, Inc. v. Cummins, Inc.*,
2020 WL 3871322 (S.D. Ohio July 9, 2020) ................................................19

*Bussian v. DaimlerChrysler Corp.*,
411 F. Supp. 2d 614 (M.D.N.C. 2006) ........................................ 9, 14, 16, 22

*Carbone v. Nueva Constr. Grp., L.L.C.*,
83 N.E.3d 375 (Ohio Ct. App. 2017) ................................................................30

*Carter v. Porsche Cars N. Am., Inc.*,
2021 WL 6805718 (N.D. Ga. June 25, 2021) ....................................................7

*Cent. Maine Power Co. v. Foster Wheeler Corp.*,
116 F.R.D. 339 (D. Me. 1987) ........................................................................13

*Cho v. Hyundai Motor Co., Ltd.*,
2022 WL 16966537 (C.D. Cal. Oct. 21, 2022) .............................................9, 22

*City of S. Sioux City, Nebraska v. Charter Oak Fire Ins. Co.*,
385 F. Supp. 3d 854 (D. Neb. 2019) ................................................................26

*Clark v. LG Elecs. U.S.A., Inc.*,
2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) ..................................................12

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ...................................................................16, 17

*Coker v. DaimlerChrysler Corp.*,
2004 WL 32676 (N.C. Super. Ct. Jan. 5, 2004), *aff'd,* 172 N.C.
App. 386 (N.C. Ct. App. 2005), *aff'd,* 360 N.C. 398 (N.C. 2006) ...............9, 22

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*,
138 F. Supp. 2d 25 (D. Me. 2001) ...................................................................21

*Cousins v. Lockyer*,
568 F.3d 1063 (9th Cir. 2009) .........................................................................15

*Cummings v. HPG Int'l, Inc.*,
244 F.3d 16 (1st Cir. 2001) .............................................................................23

*Curl v. Volkswagen of Am., Inc.*,
871 N.E.2d 1141 (Ohio 2007) .........................................................................16

*Dean v. Eli Lilly & Co.*,
515 F. Supp. 2d 18 (D.D.C. 2007) ................................................................3, 4

*Deras v. Volkswagen Grp. of Am., Inc.*,
2018 WL 2267448 (N.D. Cal. May 17, 2018) ..................................................29

*DG Equip. Co., v. Caterpillar, Inc.*,
  2008 WL 4758672 (S.D. Ohio 2008) ................................................................18

*Diep v. Durst-Pro-USA, Inc.*,
  2006 WL 1788175 (D. Or. June 23, 2006) .......................................................22

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
  66 F.3d 604 (3d Cir. 1995)................................................................................22

*Durso v. Samsung Elecs. Am., Inc.*,
  2013 WL 5947005 (D.N.J. Nov. 6, 2013) .........................................................24

*E. Elec. Corp. v. FERD Constr. Inc.*,
  2005 WL 3447957 (D. N.H. Dec. 15, 2005) .....................................................30

*Elec. Mirror, LLC v. Avalon Glass & Mirror Co.*,
  2018 WL 4488604 (W.D. Wash. Sept. 19, 2018).............................................14

*Farm Credit Servs. of Am., FLCA v. Haun*,
  734 F.3d 800 (8th Cir. 2013)............................................................................19

*Felger v. I-Deal Auto Sales, Inc.*,
  1997 WL 691450 (Ohio Ct. App. Oct. 31, 1997) .............................................14

*In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab.*
  *Litig.*,
  483 F. Supp. 3d 838 (C.D. Cal. 2020).............................................................21

*Forrett v. Gourmet Nut, Inc.*,
  2022 WL 6768217 (N.D. Cal. Oct. 11, 2022)...................................................30

*Frank Briscoe Co. v. Ga. Sprinkler Co.*,
  713 F.2d 1500 (11th Cir. 1983)..........................................................................8

*Fulton Bank, N.A. v. UBS Sec., LLC*,
  2011 WL 5386376 (E.D. Pa. Nov. 7, 2011) ...............................................11, 28

*Garland v. Advanced Med. Fund, L.P. II*,
  86 F. Supp. 2d 1195 (N.D. Ga. 2000)................................................................5

*In re Gen. Motors LLC Ignition Switch Litig.*,
257 F. Supp. 3d 372 (S.D.N.Y.), *modified on reconsideration by*,
2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017)................................................. 10, 24

*Gertz v. Toyota Motor Corp.*,
2011 WL 3681647 (C.D. Cal. Aug. 22, 2011)................................................. 13

*Gilbert v. Monaco Coach Corp.*,
352 F. Supp. 2d 1323 (N.D. Ga. 2004)................................................. 5

*Gonzalez v. Real Time Resols., Inc.*,
2019 WL 7596280 (D. N.H. Oct. 29, 2019)................................................. 26

*Gregory v. Atrium Door & Window Co.*,
106 N.C. App. 142 (N.C. Ct. App. 1992)................................................. 16

*Grodzitsky v. Am. Honda Motor Co.*,
2013 WL 690822 (C.D. Cal. Feb. 19, 2013)................................................. 24

*Gross v. Coloplast Corp.*,
434 F. Supp. 3d 245 (E.D. Pa. 2020)................................................. 19

*Hansen v. Freedom Mobility, Inc.*,
2010 WL 3812017 (W.D.N.C. Sept. 27, 2010)................................................. 13

*Harney v. Associated Materials, LLC*,
2018 WL 468303 (D. Or. Jan. 18, 2018)................................................. 29

*In re Harris Pine-Mills*,
44 F.3d 1431 (9th Cir. 1995)................................................. 23

*Helicopter Transp. Servs., LLC v. Sikorsky Aircraft Corp.*,
448 F. Supp. 3d 1127 (D. Or. 2020)................................................. 18

*Hines v. Mercedes-Benz USA, LLC*,
358 F. Supp. 2d 1222 (N.D. Ga. 2005)................................................. 15

*Hoefs v. Sig Sauer Inc.*,
2020 WL 3488155 (W.D. Wash. June 26, 2020)................................................. 9, 31

ix

*Hughes v. BMW of N. Am., LLC,*
  2014 WL 4826156 (D.S.C. Sept. 24, 2014) ..................................................... 18

*Intellicig USA, LLC v. CN Creative Ltd.,*
  2017 WL 11634374 (N.D. Ga. Mar. 6, 2017) ........................................... 11, 28

*Jaffe v. Pallotta TeamWorks,*
  374 F.3d 1223 (D.C. Cir. 2004) ........................................................................ 3

*Jet Parts Eng'g, Inc. v. Quest Aviation Supply, Inc.,*
  2017 WL 1093205 (W.D. Wash. Mar. 23, 2017) ........................................... 30

*Joern v. Ocwen Loan Servicing, LLC,*
  2010 WL 3516907 (E.D. Wash. Sept. 2, 2010) .............................................. 19

*Johnson v. Microsoft Corp.,*
  834 N.E.2d 791 (Ohio 2005) ........................................................................... 30

*Kearney v. Equilon Enters., LLC,*
  65 F. Supp. 3d 1033 (D. Or. 2014) .................................................................. 21

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009) .................................................................... 23, 26

*Kee v. Zimmer, Inc.,*
  871 F. Supp. 2d 405 (E.D. Pa. 2012) .......................................................... 21, 23

*Kent v. Hewlett-Packard Co.,*
  2010 WL 2681767 (N.D. Cal. July 6, 2010) ................................................... 16

*Kirkpatrick v. J.C. Bradford & Co.,*
  827 F.2d 718 (11th Cir. 1987) ......................................................................... 11

*Koken v. Black & Veatch Constr., Inc.,*
  426 F.3d 39 (1st Cir. 2005) ........................................................................ 14, 15

*Koperski v. Husker,*
  302 N.W.2d 655 (Neb. 1981) .......................................................................... 18

*Krise v. SEI/Aaron's, Inc.,*
  2017 WL 3608189 (N.D. Ga. Aug. 22, 2017) ................................................. 12

*Kuecker Logistics Grp., Inc. v. Greater Omaha Packing Co., Inc.*,
  2023 WL 3198418 (D. Neb. Apr. 14, 2023) ....................................................22

*Lakie v. SmithKline Beecham*,
  965 F. Supp. 49 (D.D.C. 1997) ...........................................................................3

*Langner v. Bos. Sci. Corp.*,
  492 F. Supp. 3d 925 (D. Neb. 2020) ................................................................13

*Levesque v. Iberdrola, S.A.*,
  2021 WL 3476092 (D. Me. Aug. 6, 2021) ................................................. 10, 30

*Lincoln Pulp & Paper Co. v. Dravo Corp.*,
  445 F. Supp. 507 (D. Me. 1977)................................................................. 13, 18

*Lloyd's Syndicate No. 5820 v. AGCO Corp.*,
  756 S.E.2d 520 (Ga. 2014)................................................................................13

*Luigino's Int'l, Inc. v. Miller*,
  311 F. App'x 289 (11th Cir. 2009) (per curiam) ................................................5

*Macias v. Saberhagen Holdings, Inc.*,
  175 Wash. 2d 402 (2012).................................................................................29

*Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*,
  508 F. App'x 180 (3d Cir. 2012)......................................................................13

*Mandani v. Volkswagen Grp. of Am., Inc.*,
  2019 WL 652867 (N.D. Cal. Feb. 15, 2019) ...................................................25

*Maneri v. Starbucks Corp. Store #1527*,
  2019 WL 5626650 (E.D. Pa. Oct. 31, 2019) ...................................................14

*March v. Ethicon, Inc.*,
  2021 WL 719261 (W.D. Wash. Feb. 24, 2021)......................................... 18, 29

*Martell v. Gen. Motors LLC*,
  492 F. Supp. 3d 1131 (D. Or. 2020)................................................................13

