# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEVIN BRNICH ELECTRIC LLC, et al, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>SIEMENS INDUSTRY, INC.,<br><br>Defendant. | Case No. 1:22-cv-01229-MHC |

## STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Plaintiffs and Siemens Industry, Inc. ("Siemens") (collectively "the parties") have agreed to a protocol for the collection and production of documents, including electronically stored information ("ESI") as follows:

**A. General Principles**

1. This Protocol supplements other discovery rules and orders in an effort to streamline productions and promote a "just, speedy, and inexpensive determination" of this action as required by the Federal Rules of Civil Procedure 1.

2. Nothing in this Protocol shall be interpreted to require disclosure, or constitute a waiver, of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Except as expressly provided

herein, the parties do not waive any objections as to the production, discoverability, authenticity, admissibility, or confidentiality of any particular documents or ESI.

3. The production of certain documents or ESI may require adherence to special procedures under applicable laws. Nothing in this Protocol shall be interpreted to limit or excuse such adherence where it is required, and the Parties will use all reasonable efforts to produce documents and ESI in accordance both with this Protocol and with applicable laws.

4. This Protocol may be modified by agreement of the parties. If the parties cannot resolve their disagreements regarding these modifications, the parties shall seek a resolution pursuant to the Court's Standing Order regarding Civil Litigation § II.J(3).

5. This Protocol only applies to the parties in this matter.

**B. ESI Search.**

1. Absent a showing of good cause, no party need restore backup tapes or disks.

2. The parties agree to meet and confer regarding the data sources to be searched for relevant ESI, the custodians to be searched for relevant ESI, and the search terms or other search methodologies to be used to locate or identify potentially responsive ESI. Any disputes over data sources, custodians, search terms and/or other search methodologies shall, after conferral, be presented to the Court for resolution pursuant to the Court's Standing Order regarding Civil Litigation § II.J(3).

3. As discovery progresses, the parties reserve the right to request further data sources, custodians and/or search terms. Such requests must be made in good faith.

4. If a Producing Party elects to use technology assisted review ("TAR") or similar advanced analytics as a means of including or excluding Documents to be reviewed for responsiveness or for culling or otherwise limiting the volume of information to be reviewed for responsiveness, the Producing Party at the time of its disclosure of such methodology shall disclose to (1) the data sources against which TAR will be run; (2) the TAR or advanced analytics vendor and methodology being deployed; and (3) any Documents, Document types, file types or other categories that the Producing Party proposes to exclude from the TAR process and the method of identifying such Documents to be excluded. If the receiving party objects to the use of TAR (including predictive coding or any other form of machine learning or advanced analytics), then the parties will meet-and-confer. Any disputes shall be presented to the Court for resolution.

5. Nothing in the ESI protocol relieves a party of the obligation to (a) search non-custodial databases or (b) collect documents without using search terms, where appropriate.

**C. Deduplication**

1. A producing party may de-duplicate electronic documents and is not obligated to extract or produce entirely duplicate ESI.

2. Removal of duplicate documents shall only be done on exact duplicate documents based on MD5 hash values across custodians. However, family relationships

will be maintained and only exact email family groups will be de-duplicated. No email attachment will be de-duplicated against a loose file.

3.     Email Thread Suppression:  An email thread is a related set of email and their attachments comprising a single conversation or email chain. An email family is a parent email and its attachments. An email conversation starts with an original email (the beginning of the conversation) and branches out into a series of subsequent replies and forwards that stem from that original email. A Producing Party may use e-mail thread suppression to exclude duplicative email from production, provided however, that only email threads and email families that do not contain unique content will be suppressed from production.

4.     Responsive hard copy documents shall not be eliminated as duplicates of responsive ESI.

5.     Global de-duplication across the entire ESI collection may be employed. This eliminates duplicates to produce only one copy of each document. For example, if an identical document resides with three custodians, only one custodian's copy will be included in the production set.

**D. Format of Productions**

1.     *Timing*.  The parties agree to make rolling productions.

2.     *Bates Number*.  Each document image shall contain a bates number in the footer with a sequentially ascending production number.  If the bates number materially alters the document to make it unusable or unreadable to the receiving party, the receiving party reserves the right to ask the producing party to re-produce the document with the

production number in a readily identifiable portion of the document that does not materially alter the document.

    3.    *Native Files.*

        a. Spreadsheet files (e.g., Microsoft Excel) shall be produced in native format. If the producing party objects to the production of certain spreadsheets in native format, then the parties will meet-and-confer. Any disputes shall be presented to the Court for resolution.

        b. Audio and video files, shall be produced as native files.

        c. Presentation files (e.g., Microsoft Powerpoint) and digital photographs shall be produced in native format and/or in color with all hidden content (including speakers' notes) displayed. For the avoidance of doubt, presentation files and digital photographs will all be produced in color, and the receiving party does not need to make specific requests for presentations or digital photographs to be produced in color.

        d. Native files will be produced with a link in the NATIVEFILEPATH field, along with extracted text (where extracted text is available) and applicable metadata fields set forth in attachment A. A Bates numbered TIFF placeholder indicating that the document was provided in native format must accompany every native file.

        e. To the extent other types of documents are produced in this litigation, the parties will meet and confer regarding whether production of those documents in native format is feasible and appropriate.

