# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Kevin Brnich Electrical LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No.: 22-01229 (MHC) |
| Siemens Industry, Inc., | |
| Defendant. | |

**SIEMENS INDUSTRY, INC'S SUPPLEMENTAL BRIEF APPLYING D.C. CHOICE OF LAW RULES TO COUNTS II, III, AND VII OF PLAINTIFFS NATIONAL SENTRY SECURITY SYSTEMS, INC., ELECTRICALIFORNIA, RICK KEYSER, AND TYLER BARRETTE'S <u>COMPLAINT</u>**

# INTRODUCTION

Ohio, California, Nebraska, and New Hampshire—the home states of plaintiffs NSSS, Electricalifornia, Rick Keyser, and Tyler Barrette ("plaintiffs")—are the only states with significant contacts to plaintiffs' claims. They also are the only states where plaintiffs were domiciled during the relevant time period, allegedly bought Siemens' AFCIs, saw or heard representations, experienced tripping, tried to troubleshoot issues, and allegedly suffered injury.[1] Although Siemens is headquartered in Georgia, that fact is not determinative in a choice-of-law analysis, nor should it outweigh the significant interests of plaintiffs' home states.

There are material differences between the laws of Georgia and plaintiffs' home states on claims for fraudulent concealment, negligent misrepresentation, and unjust enrichment. And District of Columbia (D.C.) choice-of-law rules dictate that the laws of Ohio, California, Nebraska, and New Hampshire govern these claims (Counts II, III, and VII).

# LEGAL FRAMEWORK

A D.C. choice-of-law analysis has three steps. The first is to determine which states have an interest in having their laws applied to the case. *Bortell v. Eli Lilly & Co.*, 406 F. Supp. 2d 1, 5 (D.D.C. 2005). If only one state is interested, the law of

---

[1] Siemens refers to and incorporates the background information and party abbreviations as identified in its motions to dismiss. *See* ECF Nos. 43 and 52.

the interested state governs. *Id.* If there is more than one interested state, the court must determine whether the laws of the competing jurisdictions conflict (*i.e.*, would result in different outcomes). *Chambers v. NASA Fed. Credit Union*, 222 F. Supp. 3d 1, 8 (D.D.C. 2016); *Margolis v. U-Haul Int'l, Inc.*, 818 F. Supp. 2d 91, 101 (D.D.C. 2011). If there is no conflict, courts apply the laws of each of the interested states. *See, e.g.*, *Cooper v Meridian Yachts, Ltd.*, 575 F.3d 1151, 1171 (11th Cir. 2009). And if there is a conflict, courts apply the laws of the state with the "more significant relationship" to the case. *Chambers*, 222 F. Supp. 3d at 8.

## ARGUMENT

### I. Ohio, California, Nebraska, and New Hampshire Are the Only Interested States In a D.C. Choice-of-Law Analysis.

The only states eligible for consideration in a D.C. choice-of-law analysis are those with an "interest strong enough to merit application of its law" to plaintiffs' claims. *Bortell*, 406 F. Supp. 2d at 5. Plaintiffs' home states, Ohio, California, Nebraska and New Hampshire, have an undeniable interest in having their laws applied, as it is in these states where plaintiffs claim to have purchased and installed Siemens' AFCIs, experienced and attempted to resolve tripping, bought and installed replacements, and suffered economic injury. ECF 40 ¶¶ 133-48, 171-85; *Lakie v. SmithKline Beecham*, 965 F. Supp. 49, 59 (D.D.C. 1997).

Although Georgia has a minimal interest, the location of the defendant's place of business alone is not enough to be considered as a source of potentially applicable

law in a D.C. choice-of-law analysis. *See e.g.*, *Sellers v. Anthem Life Ins. Co.*, 2022 WL 1154712, at *6 (D.D.C. Apr. 19, 2022) (state of incorporation and headquarters had minimal interest).[2]

Only plaintiffs' homes states have an "interest strong enough to merit application of [their] law." *Bortell*, 406 F. Supp. 2d at 5; *Sheffer*, 873 F. Supp. 2d at 379-80. Ohio, California, Nebraska, and New Hampshire laws apply to their claims.