*Matanky v. Gen. Motors LLC*,
  370 F. Supp. 3d 772 (E.D. Mich. 2019) ..........................................................27

*McCabe v. Daimler AG*,
948 F. Supp. 2d 1347 (N.D. Ga. 2013) ....................................................... 18, 23

*McDonald v. Mazda Motors of Am., Inc.*,
603 S.E.2d 456 (Ga. Ct. App. 2004) ................................................................ 14

*McVicar v. Goodman Glob., Inc.*,
1 F. Supp. 3d 1044 (C.D. Cal. 2014) ............................................................... 19

*McVicar v. Goodman Glob., Inc.*,
1 F. Supp. 3d at 1058–59 ................................................................................. 20

*Meehan v. Cheltenham Twp.*,
410 Pa. 446 (1963) ........................................................................................... 30

*Metro. Grp., Inc. v. Meridian Indus., Inc.*,
869 F. Supp. 2d 692 (W.D.N.C. 2012), *aff'd*, 505 F. App'x 243
(4th Cir. 2013) ................................................................................................. 23

*Miller v. Kent Nutrition Grp., Inc.*,
2016 WL 11246420 (N.D. Ohio Sept. 16, 2016) .............................................. 30

*Monopoli v. Mercedes-Benz USA, LLC*,
2022 WL 409484 (N.D. Ga. Feb. 10, 2022) ....................................................... 9

*Monticello v. Winnebago Indus., Inc.*,
369 F. Supp. 2d 1350 (N.D. Ga. 2005) ............................................................... 5

*Morgan v. Dick's Sporting Goods, Inc.*,
359 F. Supp. 3d 1283 (N.D. Ga. 2019) ............................................................. 16

*Mueller v. Keeley*,
165 Neb. 243 (1957) ......................................................................................... 13

*Mungai v. Chase Bank USA, N.A.*,
2020 WL 10225827 (N.D. Ga. Aug. 4, 2020) ................................................... 31

*N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*,
567 F.3d 8 (1st Cir. 2009) ................................................................................. 20

*N. Seattle Health Ctr. Corp. v. Allstate Fire & Cas. Ins. Co.*,
   2016 WL 4533055 (W.D. Wash. Jan. 27, 2016)................................................21

*Nauman v. Gen. Motors LLC*,
   2021 WL 4502666 (W.D. Wash. Oct. 1, 2021) ................................................13

*Nguyen v. Cree, Inc.*,
   2019 WL 7879879 (D. Or. Nov. 6, 2019)), *report and
   recommendation adopted in*, 2019 WL 6917887 (D. Or. Dec. 17,
   2019). ................................................................................................16

*Nielsen v. Thermo Mfg. Sys., LLC*,
   2018 WL 1383182 (D. Neb. Mar. 19, 2018) ....................................................21

*Novalk, LLC v. Kinsale Ins. Co.*,
   2022 WL 17574076 (S.D. Cal. Dec. 9, 2022)..................................................10

*Ostriecher v. Alienware Corp.*,
   322 F. App'x 489 (9th 2009)..........................................................................27

*Outlook Windows P'ship v. York Int'l Corp.*,
   112 F. Supp. 2d 877 (D. Neb. 2000) ..............................................................28

*Owen v. Gen. Motors Corp.*,
   533 F.3d 913 (8th Cir. 2008)..........................................................................23

*Pearson v. Provident Life & Acc. Ins. Co.*,
   834 F. Supp. 2d 1199 (D. Or. 2004).................................................................26

*Perkins v. Land Rover of Akron*,
   2003 WL 22939452 (Ohio Ct. App. Dec. 5, 2003)..........................................26

*Peterson v. Aaron's, Inc.*,
   2017 WL 364094 (N.D. Ga. Jan. 25, 2017).....................................................12

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985)....................................................................................8, 11

*Picher v. Roman Cath. Bishop*,
   82 A.3d 101 (Me. 2013)............................................................................24, 26

*Picker Int'l, Inc. v. Mayo Found.*,
  6 F. Supp. 2d 685 (N.D. Ohio 1998) ...............................................................22

*Potter v. Wash. State Patrol*,
  165 Wash. 2d 67 (2008) ..................................................................................29

*Red Roof Franchising, LLC v. Riverside Macon Grp.*,
  2020 WL 2494462 (S.D. Ohio May 14, 2020) ................................................24

*ReMax N. Atlanta v. Clark*,
  537 S.E.2d 138 (Ga. Ct. App. 2000) ...............................................................26

*Resnick v. Hyundai Motor Am., Inc.*,
  2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) .................................................22

*Rice v. Electrolux Home Prod., Inc.*,
  2015 WL 4545520 (M.D. Pa. July 28, 2015)...................................................29

*Risdon Enters., Inc. v. Colemill Enters., Inc.*,
  324 S.E.2d 738 (Ga. Ct. App. 1984) .................................................................5

*Risner v. Regal Marine Indus., Inc.*,
  8 F. Supp. 3d 959 (S.D. Ohio 2014)................................................................13

*Robinson Helicopter Co. v. Dana Corp.*,
  34 Cal. 4th 979 (Cal. 2004)..............................................................................22

*Rosenfield v. Frank*,
  2019 WL 2355588 (M.D. Pa. June 4, 2019)................................................9, 22

*Roy v. Quality Pro Auto, LLC*,
  132 A.3d 418 (N.H. 2016) ...............................................................................14

*Sanford v. Nat'l Ass'n for Self-Employed, Inc.*,
  2009 WL 1460768 (D. Me. May 26, 2009)................................................11, 28

*Schaefer v. Indymac Mortg. Servs.*,
  731 F.3d 98 (1st Cir. 2013) (NH).....................................................................22

*Seattlehaunts, LLC v. Thomas Fam. Farm, LLC*,
  2020 WL 5500373 (W.D. Wash. Sept. 11, 2020)......................................11, 28

*Sheffer v. Novartis Pharms. Corp.*,
  873 F. Supp. 2d 371 (D.D.C. 2012)....................................................................4

*Sherman v. Sunsong Am., Inc.*,
  485 F. Supp. 2d 1070 (D. Neb. 2007)..............................................................14

*Short v. Hyundai Motor Co.*,
  444 F. Supp. 3d 1267 (W.D. Wash. 2020)..................................................16, 17

*Sinclair v. Acadia Ins. Co.*,
  2004 WL 960022 (Me. Super. Mar. 11, 2004) ................................................19

*Sinnerard v. Ford Motor Co.*,
  1996 WL 363932 (E.D. Pa. June 20, 1996).....................................................13

*Smith v. Ethicon Inc.*,
  2021 WL 3578681 (D. Or. May 13, 2021) ................................................10, 21

*Smith v. Gen. Motors LLC*,
  988 F.3d 873 (6th Cir. 2021)...........................................................................21

*Sosenko v. LG Elecs. U.S.A., Inc.*,
  2019 WL 6118355 (C.D. Cal. Aug. 29, 2019)..................................................25

*Stevenson v. Mazda Motor of Am., Inc.*,
  2015 WL 3487756 (D.N.J. June 2, 2015)........................................................24

*Stewart v. Electrolux Home Prods., Inc.*,
  2018 WL 1784273 (E.D. Cal. Apr. 13, 2018)..................................................25

*Sw. Trinity Constructors, Inc. v. St. Paul Fire & Marine Ins. Co.*,
  243 Neb. 55 (1993) .........................................................................................30

*Szep v. Gen. Motors LLC*,
  491 F. Supp. 3d 280 (N.D. Ohio 2020) ................................................13, 16, 23

*Taragan v. Nissan N. Am., Inc.*,
  2013 WL 3157918 (N.D. Cal. June 20, 2013)............................................20, 26

*Terrill v. Electrolux Home Prods., Inc.*,
  753 F. Supp. 2d 1272 (S.D. Ga. 2010) .............................................................7

*Traxler v. PPG Indus., Inc.*,
   158 F. Supp. 3d 607 (N.D. Ohio 2016) ............................................................17

*Trustcorp. Mortg. Co. v. Zajac*,
   2006 WL 3690299 (Ohio Ct. App. Dec. 15, 2006)...........................................22

*Turner v. Sony Interactive Ent. LLC*,
   2021 WL 5177733 (N.D. Cal. Nov. 8, 2021) ....................................................17

*In re Tyco Int'l, Ltd.*,
   2007 WL 1687775 (D.N.H. June 11, 2007)........................................................21

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*,
   117 F. Supp. 3d 1092,1106 (C.D. Cal. 2015) ....................................................19

*V-Tech Servs., Inc. v. Street*,
   72 A.3d 270 (Pa. Super. Ct. 2013) ....................................................................26

*Valencia v. E\*TRADE Sec., LLC*,
   2021 WL 9385892 (N.D. Ga. Oct. 22, 2021) (J. Cohen) ....................................3

*Value Health Sols. Inc. v. Pharm. Rsch. Assocs., Inc.*,
   2020 WL 2616400 (N.C. Super. May 22, 2020)................................................21

*VC Macon, GA LLC v. Virginia Coll. LLC*,
   2021 WL 723979 (M.D. Ga. Feb. 24, 2021) ...............................................20, 26

*Webb v. Volvo Cars of N.A., LLC*,
   2018 WL 1470470 (E.D. Pa. Mar. 26, 2018).....................................................19

*Wetzel v. CertainTeed Corp.*,
   2019 WL 3976204 (W.D. Wash. Mar. 25, 2019) ........................................26, 27

*Williams v. Tesla, Inc.*,
   2021 WL 2531177 (N.D. Cal. June 21, 2021) .............................................13, 14

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012).................................................................23, 24, 27