4. *Requests for Higher Resolution or Color Documents.* The parties agree to make a good faith effort to comply with reasonable and specific requests for the production of higher resolution or color images. Nothing in this Protocol shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

5. *Electronic Production of Hard Copy Documents.* To the extent they exist and must be produced, the parties agree to the following:

    a. Documents existing in hard copy form should be produced in single-page Group IV, 300-dpi TIFF format and accompanied by an Opticon and IPRO load file (or other generally acceptable load file format). Each TIFF file will be given a unique file name that matches the Bates number label on the corresponding page. The accompanying load file shall contain (a) ProdBeg, (b) ProdEnd, (c) BegAttach, (d) EndAttach, and, (e) custodian name. The full extracted or OCR text should be included and produced at a document level and located in the same folder as their respective document image or OCR/TEXT folder.

    b. In scanning hard copy documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple

6

records (i.e., paper documents should be logically unitized). The parties will undertake best efforts to unitize documents correctly.

c.  Text of hard copy documents shall be extracted using industry-standard OCR technology. Text files shall not contain the redacted portions of the documents.

d.  The parties agree that this Protocol governs only the format of electronic production of documents, and does not preclude a request for the production of documents by inspection of hard copy documents as they are kept in the usual course of business.

6. *Production of ESI.*

a.  The parties agree that, except as provided herein, ESI shall be produced in single-page Group IV TIFF, 300-dpi format and accompanied by an Opticon and IPRO load file (or other generally acceptable load file format) that contains document boundaries. Except as provided herein, the document must be provided with (1) a delimited metadata file (.dat or .txt); (2) an image load file (.lfp or .opt) and (3) a text file. Each TIFF file shall be given a unique file name that matches the Bates number label on the corresponding page.

b.  ESI items shall be processed in a manner that preserves hidden content (including hidden columns or rows, hidden text or worksheets, speakers notes, tracked changes, and comments), all of which shall be rendered visible on any documents not produced in native format.

    c. The parties agreed that parent-child relationships will be maintained in the production, and that the parties will produce all members of a document family if any member of the document family is produced. For example, the parties agree that with respect to the production of emails, electronic documents attached to an email or electronic document and hard-copy documents attached or appended to a hard copy document, are to be produced contemporaneously and sequentially immediately after the parent document.

    d. The parties will meet-and-confer regarding whether hyperlinked ESI referenced in emails or other platforms should be considered to be attachments or otherwise part of a document family.

    e. The parties agree that certain fields of metadata shall be produced as noted below.

    f. The extracted text from electronic documents shall be provided in a metadata text field encoded in UTF-8.

7. *Time Zone.* The Parties agree to produce documents using the <u>Eastern</u> Standard Time Zone.

8. *Metadata.* Metadata information should be produced in the Concordance DAT file format for both hard copy documents and ESI. Each of the metadata and coding fields set forth below, to the extent that they are available for extraction, shall be extracted and produced for that document.

    a. The Parties are not obligated to populate manually any of the metadata fields set forth above if such fields cannot be reasonably extracted from a document, with the exception of the beginning and ending Bates numbers, the attachment range, custodian, confidentiality designation, and redaction, which should be populated by the Party or the Party's vendor.

    b. Each of the metadata fields set forth in Exhibit A that can be extracted shall be provided in the DAT file for each document.

    c. The parties reserve the right to request additional metadata fields should the party show good cause for the necessity of such additional metadata.

9. *Text-Searchable Documents.* Document level extracted text or OCR for documents without extracted text will be provided by the producing party for every record, including for scanned hard copy documents as described above. Extracted text will not be provided for electronic documents that have been redacted because the extracted text would reveal the redacted information. Instead, these files will be OCRed to capture the visible text and those results will be provided in lieu of the original extracted text.

10. *Non-standard ESI Sources.* The parties agree to meet and confer with respect to ESI sources that may not be exported into a standard litigation format as described above.

11. *Production Media and Protocol.* A producing party may produce documents via email or via file-sharing service, including through any network-based secure file transfer mechanism or FTP protocol. A producing party may also produce documents on

readily-accessible computer or electronic media, including CD-ROM, DVD, or external hard drive ("Production Media"). All Production Media will be encrypted, and the producing party will provide a decryption key to the receiving parties in a communication separate from the production itself.

12. The producing party may not redact portions of documents for relevancy without the agreement of the receiving party.

**E. Privileged or Work Product Information.**

1. Communications involving outside counsel that post-date the filing of the complaint and duplicative copies of privileged documents, including email that are suppressed pursuant to the provisions of this Stipulated Order, need not be placed on a privilege log.

2. The parties agree to meet and confer regarding categories of information that may be excluded from logging requirements or treated differently for logging purposes.