## II. There Are True Conflicts Between the Laws of Georgia and Plaintiffs' Home States.

Even if Georgia had a connection significant enough to factor into a D.C. choice-of-law analysis (it does not), the next step would be to compare the laws of Georgia to that of the plaintiffs' home states. A "true conflict" exists when the laws of these competing jurisdictions produces a different result as applied to the facts at issue. *Long v. Sears Roebuck & Co.*, 877 F. Supp. 8, 11 (D.D.C. 1995).

### A. There Are Material Differences Between the Laws of Ohio and Georgia.

These differences are determinative of NSSS's claims. ***First***, because the same alleged conduct underlies both warranty and fraud claims, the latter is barred by the economic loss doctrine in Ohio, but not in Georgia. *Compare Wells Fargo*

---

[2] It is undisputed that D.C. does not have an interest in having its laws applied; the only connection is that plaintiffs initially filed their claims in a D.C. court. *See* ECF 76, at 9-10 n. 6. The Court need not consider substantive D.C. law in its choice-of-law analysis. *See, e.g.*, *Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 376-80 (D.D.C. 2012); *Bortell*, 406 F. Supp. 2d at 5; *Lakie*, 965 F. Supp. at 59.

3

*Bank, N.A. v. Fifth Third Bank*, 931 F. Supp. 2d 834, 840-42 (S.D. Ohio 2013) *with Monopoli v. Mercedes-Benz USA, LLC*, 2022 WL 409484, at *15 (N.D. Ga. Feb. 10, 2022).

*Second*, in Ohio a negligent misrepresentation claim may not be based on an alleged omission, but Georgia courts have not expressly addressed the issue. *Compare Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 506 (6th Cir. 2003) *with Intellicig USA, LLC v. CN Creative Ltd.*, 2017 WL 11634374, at *7-8 (N.D. Ga. Mar. 6, 2017). To state an Ohio negligent misrepresentation claim, NSSS must allege a special relationship with Siemens, *Premier Bus. Grp., LLC v. Red Bull of N. Am., Inc.*, 2009 WL 3242050, at *11 (N.D. Ohio Sept. 30, 2009), rather than an alleged misrepresentation to the public generally. *Meta v. Target Corp.*, 74 F. Supp. 3d 858, 865 (N.D. Ohio 2015). Georgia does not have the same requirement. *Higgins v. Bank of America, N.A.*, 2015 WL 12086083, at *4 (N.D. Ga. Sept. 22, 2015).

*Third*, even where there is an express contract alleged, courts in Georgia have allowed plaintiffs to plead unjust enrichment claims in the alternative when the validity of the contract is questioned. *Clark v. Aaron's Inc.*, 914 F. Supp. 2d 1301, 1309-10 (N.D. Ga. 2012). Plaintiffs cannot do so in Ohio. *Cook v. Home Depot U.S.A., Inc.*, 2007 WL 710220, at *8 (S.D. Ohio Mar. 6, 2007).

### B. There Are Material Differences Between the Laws of California and Georgia.

These differences are determinative of Electricalifornia's claims. *First*, the

4

economic loss doctrine bars fraud claims in California, but not in Georgia. *Compare Cho v. Hyundai Motor Co.*, 2022 WL 16966537, at *5 (C.D. Cal. Oct. 21, 2022) *with Monopoli*, 2022 WL 409484, at *15. In California, Siemens' duty to disclose is also limited "to its warranty obligations absent either an affirmative misrepresentation or a safety issue," *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012), not so in Georgia. *VC Macon, GA LLC v. Virginia Coll. LLC*, 2021 WL 723979, at *6-7 (M.D. Ga. Feb. 24, 2021).