*Woolums v. Nat'l RV & Custom Chassis*,
   530 F. Supp. 2d 691 (M.D. Pa. 2008), *as amended* (2008)..............................18

*Wozniak v. Ford Motor Co.*,
  2019 WL 108845 (E.D. Mich. Jan. 4, 2019) ....................................................24

*Wright v. Sony Pictures Ent., Inc.*,
  394 F. Supp. 2d 27 (D.D.C 2005) .......................................................................3

*Xerox Corp. v. Hawkes*,
  475 A.2d 7 (N.H. 1984) .....................................................................................18

*Young v. Young*,
  191 P.3d 1258 (Wash. 2008)..............................................................................10

*Zwiercan v. Gen. Motors Corp.*,
  2003 WL 1848571 (Pa. C.P. Phila. Mar. 18, 2003) ..........................................27

**Statutes**

13 Pa. Cons. Stat. § 2316(b)................................................................................17

28 U.S.C. § 1404(a) ...............................................................................................3

13 Pa. Stat. and Cons. Stat. Ann. § 2313 ..............................................................7

13 Pa. Stat. and Cons. Stat. Ann. § 2721 ..............................................................8

42 Pa. Stat. and Cons. Stat. Ann. § 7102 ..............................................................8

Cal. Civ. Code § 1709............................................................................................7

Cal. Civ. Code §1710 ............................................................................................7

Cal. Civ. Code § 1711............................................................................................7

Cal. Civ. Code, § 1791.1........................................................................................7

Cal. Civ. Code § 1791.2.........................................................................................7

Cal. Com. Code § 2313 ..........................................................................................7

Cal. Com. Code § 2314...........................................................................................7

Cal. Com. Code § 2316(2) ....................................................................................17

Me. Rev. Stat. Ann. tit. 11, § 2-313 .................................................................7

Me. Rev. Stat. Ann. tit. 11, § 2-314 .................................................................7

Me. Rev. Stat. Ann. tit. 11, § 2-721 .................................................................7

Me. Rev. Stat. Ann. tit. 14, § 156 .....................................................................8

Me. Rev. Stat. tit. 11, § 2-316 ........................................................................17

N.C. Gen. Stat. Ann. § 25-2-316 ...................................................................17

N.C. Gen. Stat. § 1-139 ....................................................................................8

N.C. Gen. Stat. § 25-2-313 ...............................................................................7

N.C. Gen. Stat. § 25-2-314 ...............................................................................7

N.C. Gen. Stat. § 25-2-721 ...............................................................................8

N.H. Rev. Stat. Ann. § 382-A:2-316 ..............................................................17

Neb. Rev. Stat. Ann. § 2-316 .........................................................................17

Ohio Rev. Code Ann. § 1302.29 ....................................................................17

Or. Rev. Stat. Ann. § 72.3160 ........................................................................17

Or. Rev. Stat. § 31.600 ......................................................................................8

Or. Rev. Stat. § 72.31 ........................................................................................7

Or. Rev. Stat. §72.3140 .....................................................................................7

Or. Rev. Stat. § 72.7210 ....................................................................................8

Wash. Rev. Code 7.72.020 ................................................................................7

Wash. Rev. Code 62A.2-313 .............................................................................7

Wash. Rev. Code 62A.2-314 .............................................................................7

Wash. Rev. Code Ann. 62A.2-316(2) .............................................................17

Wash. Rev. Code § 4.22.005 ................................................................8

Wash. Rev. Code § 4.22.015 ................................................................8

Wash. Rev. Code § 62A.2-721 .............................................................8

**Other Authorities**

Fed. R. Civ. P. 9(b) .............................................................................19

# INTRODUCTION

Despite multiple bites at the apple in seriatim complaints and/or amendments over the past two-and-a-half years, plaintiffs' claims of fraudulent concealment, negligent misrepresentation, breach of implied warranty, breach of express warranty, and unjust enrichment (Counts II-V, VII) still fail as a matter of law.[1] Plaintiffs believe that these claims are saved by Georgia law, which they say applies under choice-of-law rules; and plaintiffs further believe they have adequately stated these claims. Plaintiffs are wrong on both counts.

Applicable choice-of-law rules and due process dictate that the laws of plaintiffs' home states govern each of these claims. Indeed, in both D.C. and Georgia, the factors relevant to application of the laws of California, Ohio, Maine, Nebraska, New Hampshire, North Carolina, Oregon, Pennsylvania, and Washington, as these are the locations where plaintiffs allegedly purchased Siemens' AFCIs and purportedly experienced "nuisance tripping." Moreover, statutes in plaintiffs' home states apply directly to each of their respective common law claims. And although plaintiffs' claims likewise fail even under Georgia law, there are

---

[1] For simplicity, Siemens refers to and incorporates the Background section as well as all party abbreviations as identified its Motion to Dismiss Consolidated Class Action Complaint (Mot. to Dismiss), ECF No. 43.

material differences between Georgia law and the laws of plaintiffs' home states.

Importantly, when the law(s) of plaintiffs' home states are applied, plaintiffs' fraud, negligence, warranty and unjust enrichment claims collapse, and cannot survive a motion to dismiss. First, they are precluded by the economic loss doctrine, lack of privity, the existence of express warranties, adequate legal remedies, and/or applicable limitations periods. Second, Siemens' Standard Warranty does not cover the alleged design defect. In sum, none of plaintiffs' respective state common law claims meet applicable pleading standards or substantive state law and federal requirements—the Consolidated Complaint fails to allege facts necessary to support the elements (*i.e.*, unmerchantability, knowledge, duty, or reliance) of these claims. Irrespective of what law applies, the facially untenable claims in Counts II–V and VII should be dismissed.[2]

## ARGUMENT

### I. Georgia Substantive Law Does Not Apply to Plaintiffs' Claims.

#### A. The Claims of Electricalifornia, NSSS, Keyser, and Barrette are Governed By The Laws of Their Home States.

This Court "must apply the [D.C.] choice of law rules with respect to NSSS, Electricalifornia, Keyser, and Barrette, the plaintiffs in the *NSSS* case," who first

---

[2] Ex. A, Grounds for Dismissal Chart.

filed their claims in the U.S. District Court for the District of Columbia. Order, ECF No. 48; *see also Valencia v. E\*TRADE Sec., LLC*, 2021 WL 9385892, at \*2 (N.D. Ga. Oct. 22, 2021) (J. Cohen) (the transferee court must apply the choice-of-law rules of the transferor forum when a case is transferred under 28 U.S.C. § 1404(a)).

Under D.C. choice-of-law rules, the law that applies is that "of the jurisdiction with the more 'substantial interest' in the resolution of the issue[,]". *Bortell v. Eli Lilly & Co.*, 406 F. Supp. 2d 1, 4 (D.D.C. 2005); *Dean v. Eli Lilly & Co.*, 515 F. Supp. 2d 18, 23-24 (D.D.C. 2007). For tort claims, the Court considers (1) the place of the injury, (2) the place of the injury-causing conduct, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship centered. *Jaffe v. Pallotta TeamWorks*, 374 F.3d 1223, 1227 (D.C. Cir. 2004). For contract claims, the Court considers (a) the place of contracting, (b) the place of negotiation, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. *Wright v. Sony Pictures Ent., Inc.*, 394 F. Supp. 2d 27, 32 (D.D.C 2005). Where tort or contract claims arise from the purchase of a product, the place of sale governs the claims. *Armstrong v. Accrediting Council for Continuing Educ. & Training, Inc.*, 980 F. Supp. 53, 58 (D.D.C. 1997), *aff'd*, 168 F.3d 1362 (D.C. Cir. 1999); *Lakie v.*

*SmithKline Beecham*, 965 F. Supp. 49, 59 (D.D.C. 1997) (applying Virginia law where plaintiff resided, purchased, and used the allegedly defective product in Virginia).

Here, NSSS, Electricalifornia, Keyser, and Barrette (the *NSSS* plaintiffs) allegedly reside in Ohio, California, Nebraska and New Hampshire, respectively; and it is in these states that plaintiffs allegedly purchased Siemens' AFCIs (or homes with Siemens' AFCIs), and experienced "nuisance tripping." Consol. Compl. ¶¶ 133-155, 171-185. There is no alleged connection between Georgia and the *NSSS* plaintiffs other than the location of Siemens' headquarters. *Id.* Under D.C. choice-of-law principles, the laws of California, Ohio, Nebraska, and New Hampshire apply to the *NSSS* plaintiffs' claims. *Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 379 (D.D.C. 2012); *Bortell*, 406 F. Supp. 2d at 4; *Dean*, 515 F. Supp. 2d at 23-24.

**B. The Claims of Artistic Electric, Performance Electric, KB Electric, Bolt Electric, Gordon, Cates, Butakis, Vodicka, and Oakley are Governed By The Laws of Their Home States.**

Even if the Court were to consider Georgia's choice-of-law rules, the result is the same. *See* Order, ECF No. 48 at 14-15 (federal courts sitting in diversity must apply the forum state's choice-of-law rules).

For warranty claims, Georgia follows *lex loci contractus*, which applies the

law of the place of contract. Order, ECF No. 48, at 15; *Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323, 1329 (N.D. Ga. 2004). In actions arising from the sale of a product, *lex loci contractus* demands that the law of the place of sale governs plaintiffs' claims. *Id.* (applying Arizona law to warranty claims under Georgia's *lex loci contractus* approach, because plaintiffs negotiated and executed the purchase of the vehicle in Arizona and took possession there); *Monticello v. Winnebago Indus., Inc.*, 369 F. Supp. 2d 1350, 1356 (N.D. Ga. 2005) (following Georgia choice-of-law rules and applying the law of where the purchaser bought his RV).