3. Any other responsive documents withheld from a party's production, or redacted, on the basis of privilege or work product shall be described on a privilege log on a document-by-document basis. The following information should be provided in the privilege log: (1) document type; (2) family relationship; (3) the date of the document, (4) file author; (5) all senders and recipient(s), including copyees and blind copyees, to the extent available, with attorneys denoted by an (*) on the log; (6) the privilege or protections asserted; (7) a short description of the document, including a description of the subject matter of the withheld document or redacted information sufficient to enable the receiving

DCACTIVE-72309052.11

party to assess the validity of the privilege claim. Privilege logs will be produced in Microsoft Excel.

4. Parties shall provide privilege logs describing the documents from a production no later than sixty (60) days after the party's transmission to the receiving party of that production.

5. The parties reserve the right to request additional information regarding individual documents on the privilege log.

6. The production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege is not a waiver of that privilege or protection and the Parties agree there is no need to demonstrate that the disclosure was inadvertent or that reasonable steps were taken to prevent such disclosure. If, during the course of this Civil Action, a Designating Party produces a document or any other piece of information that the Designating Party thereafter claims to be privileged or protected, the Designating Party may give notice to the Receiving Party in writing, and the Parties agree that the document or information will be returned to the Designating Party, and all copies, notes, quotations or summaries thereof will be destroyed within five (5) days. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: October 4, 2023

| | |
|---|---|
| */s/ Eric Kafka* | */s/ Rachel Raphael* |

Brian C. Gudmundson (pro hac vice)
Jason P. Johnston (pro hac vice)
Michael J. Laird (pro hac vice)
Rachel K. Tack (pro hac vice)
ZIMMERMAN REED LLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
brian.gudmundson@zimmreed.com
jason.johnston@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com

Eric Kafka (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
ekafka@cohenmilstein.com

Brian E. Johnson (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 220025
Telephone: (202) 408-4600
bejohnson@cohenmilstein.com

Charles H. Van Horn (724710)
BERMAN FINK VAN HORN P.C.
3475 Piedmont Road, N.E. Suite 1640
Atlanta, GA 30305
Telephone: (404) 261-7711
cvanhorn@bvfvlaw.com

Daniel C. Hedlund (pro hac vice)
David A. Goodwin (pro hac vice)
Anthony J. Stauber (pro hac vice)
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstauber@gustafsongluek.com

E. Adam Webb
G. Franklin Lemond, Jr.
WEBB, KLASE & LEMOND, LLC

Stacey Mohr (GA Bar No. 618207)
EVERSHEDS SUTHERLAND
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 853-800
Facsimile: (404) 853-8806
staceymohr@eversheds-sutherland.com

Toni Michelle Jackson (Pro Hac Vice)
Cheryl A. Falvey (Pro Hac Vice)
Rachel P. Raphael (Pro Hac Vice)
Ruben F. Reyna (Pro Hac Vice)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
tjackson@crowell.com
cfalvey@crowell.com
rraphael@crowell.com
rreyna@crowell.com

*Counsel for Siemens Industry, Inc.*

1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
Telephone: (770) 444-9325
Adam@WebbLLC.com
Franklin@WebbLLC.com

Joseph G. Sauder (pro hac vice)
Matthew D. Schelkopf (pro hac vice)
Joseph B. Kenney (pro hac vice)
SAUDER SCHELKOPF
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

Bonner C. Walsh (pro hac vice)
WALSH LLC
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
bonner@walshpllc.com

*Counsel for Plaintiffs and the Proposed Class*

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: _____

                                              THE HONORABLE MARK H. COHEN
                                              UNITED STATES DISTRICT JUDGE

AGREED UPON METADATA FIELDS

Exhibit A

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| PRODBEGDOC | First Page document number |
| PRODENDDOC | Last Page document number |
| PRODBEGATTACH | First Page of Family group range number |
| PRODENDATTACH | Last Page of Family group range number |
| PRODVOL | Production Volume |
| CUSTODIAN | All record owners of the file from whom the data was collected, including copies identified during global deduplication |
| HASH VALUE | A unique, identifying number of a file calculated by a hash algorithm, e.g. MD5. |
| FROM | Email Sender |
| TO | Email Recipient(s) |
| CC | Email Recipient(s) that were Copied |
| BCC | Email Recipient(s) that were Blind Copied |
| SUBJECT | Subject line of emails |
| FILENAME | Original file name |
| DATESENT | Email sent date |
| TIMESENT | Email sent time |
| TITLE | Any value populated in the Title field of the document properties |
| FILEEXT | File extension of document pulled from the document properties |
| AUTHOR | Author of document |
| DATECREATED | Date document was created on non-emails |
| TIMECREATED | Time document was created on non-emails |
| DATEMODIFIED | Last date document was modified on non-emails |
| TIMEMODIFIED | Last time document was modified on non-emails |
| FILESIZE | Size of Native file |
| PGCOUNT | Number of pages in document |
| OCRPATH | Path to extracted text of native file or OCR |
| NATIVELINK | Path to email or native file document (if applicable) |
| MESSAGE ID | The Unique Identifier assigned by a program to a Message/Communication |
| CONFIDENTIAL | Indicating production of the document subject to confidentiality Protective Order |
| REDACTED DOC | Indicating redaction of text in the production image |

DCACTIVE-72309052.11