*Second*, the economic loss doctrine bars negligent misrepresentation claims in California, while Georgia has created a misrepresentation exception to the economic loss doctrine. *Compare Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) *with Holloman v. D.R. Horton, Inc.*, 524 S.E.2d 790, 796-97 (Ga. Ct. App. 1999). California also requires proof that Siemens acted with an intent to induce reliance, *Novalk, LLC v. Kinsale Ins. Co.*, 2022 WL 17574076, at *3 (S.D. Cal. Dec. 9, 2022), where no such scienter is required in Georgia. *Damian v. Montgomery Cnty. Bankshares, Inc.*, 255 F. Supp. 3d 1265, 1284 (N.D. Ga. 2015). In California, a negligent misrepresentation claim may not be based on an alleged omission, but Georgia courts have not expressly addressed the issue. *Compare Keshish v. Allstate Ins. Co.*, 2012 WL 12887075, at *4 (C.D. Cal. Oct. 19, 2012) *with Intellicig*, 2017 WL 11634374, at *7-8.

*Third*, unlike Georgia, California does not recognize a standalone claim for

5

unjust enrichment. *Compare Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 997 (N.D. Cal. 2010), *aff'd*, 462 F. App'x 660 (9th Cir. 2011) *with Krevolin & Horst, LLC v. Raheel*, 2019 WL 13061306, at *8 (N.D. Ga. Sept. 6, 2019). And where California courts do recognize an unjust enrichment claim, it is barred as a matter of law by an express contract. *Deras v. Volkswagen Grp. of Am., Inc.*, 2018 WL 2267448, at *3 (N.D. Cal. May 17, 2018). In contrast, Georgia courts have allowed plaintiffs to plead unjust enrichment in the alternative when the validity of the contract is questioned. *Clark*, 914 F. Supp. 2d at 1309-10.

### C. There Are Material Differences Between the Laws of Nebraska and Georgia.

These differences are determinative of Keyser's claims. **First,** Nebraska courts have held that the economic loss doctrine bars fraud claims. *Kuecker Logistics Grp., Inc. v. Greater Omaha Packing Co.*, 2023 WL 3198418, at *14-20 (D. Neb. Apr. 14, 2023). Not so in Georgia. *Monopoli*, 2022 WL 409484, at *15.

**Second**, the economic loss doctrine bars negligent misrepresentation claims in Nebraska, while Georgia has created a misrepresentation exception to the economic loss doctrine. *Compare Kuecker Logistics*, 2023 WL 3198418, at *14-20 *with Holloman*, 524 S.E.2d at 796-97. Nebraska also does not recognize a negligent misrepresentation claim based on omission, but Georgia courts have not directly addressed the issue. *Compare Outlook Windows P'ship v. York Int'l Corp.*, 112 F. Supp. 2d 877, 896 (D. Neb. 2000) *with Intellicig*, 2017 WL 11634374, at *7-8.

*Third*, courts in Georgia allow plaintiffs to plead unjust enrichment claims in the alternative when the validity of the contract is questioned. *Clark*, 914 F. Supp. 2d at 1309-10, but Nebraska does not allow a party to plead inconsistent, alternative theories of recovery. *Sw. Trinity Constructors, Inc. v. St. Paul Fire & Marine Ins. Co.*, 497 N.W.2d 366, 368 (Neb. 1993).

### D. There Are Material Differences Between the Laws of New Hampshire and Georgia.

These differences are determinative of Barrette's claims. *First*, the economic loss doctrine in New Hampshire precludes fraud claims that seek only economic damages. *Compare Schaefer v. IndyMac Mortg. Servs.*, 2012 WL 4929094, at *3-5 (D.N.H. Oct. 16, 2012), *aff'd*, 31 F.3d 98 (1st Cir. 2013). There is no such bar in Georgia. *Monopoli*, 2022 WL 409484, at *15.

*Second*, the economic loss doctrine bars negligent misrepresentation claims in New Hampshire, while Georgia has created a misrepresentation exception to the economic loss doctrine. *Compare L'Esperance v. HSBC Consumer Lending, Inc.*, 2012 WL 2122164, at *15-16 (D.N.H. June 12, 2012) *with Holloman*, 524 S.E.2d at 796-97.