For tort claims like fraudulent concealment, negligent misrepresentation, and unjust enrichment, Georgia follows *lex loci delicti*, which applies the law of the state where the tort was committed—*i.e.*, where a consumer purchased a product, used it, and allegedly suffered harm. Order, ECF No. 48, at 15; *Luigino's Int'l, Inc. v. Miller*, 311 F. App'x 289, 292 (11th Cir. 2009) (per curiam); *Garland v. Advanced Med. Fund, L.P. II*, 86 F. Supp. 2d 1195, 1205 (N.D. Ga. 2000) (applying Florida law because "the [plaintiffs] resided at all relevant times in Florida and bore the economic impact of the alleged torts in Florida."); *Risdon Enters., Inc. v. Colemill Enters., Inc.*, 324 S.E.2d 738, 740 (Ga. Ct. App. 1984) (applying South Carolina law because the place of the "wrong" is "where the injury sustained was suffered rather than the place where the act was committed").

Here, the *Brnich/Cates* plaintiffs allegedly reside, purchased Siemens' AFCIs (or homes with Siemens' AFCIs), and experienced "nuisance tripping" in California, Maine, North Carolina, Oregon, Pennsylvania and Washington. Consol. Compl ¶¶ 91-191. In other words, each of these plaintiffs allegedly contracted for, suffered injury, and "bore the economic impact" of any alleged tort, in their respective home states. There is no alleged relationship with Georgia—it is simply the location of Siemens' headquarters. *Id.*

Under Georgia choice-of-law principles, the laws of California, Maine, North Carolina, Oregon, Pennsylvania and Washington apply to the *Brnich/Cates* plaintiffs' claims. This is so despite Georgia's "unusual characteristic" that limits the application of other states' laws to statutes and decisions construing those statutes, Order, ECF No. 48, at 15-16, because there are other state statutes that apply to plaintiffs' claims, and because applying Georgia law to all claims of all plaintiffs violates Siemens' due process rights.

**1.  Other States' Statutes Apply to the *Brnich/Cates* Plaintiffs' Claims.**

The *Brnich/Cates* plaintiffs' home states have each adopted the Uniform

Commercial Code and enacted corresponding statutes[3] governing claims for breach of express and implied warranties.[4] *Carter v. Porsche Cars N. Am., Inc.*, 2021 WL 6805718, at *4 (N.D. Ga. June 25, 2021) (because breach of express and implied warranty claims were governed by Utah statute, Georgia law did not apply); *Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1281 (S.D. Ga. 2010). These six states have also enacted statutes that speak to plaintiffs' tort-based claims. Washington's product liability statute governs claims for alleged product defects, regardless of the liability theory. *See* Wash. Rev. Code 7.72.020; *Blangeres v. U.S. Seamless, Inc.*, 725 F. App'x 511, 514 (9th Cir. 2018). California, Maine, North Carolina, Oregon, Pennsylvania, and Washington[5] all have statutes that specify certain requirements (and the defenses and remedies available) for fraud and

---

[3] *See* Ex. B, State Statute Chart at 2.

[4] Express Warranty: Cal. Com. Code § 2313; Cal. Civ. Code § 1791.2; Or. Rev. Stat. § 72.3130; Me. Rev. Stat. Ann. tit. 11, § 2-313; 13 Pa. Stat. and Cons. Stat. Ann. § 2313; N.C. Gen. Stat. § 25-2-313; Wash. Rev. Code 62A.2-313. Implied Warranty: Cal. Com. Code § 2314; Cal. Civ. Code. § 1791.1; Or. Rev. Stat. §72.3140; Me. Rev. Stat. Ann. tit. 11, § 2-314; 13 Pa. Stat. and Cons. Stat. Ann. § 2314; N.C. Gen. Stat. § 25-2-314; Wash. Rev. Code 62A.2-314.

[5] *See* Ex. B, State Statute Chart at 1.

negligence claims.[6] These statutory schemes displace Georgia common law, and the laws of the *Brnich/Cates* plaintiffs' home states apply to their claims. *Frank Briscoe Co. v. Ga. Sprinkler Co.*, 713 F.2d 1500, 1503 (11th Cir. 1983).

### 2. Applying Georgia Law Violates Siemens' Due Process Rights.

Even if Georgia's choice-of-law rules did require application of Georgia common law (they do not), doing so would violate Siemens' due process rights. Georgia law can "be applied consistent with due process only if the particular transaction[s] ha[ve] some significant relation to Georgia." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-22 (1985). It would be "arbitrary or unfair" to do so here, where Georgia has no "'significant contact or significant aggregation of contacts' to the claims asserted by each member of the plaintiff class." *Id.* (citation omitted).

Applying Georgia common law to all claims would deprive Siemens of

---

[6] *See, e.g.*, Cal. Civ. Code §§ 1709, 1710, 1711 (negligence and fraud); Me. Rev. Stat. Ann. tit. 11, § 2-721 (fraud); Me. Rev. Stat. Ann. tit. 14, § 156 (negligence); 13 Pa. Stat. and Cons. Stat. Ann. § 2721 (fraud); 42 Pa. Stat. and Cons. Stat. Ann. § 7102 (negligence); N.C. Gen. Stat. § 1-139 (negligence); N.C. Gen. Stat. § 25-2-721 (fraud); Or. Rev. Stat. § 31.600 (negligence); Or. Rev. Stat. § 72.7210 (fraud); Wash. Rev. Code § 4.22.005 (negligence); Wash. Rev. Code § 4.22.015 (negligence); Wash. Rev. Code § 62A.2-721 (fraud).

defenses available to it under other state laws.[7] *See* Ex. C, State Law Comparison Chart. For example, unlike Georgia, negligent misrepresentation and unjust enrichment claims are preempted by the Washington Product Liability Act.[8] *Blangeres v. U.S. Seamless, Inc.*, 725 F. App'x 511, 514; *Hoefs v. Sig Sauer Inc.*, 2020 WL 3488155, at *2 (W.D. Wash. June 26, 2020). The economic loss doctrine also bars fraud claims in California, Maine, North Carolina, and Pennsylvania,[9] where plaintiffs seek only to recover economic loss based on the purchase of an allegedly defective product. *Compare Cho v. Hyundai Motor Co., Ltd.*, 2022 WL 16966537, at *5 (C.D. Cal. Oct. 21, 2022) *with Monopoli v. Mercedes-Benz USA, LLC*, 2022 WL 409484, at *15 (N.D. Ga. Feb. 10, 2022).[10]  And in order to establish

---

[7] This prejudice is compounded where, as here, plaintiffs bring claims in a representative capacity. Plaintiffs' claims fail regardless of applicable law, but the differences in state law may be outcome-determinative for putative class members.

[8] *See* Ex. C, State Law Comparison Chart at 1.

[9] *See* Ex. C, State Law Comparison Chart at 2.

[10] *Bussian v. DaimlerChrysler Corp.,* 411 F. Supp. 2d 614, 625 (M.D.N.C. 2006); *Coker v. DaimlerChrysler Corp.*, 2004 WL 32676, at *3 (N.C. Super. Ct. Jan. 5, 2004), *aff'd,* 172 N.C. App. 386 (N.C. Ct. App. 2005), *aff'd,* 360 N.C. 398 (N.C. 2006); *Rosenfield v. Frank*, 2019 WL 2355588, at *5–6 (M.D. Pa. June 4, 2019); *Am. Aerial Servs., Inc. v. Terex USA, LLC*, 39 F. Supp. 3d 95, 111 (D. Me. 2014).

a claim for negligent misrepresentation in California and Pennsylvania, [11] a plaintiff must show that the defendant *intended* to induce another's reliance. *Compare Novalk, LLC v. Kinsale Ins. Co.*, 2022 WL 17574076, at *3 (S.D. Cal. Dec. 9, 2022) and *Bortz v. Noon*, 556 Pa. 489, 500, 729 A.2d 555, 561 (1999) *with Brown v. Sullivan*, 2017 WL 3446027, at *6 (S.D. Ga. Aug. 10, 2017). To establish a claim for unjust enrichment in Maine, North Carolina, Oregon, Pennsylvania, and Washington, [12] a plaintiff must show that the defendant had appreciation or knowledge of benefit. Compare *Levesque v. Iberdrola, S.A.,* 2021 WL 3476092, at *11 (D. Me. Aug. 6, 2021) with *Archer v. Holmes*, 2018 WL 534475, at *3 (N.D. Ga. Jan. 23, 2018), *reconsideration denied*, 2018 WL 3454899 (N.D. Ga. Apr. 9, 2018).[13] Additionally, although Georgia courts have not spoken expressly on the

---

[11] *See* Ex. C, State Law Comparison Chart at 4.

[12] *See* Ex. C, State Law Comparison Chart at 5-6.

[13] *Barden v. Murphy-Brown, LLC*, 2021 WL 965915, at *7 (E.D. N.C. Mar. 15, 2021); *Smith v. Ethicon Inc.*, 2021 WL 3578681, at *8 (D. Or. May 13, 2021); *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 444 (S.D.N.Y.), *modified on reconsideration by*, 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017); *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008).

issue, California, Nebraska, North Carolina, and Ohio[14] do not recognize claims based on an alleged omission. *Compare Bristol SL Holdings, Inc. v. Cigna Health Life Ins. Co.*, 2019 WL 6329645, at \*4 (C.D. Cal. Sept. 24, 2019) *with Intellicig USA, LLC v. CN Creative Ltd.*, 2017 WL 11634374, at \*7, n. 6 (N.D. Ga. Mar. 6, 2017). And Maine Pennsylvania and Washington[15] only recognize a negligent misrepresentation claim based on an alleged omission when the failure to disclose constitutes breach of a statutory duty. *Sanford v. Nat'l Ass'n for Self-Employed, Inc.*, 2009 WL 1460768, at \*10-11 (D. Me. May 26, 2009); *Fulton Bank, N.A. v. UBS Sec., LLC*, 2011 WL 5386376, at \*14 (E.D. Pa. Nov. 7, 2011); *Seattlehaunts, LLC v. Thomas Fam. Farm, LLC*, 2020 WL 5500373, at \*8 (W.D. Wash. Sept. 11, 2020).