*Third*, unlike Georgia, New Hampshire does not recognize unjust enrichment as a standalone cause of action. *Compare Gen. Insulation Co. v. Eckman Constr.*, 992 A.2d 613, 621 (N.H. 2010) *with Krevolin & Horst*, 2019 WL 13061306, at *8. And when New Hampshire courts do recognize an unjust enrichment claim, it is

barred as a matter of law by an express contract. *Axenics, Inc. v. Turner Const. Co.*, 62 A.3d 754, 763-64 (N.H. 2013). In Georgia, plaintiffs have been allowed to plead in the alternative when the validity of the contract is questioned. *Clark*, 914 F. Supp. 2d at 1309-10.

### III. D.C. Choice-of-Law Rules Point To The Laws of Plaintiffs' Home States.

The last step of the D.C. choice-of-law analysis—identifying the state with the most significant relationship to each of plaintiffs' claims—requires plaintiffs to apply the laws of Ohio, California, Nebraska, and New Hampshire.

#### A. The Relevant Factors Favor The Laws of Plaintiffs' Home States.

In determining which state has the most significant relationship, and therefore which state's policy would be most advanced by the application of its laws, D.C. courts consider four factors: (1) the place of injury; (2) the place of injury-causing conduct; (3) the place of the parties' domicile, residence, nationality, incorporation, and business; and (4) the place where the relationship is centered. *Margolis*, 818 F. Supp. 2d at 103; *Farina v. Sanders*, 2023 WL 2265149, at *4 (D.D.C. Feb. 28, 2023).

*(1) Place of the injury.* For fraudulent concealment and negligent misrepresentation claims involving allegedly defective products, the place of injury is where plaintiffs "received the alleged misrepresentations." *Margolis*, 818 F. Supp. 2d at 103. The place of injury for product-based unjust enrichment claims is where the product was purchased. *See, e.g., In re Santa Fe Nat. Tobacco Co. Mkt. & Sales*

*Practices & Prods. Liab. Litig.*, 2023 WL 6121894, at *117-18 (D.N.M. Sept. 19, 2023) (D.C. choice-of-law). Plaintiffs all claim that they bought Siemens' AFCIs or bought homes with Siemens' AFCIs in Ohio, California, Nebraska or New Hampshire; allegedly experienced unwanted tripping, and claim time and costs to investigate the alleged tripping. ECF 40 ¶¶ 133-48, 171-85. This factor strongly favors plaintiffs' home states.

**(2) *Place of the injury-causing conduct.*** The Consolidated Complaint contains the vague and conclusory assertion that unspecified advertising and marketing decisions "occurred" in Georgia. *Id.* ¶ 13. But the location of a company's principal place of business alone is not enough to presume that allegedly deceptive conduct emanated from that state. *See, e.g.*, *Sellers*, 2022 WL 1154712, at *6. In any event, when the case involves an alleged product defect, the relevant injury-causing conduct is the sale of the purportedly defective product and the communication of any purported misrepresentations; both of which occurred in plaintiffs' home states. *Rowland v. Novartis Pharms. Corp.*, 983 F. Supp. 2d 615, 624-26 (W.D. Pa. 2013) (although defendant made decisions about marketing, labeling, and packaging at its headquarters, the "more relevant" conduct for D.C. choice-of-law analysis occurred in plaintiffs' home state where the drug at issue was marketed and sold); *Lagor v. Eli Lilly & Co.*, 2007 WL 1748888, at *6 (D.D.C. June 18, 2007); *Long*, 877 F. Supp. at 12; *Weiner v. Novartis Pharms. Corp.*, 991 F. Supp. 2d 217, 222 (D.D.C. 2013);

*see also In re Consol. Parlodel Litig.*, 22 F. Supp. 2d 320, 326 (D.N.J. 1998). This factor also favors plaintiffs' home states.