Additionally, prejudice to Siemens notwithstanding, Georgia law cannot be applied consistent with due process. Each of the plaintiffs in this case allegedly resides in other states, where he/she/it purchased Siemens' AFCIs, and experienced "nuisance tripping"; the only alleged connection to Georgia is Siemens' headquarters in Georgia. Consol. Compl. ¶¶ 12, 29, 236. This Court may apply Georgia law to claims involving these out-of-state purchases only if each plaintiff

---

[14] *See* Ex. C, State Law Comparison Chart at 1.

[15] *See* Ex. C, State Law Comparison Chart at 3.

and putative class members' *particular transaction* has some "significant relation" to the state. *Shutts*, 472 U.S. at 821-22; *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 725, n.6 (11th Cir. 1987). The location of Siemens' headquarters "is not enough to satisfy due process under the circumstances." *Peterson v. Aaron's, Inc.*, 2017 WL 364094, at *6 (N.D. Ga. Jan. 25, 2017) (Georgia law did not apply where "none of the contacts identified by the [p]laintiffs establish significant connections between *their* claims and Georgia" despite defendant's Georgia headquarters); *Krise v. SEI/Aaron's, Inc.*, 2017 WL 3608189, at *8 (N.D. Ga. Aug. 22, 2017) (applying Connecticut law where the only Georgia connection was defendant's place of incorporation and place of business).

## II. Plaintiffs' Warranty, Negligence, Fraud, and Unjust Enrichment Claims (Counts II-V and VII) Fail as a Matter of Law.

### A. The Express Warranty Claims Fail Because Siemens' Warranty Does Not Cover Alleged Design Defects and Because Plaintiffs Do Not Allege They Sought and Were Denied Repairs.

#### 1. Plaintiffs Do Not Allege a Defect in Materials or Workmanship.

Siemens' Standard Limited Warranty covers only defects in materials or workmanship—not design defects. *See* ECF 43-2 (covering only "non-conformities in workmanship and materials"); *Clark v. LG Elecs. U.S.A., Inc.*, 2013 WL 5816410, at *7 (S.D. Cal. Oct. 29, 2013) (an express warranty covering materials and workmanship "does not include design defects"). Here, plaintiffs allege that

nuisance tripping issues "stem from" Siemens' AFCI *breaker design* and affect the *entire product line*. Consol. Compl. ¶ 113; *see also id.* ¶¶ 4, 41, 45, 54, 93. Because Siemens' Warranty does not cover alleged design defects, plaintiffs' express warranty claims all fail as a matter of law. *Gertz v. Toyota Motor Corp.*, 2011 WL 3681647, at *3 (C.D. Cal. Aug. 22, 2011).[16]

### 2. Plaintiffs Do Not Allege They Sought and Were Denied Repairs.

Plaintiffs' express warranty claims also cannot proceed because they have not alleged that they sought and were denied repairs by Siemens during the warranty period. *Williams v. Tesla, Inc.*, 2021 WL 2531177, at *6 (N.D. Cal. June 21, 2021).[17]

---

[16] *Bruce Martin Constr. v. CTB, Inc.*, 735 F.3d 750, 753 (8th Cir. 2013); *Nauman v. Gen. Motors LLC*, 2021 WL 4502666, at *2–3 (W.D. Wash. Oct. 1, 2021); *Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 291–92 (N.D. Ohio 2020); *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1140–41 (D. Or. 2020); *Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*, 508 F. App'x 180, 184 (3d Cir. 2012); *Cent. Maine Power Co. v. Foster Wheeler Corp.*, 116 F.R.D. 339, 342, n. 1 (D. Me. 1987); *Animal Hosp. of Nashua, Inc. v. Antech Diagnostics*, 2014 WL 1976624, at *11–12 (D.N.H. May 15, 2014); *Hansen v. Freedom Mobility, Inc.*, 2010 WL 3812017, at *5 (W.D.N.C. Sept. 27, 2010). Warranties covering "materials and workmanship" do not cover design defects under Georgia law. *Lloyd's Syndicate No. 5820 v. AGCO Corp.*, 756 S.E.2d 520, 523–24 (Ga. 2014).

[17] *Beaty v. Ford Motor Co.*, 2018 WL 3320854, at *4 (W.D. Wash. Jan. 16, 2018); *Arndt v. Extreme Motorcycles*, 2007 WL 4570861, at *5 (W.D.N.C. Dec. 26, 2007); *Sinnerard v. Ford Motor Co.*, 1996 WL 363932, at *4 (E.D. Pa. June 20, 1996); *Mueller v. Keeley*, 165 Neb. 243, 258–59 (1957); *Risner v. Regal Marine Indus.*,

Siemens Warranty is expressly limited to 1 year from initial operation (and not more than 18 months from shipment) of the products at issue. *See* Siemens Standard Limited Warranty, ECF 43-2. No plaintiffs allege that they contacted Siemens or requested repair or replacement during the warranty period, and their express warranty claims fail as a result. *See, e.g.*, *Williams*, 2021 WL 2531177, at *6.

### B. Plaintiffs' Implied Warranty Claims Fail Because Plaintiffs Do Not Sufficiently Allege Merchantability and Siemens Disclaimed any UCC Implied Warranty, and Because Certain Claims are Further Barred by Lack of Privity or the Statute of Limitations.

#### 1. Plaintiffs Do Not Sufficiently Allege Unmerchantability.

The implied warranty of merchantability is not a promise that goods will meet a buyer's every expectation; merely that they are fit for their ordinary purpose. *Koken v. Black & Veatch Constr., Inc.,* 426 F.3d 39, 51 (1st Cir. 2005).[18] Here,

---

*Inc.*, 8 F. Supp. 3d 959, 988 (S.D. Ohio 2014); *Allan v. Guar. RV Ctrs.*, 2006 WL 1050548, at *4 (D. Or. Apr. 15, 2006); *Langner v. Bos. Sci. Corp.*, 492 F. Supp. 3d 925, 934–36 (D. Neb. 2020); *BAE Sys. Info. & Elecs. Sys. Integration, Inc. v. SpaceKey Components, Inc.*, 752 F.3d 72, 78–79 (1st Cir. 2014) (New Hampshire law); *Lincoln Pulp & Paper Co. v. Dravo Corp.*, 445 F. Supp. 507, 515–16 (D. Me. 1977). There is also no breach of warranty under Georgia law if defendant was never offered an opportunity to repair the product at issue. *McDonald v. Mazda Motors of Am., Inc.*, 603 S.E.2d 456, 460-61 (Ga. Ct. App. 2004).

[18] *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d at 623; *Maneri v. Starbucks Corp. Store #1527*, 2019 WL 5626650, at *9 (E.D. Pa. Oct. 31, 2019); *Elec. Mirror, LLC v. Avalon Glass & Mirror Co.*, 2018 WL 4488604, at *5 (W.D. Wash. Sept. 19,

plaintiffs do not plausibly allege that Siemens' AFCIs were not of the quality generally accepted in the trade, that they fail to trip in the presence of potentially dangerous electrical arcs, or that they do not meet the UL 1699 standard. And they vaguely allege, without substantiation or attribution to any of the plaintiffs, that Siemens' AFCIs "fail to adequately distinguish between harmful and unharmful electrical arcs." *Id*. ¶ 5. This is not enough. *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958-59 (9th Cir. 2009) (affirming dismissal of implied warranty of merchantability claim where product worked as intended).[19]

Conclusory allegations and speculation do not satisfy plaintiffs' obligation to plead *facts*. *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009); *Bull Int'l, Inc. v. MTD Consumer Grp.*, 654 F. App'x 80, 97–98 (3d Cir. 2016). Plaintiffs say nothing about when and where they allegedly bought Siemens' AFCIs, the quantity purchased, how many tripped, how many times this occurred, or how plaintiffs

---

2018); *Sherman v. Sunsong Am., Inc.*, 485 F. Supp. 2d 1070, 1086–87 (D. Neb. 2007); *Felger v. I-Deal Auto Sales, Inc.*, 1997 WL 691450, at *1 (Ohio Ct. App. Oct. 31, 1997); *Andrade v. Pangborn Corp.*, 2004 WL 2480708, at *23 (N.D. Cal. Oct. 22, 2004); *Roy v. Quality Pro Auto, LLC*, 132 A.3d 418, 421 (N.H. 2016).

[19] Products that work as intended for some time and are not rendered inoperable are also merchantable as a matter of Georgia law. *Hines v. Mercedes-Benz USA, LLC*, 358 F. Supp. 2d 1222, 1232–33 (N.D. Ga. 2005).

determined the AFCIs were not "supposed" to do so. Consol. Compl. ¶¶ 97–191. Without this information, plaintiffs' allegations "fall short of showing [Siemens' AFCIs] are unusable or fail to serve their ordinary purpose[,]" and their implied warranty claims should be dismissed. *Kent v. Hewlett-Packard Co.*, 2010 WL 2681767, at *4 (N.D. Cal. July 6, 2010).[20]

### 2. Certain Implied Warranty Claims Are Barred by Lack of Privity.

California, North Carolina, Ohio, Oregon, and Washington,[21] require privity of contract to recover economic damages for breach of the U.C.C. implied warranty of merchantability. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023–24 (9th Cir. 2008).[22] Because Performance Electric, NSSS, Electricalifornia, Vodicka,

---

[20] *Szep*, 491 F. Supp. 3d at 292-93; *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d at 623.