***(3) Place of domicile, residence, nationality, incorporation, and business.*** At all times relevant to their claims, plaintiffs were domiciled in Ohio, California, Nebraska, or New Hampshire (ECF 40 ¶¶ 20-21, 26-27, 133, 141, 171, 178), and Siemens is incorporated in Delaware and headquartered in Georgia *id.* ¶ 12. This factor is neutral.

***(4) Place where the relationship is centered.*** None of the plaintiffs claim to have interacted directly with Siemens, and the controlling allegation is that they purchased allegedly defective Siemens' AFCIs from unidentified third parties. *Id.* at ¶¶ 134, 143, 174, and 179. That consumer "relationship" was "established and consummated" in each of plaintiffs' home states. *Lagor*, 2007 WL 1748888, at *6 ("relationship" between consumer and manufacturer of prescription drug was centered at the third-party pharmacy where consumer bought the medication); *Long*, 877 F. Supp. at 11-12 ("relationship" between consumers and defendants was "centered" where consumers bought allegedly defective tractors at retail). This factor also favors plaintiffs' home states.

### B. The Policies of Plaintiffs' Home States Would Be Most Advanced by Application of Their Laws.

Given the extensive relationship between plaintiffs' home states and their alleged AFCI purchases, experiences, and injuries, the policies of these states would

be most advanced by having their laws applied to plaintiffs' claims. Indeed, under D.C. choice-of-law rules, "a state's interest in the application of its law is strongest when both the place of the injury and the domicile of the plaintiff are within its territory." *Lakie*, 965 F. Supp. at 59. These states have a "strong interest in regulating the conduct" of companies that "conduct business within [their] territor[ies], and market and sell products that allegedly harm" their citizens, *Rowland*, 983 F. Supp. 2d at 626, and "in seeing that [their] injured residents. . . are compensated for wrongs done to them, no matter where." *Linnell v. Sloan*, 636 F.2d 65, 67 (4th Cir. 1980). Georgia's minimal interest is not overcome by the strong interest of plaintiffs' home states. *See, e.g.*, *Gibson v. Boy Scouts of Am.*, 163 F. App'x 206, 209 n.2 (4th Cir. 2006) (D.C. choice-of-law) (interest of the state where plaintiff resided, injuries occurred, and relationship was centered are paramount); *Farina*, 2023 WL 2265149, at *8.[3]

## CONCLUSION

Based on the foregoing, the Court should find that the laws of the plaintiffs' home states (Ohio, California, Nebraska, and New Hampshire) apply to their fraudulent concealment, negligent misrepresentation, and unjust enrichment claims.

---

[3] *Maxwell v. FCA US, LLC*, 2023 WL 246836, at *2 (6th Cir. Jan. 18, 2023); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1016-19 (7th Cir. 2002).

Dated: Respectfully submitted,

/s/ Stacey Mohr
Stacey Mohr (GA Bar No. 618207)
EVERSHEDS SUTHERLAND
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 853-800
Facsimile: (404) 853-8806
staceymohr@eversheds-sutherland.com

Toni Michelle Jackson (*Pro Hac Vice*)
Cheryl A. Falvey (*Pro Hac Vice*)
Rachel P. Raphael (*Pro Hac Vice*)
Ruben F. Reyna (*Pro Hac Vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
tjackson@crowell.com
cfalvey@crowell.com
rraphael@crowell.com
rreyna@crowell.com

*Attorneys for Siemens Industry, Inc.*

## **CERTIFICATE OF COMPLIANCE**

I certify, in compliance with Local Rule 5.1(C) and 5.1(D), that the foregoing pleading has been prepared using 14-point Times New Roman font, with margins of not less than 1 inch.

*/s/ Stacey Mohr*
Stacey Mohr

*Attorney for Siemens Industry, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 27, 2023 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

> */s/ Stacey Mohr*
> Stacey Mohr
>
> *Attorney for Siemens Industry, Inc.*