[21] Privity of contract is also required under Georgia law. *Morgan v. Dick's Sporting Goods, Inc.*, 359 F. Supp. 3d 1283, 1292 (N.D. Ga. 2019).

[22] *Gregory v. Atrium Door & Window Co.*, 106 N.C. App. 142, 144 (N.C. Ct. App. 1992); *Curl v. Volkswagen of Am., Inc.*, 871 N.E.2d 1141, 1147 (Ohio 2007); *Short v. Hyundai Motor Co.*, 444 F. Supp. 3d 1267, 1286 (W.D. Wash. 2020); *Babb v. Regal Marine Indus., Inc.,* 2015 WL 786857, at *2 (Wash. Ct. App. Feb. 24, 2015); *Nguyen v. Cree, Inc.*, 2019 WL 7879879, at *7 (D. Or. Nov. 6, 2019), *report and recommendation adopted in*, 2019 WL 6917887 (D. Or. Dec. 17, 2019).

Cates, Gordon and Oakley do not allege they purchased AFCIs directly from Siemens, *see* Consol. Compl. ¶¶ 109, 134, 143, 151, 154, 158–59, 168, 187, their claims fail as a matter of law. *Clemens*, 534 F.3d at 1023–24; *Short*, 444 F. Supp. 3d at 1286; *Traxler v. PPG Indus., Inc.*, 158 F. Supp. 3d 607, 622 (N.D. Ohio 2016).

### 3. Siemens Disclaimed the UCC Warranty of Merchantability.

Applicable state laws permit manufacturers to disclaim U.C.C. implied warranties, so long as the disclaimer is in writing, is conspicuous, and mentions merchantability. *See* Cal. Com. Code § 2316(2).[23] Siemens' Warranty states:

> SIEMENS INDUSTRY, INC. HEREBY DISCLAIMS ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, EXCEPT THAT OF TITLE. SPECIFICALLY, IT DISCLAIMS THE IMPLIED WARRANT[Y] OF MERCHANTABILITY . . . .

As Siemens' Warranty effectively disclaimed any implied warranty of merchantability, plaintiffs' U.C.C. implied warranty claims fail. *Turner v. Sony Interactive Ent. LLC*, 2021 WL 5177733, at *3 (N.D. Cal. Nov. 8, 2021) (effectively disclaimed implied warranty with clear language and capital letters); *All Star*

---

[23] Me. Rev. Stat. tit. 11, § 2-316; Neb. Rev. Stat. Ann. § UCC § 2-316; N.H. Rev. Stat. Ann. § 382-A:2-316; N.C. Gen. Stat. Ann. § 25-2-316; Ohio Rev. Code Ann. § 1302.29; Or. Rev. Stat. Ann. § 72.3160; 13 Pa. Cons. Stat. § 2316(b); Wash. Rev. Code Ann. 62A.2-316(2).

*Trucking LLC v. Ryder Vehicle Sales, LLC*, 2017 WL 3142421, at *3 (Wash. Ct. App. July 24, 2017) (effectively disclaimed implied warranty with bold, capital letters and specific reference to the implied warranty of merchantability).[24]

### 4. Certain Implied Warranty Claims Are Time-Barred.

The limitations period for plaintiffs' implied warranty claims is four years, which runs from the date of sale. *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1361 (N.D. Ga. 2013).[25] Vodicka alleges a builder installed Siemens' AFCIs in his home in 2014, and Performance Electric alleges it bought Siemens' AFCIs as far back as 2009. *See* Consol. Compl. ¶¶ 109, 151–52. Because he did not file suit until March 29, 2022, Vodicka's implied warranty claim is untimely, as is the implied warranty claim of Performance Electric to the extent it concerns AFCIs bought before March 29, 2018. *Hughes v. BMW of N. Am., LLC*, 2014 WL 4826156, at *4

---

[24] *Woolums v. Nat'l RV & Custom Chassis*, 530 F. Supp. 2d 691, 702 (M.D. Pa. 2008), *as amended* (2008); *Xerox Corp. v. Hawkes*, 475 A.2d 7, 9 (N.H. 1984); *Koperski v. Husker*, 302 N.W.2d 655, 662-63 (Neb. 1981); *DG Equip. Co., v. Caterpillar, Inc.*, 2008 WL 4758672, at *4 (S.D. Ohio 2008); *Lincoln Pulp & Paper Co.*, 445 F. Supp. at 516; *Blackman v. Bos. Whaler, Inc.*, 2023 WL 115564, at *3-4 (E.D.N.C. Jan. 5, 2023); *Helicopter Transp. Servs., LLC v. Sikorsky Aircraft Corp.*, 448 F. Supp. 3d 1127, 1142 (D. Or. 2020); *Blackman v. Boston Whaler, Inc.*, 2023 WL 115564, at *4 (E.D.N.C. Jan. 5, 2023).

[25] Under Georgia choice-of-law rules, the law of the forum governs procedural and remedial matters, and statutes of limitations are considered procedural matters. *Id.*

(D.S.C. Sept. 24, 2014) (North Carolina law); *March v. Ethicon, Inc.*, 2021 WL 719261, at *5 (W.D. Wash. Feb. 24, 2021). Plaintiffs also fail to provide any information about the timing of alleged purchases by Electricalifornia and NSSS, or KB Electric, Artistic Electric, and Bolt Electric; their claims are similarly time-barred for AFCIs bought prior to April 19, 2017 and March 29, 2018, respectively. *See, e.g.*, *Webb v. Volvo Cars of N.A., LLC*, 2018 WL 1470470, at *8 (E.D. Pa. Mar. 26, 2018).

### C. Fraudulent Concealment and Negligent Misrepresentation Claims Fail Because the Pleadings Do Not Meet Rule 9(b) and Plaintiffs Do Not Allege Pre-Sale Knowledge or Duty to Disclose, and Because Certain Claims Are Not Recognized or They Are Precluded By The Economic Loss Doctrine or Other State Statutes.

#### 1. The Consolidated Complaint Does Not Satisfy Rule 9(b).

Plaintiffs' conclusory allegations do not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires the who, what, when, where, and how of any alleged misrepresentation or omission. Fed. R. Civ. P. 9(b); *McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d 1044, 1058–59 (C.D. Cal. 2014).[26] And they must specifically plead reliance on the misrepresentations or

---

[26]*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092,1106 (C.D. Cal. 2015); *Bush Truck Leasing, Inc. v. Cummins, Inc.*, 2020 WL 3871322, at *2-3 (S.D. Ohio July 9, 2020); *Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800,

omissions at issue. *McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d at 1058–59. For concealment claims, plaintiffs must also identify "'specific substantiating facts'" describing "affirmative acts of concealment." *Taragan v. Nissan N. Am., Inc.*, 2013 WL 3157918, at *6–7 (N.D. Cal. June 20, 2013).

Here, plaintiffs do not provide any details about the who, what, when, where, or how of any alleged misrepresentations, omissions, or other deceptive acts. They do not say whether, where, and how they encountered any specific Siemens communication, or how they were misled. *See* Consol. Compl. ¶¶ 97–191. And plaintiffs have alleged no facts to establish that they *relied* on any alleged Siemens statement or that support a causal connection between any statement and any claimed injury. Order, ECF No. 48 at 22–23, 25, 28, 30, 42, 45; *Baughn v. Johnson & Johnson,* 2015 WL 4759151, at *3 (W.D. Wash. Aug. 12, 2015) (no fraud claim where plaintiff "fails to specifically identify the content of the misrepresentations,

––––––––––––––––––––

805 (8th Cir. 2013); *Joern v. Ocwen Loan Servicing, LLC,* 2010 WL 3516907, at *6 (E.D. Wash. Sept. 2, 2010); *Sinclair v. Acadia Ins. Co.*, 2004 WL 960022, at *3–5 (Me. Super. Mar. 11, 2004); *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 195 (M.D.N.C. 1997); *Gross v. Coloplast Corp.,* 434 F. Supp. 3d 245, 252-53 (E.D. Pa. 2020); *N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale,* 567 F.3d 8, 15 (1st Cir. 2009). Fraud and negligent misrepresentations claims must also meet Rule 9(b)'s heightened pleading requirement under Georgia law. *VC Macon, GA LLC v. Virginia Coll. LLC,* 2021 WL 723979, at *2 (M.D. Ga. Feb. 24, 2021).

when and where the misrepresentations were made, when and where the misrepresentations were relied upon, and to whom the misrepresentations were made."); *Value Health Sols. Inc. v. Pharm. Rsch. Assocs., Inc.*, 2020 WL 2616400, at *10 (N.C. Super. May 22, 2020) (no negligent misrepresentation claim where plaintiffs did not allege the time, place, speaker, or specific contents of any alleged misstatement that they saw and relied on).[27]

Plaintiffs must specifically set forth the factual basis for their fraudulent concealment and negligent misrepresentation claims; they do not. *Smith*, 488 F. App'x at 428–29.

### 2.  The Economic Loss Doctrine Bars Certain of Plaintiffs' Claims.

The economic loss doctrine bars all plaintiffs' negligent misrepresentation claims given the law in California, Maine, Nebraska, New Hampshire, North

---

[27] *See also Smith v. Gen. Motors LLC*, 988 F.3d 873, 884-85 (6th Cir. 2021); *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 483 F. Supp. 3d 838, 846-47 (C.D. Cal. 2020); *Nielsen v. Thermo Mfg. Sys., LLC*, 2018 WL 1383182, at *6-7 (D. Neb. Mar. 19, 2018); *N. Seattle Health Ctr. Corp. v. Allstate Fire & Cas. Ins. Co.*, 2016 WL 4533055, at *3 (W.D. Wash. Jan. 27, 2016); *Kearney v. Equilon Enters., LLC*, 65 F. Supp. 3d 1033, 1045 (D. Or. 2014); *Kee v. Zimmer, Inc.,* 871 F. Supp. 2d 405, 412-13 (E.D. Pa. 2012); *Breeden*, 171 F.R.D. at 198; *In re Tyco Int'l, Ltd.*, 2007 WL 1687775, at *9 (D.N.H. June 11, 2007); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 138 F. Supp. 2d 25, 29 (D. Me. 2001).

Carolina, Ohio, Oregon, Pennsylvania, and Washington, and certain plaintiffs' fraud claims based on precedent in California, Maine, North Carolina, and Pennsylvania,[28] where plaintiffs seek only to recover economic loss based on the purchase of an allegedly defective product. *Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *11 (C.D. Cal. Apr. 13, 2017); *Cho*, 2022 WL 16966537, at *5.[29] Here, plaintiffs do not allege any personal injury or property damage; they seek only to recover economic loss, Consol. Compl. ¶¶ 104–05, 114–15, 123–24, 131–32, 139–40, 148, 155, 160, 165, 170, 177, 185, 191, and their claims should be dismissed. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (Cal. 2004).[30]

------

[28] *See* Ex. C, State Law Comparison Chart at 2.

[29] *Bussian v. DaimlerChrysler Corp*, 411 F. Supp. 2d at 625; *Coker*, 2004 WL 32676, at *3; *Rosenfield v. Frank*, 2019 WL 2355588, at *5-6; *Am. Aerial Servs., Inc. v. Terex USA, LLC*, 39 F. Supp. 3d at 111; *Schaefer v. Indymac Mortg. Servs.*, 731 F.3d 98, 109 (1st Cir. 2013) (NH); *Trustcorp. Mortg. Co. v. Zajac*, 2006 WL 3690299, at *6 (Ohio Ct. App. Dec. 15, 2006); *Picker Int'l, Inc. v. Mayo Found.*, 6 F. Supp. 2d 685, 688-89 (N.D. Ohio 1998); *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 620 (3d Cir. 1995); *Alejandre v. Bull*, 159 Wash. 2d 674, 688-89 (Wash. 2007); *Diep v. Durst-Pro-USA, Inc.*, 2006 WL 1788175, at *7 (D. Or. June 23, 2006); *Kuecker Logistics Grp., Inc. v. Greater Omaha Packing Co., Inc.,* 2023 WL 3198418, at *22 (D. Neb. Apr. 14, 2023).

[30] *Bussian*, 411 F. Supp. 2d at 625; *Rosenfield*, 2019 WL 2355588, at *5-6; *Am. Aerial*, 39 F. Supp. 3d at 111; *Resnick*, 2017 WL 1531192, at *11; *Duquesne*, 66 F.3d at 620.

### 3. Plaintiffs Do Not Allege Pre-Sale Knowledge or a Duty to Disclose as Required for Fraudulent Concealment.

To state a fraudulent concealment claim, plaintiffs must sufficiently allege that Siemens was aware of an alleged defect at the time plaintiffs bought their AFCIs, *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145–47 (9th Cir. 2012),[31] and that it failed to disclose this information to plaintiffs even though it had a duty to do so. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126–27 (9th Cir. 2009). Plaintiffs do not plead either of these essential elements.

Plaintiffs allege generally that Siemens was "on notice" of a supposed defect from public complaints, *see* Consol. Compl. ¶ 82, but they do not identify any "concealed" facts; the source of any knowledge; who at Siemens was purportedly aware of concealed facts or when they learned of them. *Kee*, 871 F. Supp. 2d at 412–

---

[31] *In re Harris Pine* Mills, 44 F.3d 1431, 1438-39 (9th Cir. 1995); *Alejandre v. Bull*, 159 Wash. 2d at 689; *Kee,* 871 F. Supp. 2d at 412-13; *Metro. Grp., Inc. v. Meridian Indus., Inc.*, 869 F. Supp. 2d 692, 703-04 (W.D.N.C. 2012), *aff'd*, 505 F. App'x 243 (4th Cir. 2013); *Cummings v. HPG Int'l, Inc.*, 244 F.3d 16, 22-23 (1st Cir. 2001); *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 920 (8th Cir. 2008); *Szep*, 491 F. Supp. 3d at 294-95; *Bacon v. Liberty Mut. Ins. Co.*, 688 F.3d 362, 367 (8th Cir. 2012) (Nebraska law); *Boyd v. Rockwood Area Sch. Dist.*, 907 A.2d 1157, 1170 (Pa. Commw. Ct. 2006). Actual knowledge is also required under Georgia law. *McCabe v. Daimler AG*, 948 F. Supp. 2d at 1368.

13.[32] Their conclusory allegations of Siemens' "knowledge" of defects are just as flawed and unsuccessful. First, plaintiffs allege that Siemens knew or should have known its AFCIs were defective based on a total of seven (7) complaints posted on third-party websites. *See* Consol. Compl. ¶ 75–83, 93, 215. Allegations of consumer complaints are insufficient to show pre-sale knowledge. *Wozniak v. Ford Motor Co.*, 2019 WL 108845, at *3 (E.D. Mich. Jan. 4, 2019); *Wilson*, 668 F.3d at 1147 ("[C]ustomer complaints in and of themselves [do not] adequately support an inference that a manufacturer was aware of a defect[.]"). Even large numbers of complaints posted on a manufacturer's own website "merely establish the fact that some consumers [are] complaining." *Berenblat v. Apple, Inc.*, 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010). And to the extent complaints were posted after plaintiffs' alleged purchases or do not concern the same AFCI models, they cannot show knowledge of an alleged defect at the time of sale. *Grodzitsky v. Am. Honda Motor Co.*, 2013 WL 690822, at *6–7 (C.D. Cal. Feb. 19, 2013).[33]

---

[32] *Picher v. Roman Cath. Bishop*, 82 A.3d 101, 103 (Me. 2013); *Red Roof Franchising, LLC v. Riverside Macon Grp.*, 2020 WL 2494462, at *7 (S.D. Ohio May 14, 2020); *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 564-65 (N.D. Cal. 2019).
[33] *See also In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d at 412; *Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 753-54 (E.D. Mich. 2017); *Stevenson v. Mazda Motor of Am., Inc.*, 2015 WL 3487756, at *7 (D.N.J. June 2, 2015); *Durso v. Samsung Elecs. Am., Inc.*, 2013 WL 5947005, at *10 (D.N.J. Nov. 6, 2013).

Second, plaintiffs make conclusory allegations that Siemens knew of a purported defect through "testing," but plead no facts in support of their conclusion. *See* Consol. Compl. ¶ 215. Courts refuse to infer knowledge based on general allegations of testing and analysis. *See, e.g.*, *Mandani v. Volkswagen Grp. of Am., Inc.*, 2019 WL 652867, at *7–8 (N.D. Cal. Feb. 15, 2019) ("allegations of pre-purchase knowledge based on 'pre-sale design and testing' are insufficient")*; Stewart v. Electrolux Home Prods., Inc.*, 2018 WL 1784273, at *9 (E.D. Cal. Apr. 13, 2018) (rejecting "presumption of knowledge" based on "general allegations about [defendant's] internal testing or quality controls").

Third, plaintiffs allege that because the National Electric Manufacturers Association generally "identified nuisance tripping as a potential problem for AFCI breakers," this somehow put Siemens on notice of an alleged defect in *its* AFCIs. *See* Consol. Compl. ¶ 215. Vague, sweeping statements about industry research and general knowledge are insufficient to allege a defendant knew about any specific defect. *Ahern v. Apple Inc.*, 411 F. Supp. 3d at 565–66 (rejecting assertion that defendant knew of a defect because issue was "well-known" in the industry); *Sosenko v. LG Elecs. U.S.A., Inc.*, 2019 WL 6118355, at *5 (C.D. Cal. Aug. 29, 2019) ("news reports" of product failure did not "support an inference" of knowledge). They are particularly insufficient here where the industry standard

recognizes "nuisance tripping," *i.e.*, unintended trips, in *proper* AFCI operation.

Plaintiffs also do not allege that Siemens failed to provide information that it had a duty to disclose. *Kearns*, 567 F.3d at 1126–27.[34] They allege generically that Siemens had a duty because it "knew or should have known" of a defect and it "knew of the harm created by defective breakers that suffered repeated nuisance tripping." Consol. Compl. ¶¶ 93, 216. These conclusory allegations are insufficient to establish a duty to disclose under applicable law. *Bite Tech Inc. v. X2 Impact, Inc.*, 2012 WL 13018749, at *2 (W.D. Wash. Dec. 21, 2012).[35]

That Bolt Electric, NSSS, Performance Electric and Gordon do not allege they purchased AFCIs directly from Siemens or that they otherwise share a special

---

[34] *Breeden*, 171 F.R.D. at 198; *V-Tech Servs., Inc. v. Street*, 72 A.3d 270, 275-76 (Pa. Super. Ct. 2013); *Wetzel v. CertainTeed Corp.*, 2019 WL 3976204, at *4 (W.D. Wash. Mar. 25, 2019); *Picher*, 82 A.3d at 103; *Bellinger v. Hewlett Packard Co.*, 2002 WL 533403, at *5 (Ohio Ct. App. Apr. 10, 2002); *City of S. Sioux City, Nebraska v. Charter Oak Fire Ins. Co.*, 385 F. Supp. 3d 854, 860–63 (D. Neb. 2019); *Batchelder v. N. Fire Lites, Inc.*, 630 F. Supp. 1115, 1118 (D. N.H. 1986). Knowledge and a duty to disclose are also required under Georgia law. *ReMax N. Atlanta v. Clark*, 537 S.E.2d 138, 142-43 (Ga. Ct. App. 2000); *VC Macon, GA LLC v. Virginia Coll. LLC*, 2021 WL 723979, at *6-7 (M.D. Ga. Feb. 24, 2021).

[35] *Breeden*, 171 F.R.D. at 198; *V-Tech*, 72 A.3d at 275-76; *City of S. Sioux City, Nebraska*, 385 F. Supp. 3d at 860–63; *Perkins v. Land Rover of Akron*, 2003 WL 22939452, at *5 (Ohio Ct. App. Dec. 5, 2003); *Taragan*, 2013 WL 3157918, at *7; *Gonzalez v. Real Time Resols., Inc.*, 2019 WL 7596280, at *5 (D. N.H. Oct. 29, 2019); *Pearson v. Provident Life & Acc. Ins. Co.*, 834 F. Supp. 2d 1199, 1206 (D. Or. 2004).

relationship further precludes any finding of a duty to disclose. *Brae Asset Fund, L.P. v. Adam*, 661 A.2d 1137, 1140 (Me. 1995) ("absent a fiduciary or confidential relationship, there is no duty to disclose information"); *Bellinger*, 2002 WL 533403, at *5 (no "special or fiduciary relationship" giving rise to a duty to disclose between consumer and remote manufacturer); *Wetzel*, 2019 WL 3976204, at *4 (absent a special relationship between the parties, a failure to disclose the existence of an alleged defect is insufficient to establish a claim for fraudulent concealment). Because KB Electric, Artistic Electric, and Butakis do not allege the defect has caused, or is likely to cause, serious bodily harm, there is also no duty to disclose in Pennsylvania, which limits duties for remote manufacturers to "known serious and life threatening latent defects . . ., *i.e.*, those . . . likely to cause significant bodily harm." *Zwiercan v. Gen. Motors Corp.*, 2003 WL 1848571, at *2 (Pa. C.P. Phila. Mar. 18, 2003); *Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772, 795–96 (E.D. Mich. 2019) (dismissing Pennsylvania fraud claim). And because Electricalifornia and Cates do not allege any actionable misrepresentation by Siemens, a safety issue, or personal injury, they cannot establish a duty to disclose under California law, where a manufacturer's duty to consumers is limited "to its warranty obligations absent either an affirmative misrepresentation or a safety issue." *Wilson*, 668 F.3d at 1141 (citing *Ostriecher v. Alienware Corp.*, 322 F. App'x 489, 493 (9th 2009)).

### 4.  Certain States Do Not Recognize Omission-Based Negligence Claims.

Although plaintiffs style their claim as one for "negligent misrepresentation" it is premised on an alleged omission. *See* Consol. Compl. ¶ 234 ("Plaintiffs . . seek all remedies available to them for Siemens' negligent omission."). Such a claim is not recognized in California, Nebraska, North Carolina, or Ohio.[36] *Bristol SL Holdings, Inc. v. Cigna Health Life Ins. Co.*, 2019 WL 6329645, at *4 (C.D. Cal. Sept. 24, 2019); *Andersons, Inc. v. Consol., Inc.*, 348 F.3d 496, 506 (6th Cir. 2003); *Outlook Windows P'ship v. York Int'l Corp.*, 112 F. Supp. 2d 877, 896 (D. Neb. 2000); *Breeden*, 171 F.R.D. at 202.  And in Maine, Pennsylvania, and Washington,[37] omissions can only give rise to negligent misrepresentation claims when the failure to disclose constitutes the breach of a statutory duty—which plaintiffs do not allege here. *Seattlehaunts*, 2020 WL 5500373, at *8; *Fulton Bank*, 2011 WL 5386376, at *14; *Sanford*, 2009 WL 1460768, at *10-11. The negligent misrepresentation claims of NSSS, Electricalifornia, Artistic Electric, Bolt Electric, Butakis, Cates, Gordon,

---

[36] *See* Ex. C, State Law Comparison Chart at 1. Courts in this district have also suggested that "a negligent misrepresentation claim requires an affirmative representation." *Intellicig USA, LLC v. CN Creative Ltd.*, 2017 WL 11634374, at *7, n. 6 (N.D. Ga. Mar. 6, 2017).

[37] *See* Ex. C, State Law Comparison Chart at 3.

Kevin Brnich Electric, Keyser, Performance Electric, and Vodicka fail for this additional reason.

### 5. WPLA Preempts Washington Negligent Misrepresentation Claims.

"The [Washington Product Liability Act] is the exclusive remedy for product liability claims." *Macias v. Saberhagen Holdings, Inc.,* 175 Wash. 2d 402, 409 (2012) (*quoting Potter v. Wash. State Patrol,* 165 Wash. 2d 67, 87 (2008)). It supplants negligent misrepresentation claims that are based on alleged product-based harm. *Blangeres*, 725 F. App'x at 514. Gordon and Performance Electric's claims are thus preempted by the WPLA. *Id.; Macias*, 175 Wash. 2d at 409; *March v. Ethicon, Inc.,* 2021 WL 719261, at *3 (W.D. Wash. Feb. 24, 2021).

### D. The Unjust Enrichment Claims Fail Because They Are Precluded By Express Warranties and Adequate Legal Remedies, and Because Some Claims Require A Direct Benefit or Are Subsumed By Other Statutes.

Plaintiffs' unjust enrichment claims are barred by express warranties. *Deras v. Volkswagen Grp. of Am., Inc.*, 2018 WL 2267448, at *3 (N.D. Cal. May 17, 2018).[38] And because the same alleged conduct underlies plaintiffs' warranty, negligence, fraud, and consumer protection claims, *see* Consol. Compl. ¶¶ 201–53,

---

[38] *Harney v. Associated Materials, LLC*, 2018 WL 468303, at *4-5 (D. Or. Jan. 18, 2018); *Rice v. Electrolux Home Prod., Inc.*, 2015 WL 4545520, at *7-8 (M.D. Pa. July 28, 2015).

266–365, their unjust enrichment claims are barred by adequate legal remedies as a matter of law. *Forrett v. Gourmet Nut, Inc.*, 2022 WL 6768217, at *5 (N.D. Cal. Oct. 11, 2022).[39]

NSSS's unjust enrichment claim fails for the additional reason that it did not engage in a transaction with Siemens, and therefore, did not confer a direct benefit as required under Ohio law. *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005). As the necessary showing is not possible here, where the case involves consumer plaintiffs and a remote manufacturer, this claim should be dismissed. *Id.*; *Miller v. Kent Nutrition Grp., Inc.*, 2016 WL 11246420, at *8–9 (N.D. Ohio Sept. 16, 2016) (dismissing unjust enrichment claims because plaintiffs were not direct purchasers and did not confer a benefit by paying money directly to the defendant).

Performance Electric's and Gordon's unjust enrichment claims similarly fail because they did not engage in a transaction with Siemens, and their claims are

---

[39] *Levesque,* 2021 WL 3476092, at *13; *Atl. & E. Carolina Ry. Co. v. Wheatly Oil Co.*, 163 N.C. App. 748, 753 (N.C. Ct. App. 2004); *Meehan v. Cheltenham Twp.*, 410 Pa. 446, 448-49 (1963); *Jet Parts Eng'g, Inc. v. Quest Aviation Supply, Inc.*, 2017 WL 1093205, at *8 (W.D. Wash. Mar. 23, 2017); *Sw. Trinity Constructors, Inc. v. St. Paul Fire & Marine Ins. Co.*, 243 Neb. 55, 58 (1993); *Carbone v. Nueva Constr. Grp., L.L.C.*, 83 N.E.3d 375, 381 (Ohio Ct. App. 2017); *E. Elec. Corp. v. FERD Constr. Inc.,* 2005 WL 3447957, at *2 (D.N.H. Dec. 15, 2005).

preempted by the WPLA, which provides the exclusive remedy for product-related harms. *Allyis, Inc., v. Schroder*, 197 Wash. App. 1082, at *2 (Wash. Ct. App. Feb. 27, 2017) (unjust enrichment claim failed for lack of direct benefit);[40] *Hoefs v. Sig Sauer Inc.*, 2020 WL 3488155, at *2 (W.D. Wash. June 26, 2020) (dismissing unjust enrichment and other claims as preempted by WPLA).

## CONCLUSION

For the foregoing reasons, plaintiffs' warranty, negligence, fraud and unjust enrichment (Counts II–V and VII) must be dismissed.

Respectfully submitted,

*/s/ Stacey Mohr*
Stacey Mohr (GA Bar No. 618207)
EVERSHEDS SUTHERLAND
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 853-800
Facsimile: (404) 853-8806
staceymohr@eversheds-sutherland.com

Toni Michelle Jackson (*Pro Hac Vice*)
Cheryl A. Falvey (*Pro Hac Vice*)
Rachel P. Raphael (*Pro Hac Vice*)
Ruben F. Reyna (*Pro Hac Vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.

---

[40] Georgia unjust enrichment claims are also precluded by adequate legal remedies and lack of a direct benefit. *Mungai v. Chase Bank USA, N.A.*, 2020 WL 10225827, at *4 (N.D. Ga. Aug. 4, 2020); *Archer*, 2018 WL 534475, at *5.

Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
tjackson@crowell.com
cfalvey@crowell.com
rraphael@crowell.com
rreyna@crowell.com

*Attorneys for Siemens Industry, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, in compliance with Local Rule 5.1(C), that the foregoing pleading has been prepared using 14-point Times New Roman font, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

*/s/ Stacey Mohr*
Stacey Mohr

*Attorney for Siemens Industry, Inc.*

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on June 20, 2023 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Stacey Mohr*
Stacey Mohr

*Attorney for Siemens Industry, Inc.*
