IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Kevin Brnich Electrical LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Siemens Industry, Inc., <br><br> Defendant. | Civil Action No.: 22-01229 (MHC) |

### SIEMENS INDUSTRY INC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

The Court should deny Plaintiffs' Motion for Leave to File an Amended Complaint because it would give Plaintiffs their ***fifth***[1] bite at the apple. This litigation has been going on for over three years, since April 2021, when the first complaint was filed, and since then, Siemens has defended itself in two federal courts, and engaged in numerous rounds of motion to dismiss briefings. Now that

---

[1] Plaintiffs describe their request as a motion for leave to file a "First Amended Consolidated Class Action Complaint." That is slightly misleading, however, because Plaintiffs have previously filed two complaints in this case and two complaints in the predecessor case in the U.S. District Court for the District of Columbia, *NSSS v. Siemens*, Civil Action No. 21-01072, each time adding new plaintiffs and new claims.

Siemens finally has a ruling on its Amended Motion to Dismiss and with discovery scheduled to close at the end of the year, Plaintiffs seek to again amend the complaint to add six new plaintiffs, from four new states, collectively asserting eighteen claims, (including three entirely new claims). But the Motion should be denied because Plaintiffs' proposed amendments are futile, would cause unudue prejudice to Siemens, and are unduly delayed.

*First*, Plaintiffs' proposed amendments are futile for a litany of reasons, including (1) lack of privity bars proposed plaintiffs Gruman and Zank Electric's breach of implied warranty of merchantability claims; (2) New Jersey's Product Liability Act bars plaintiff Cummins' breach of implied warranty of merchantability claim; (3) plaintiff Gruman lacks standing to bring a claim under the California Consumer Legal Remedies Act; and (4) plaintiffs AJ Electric, Cummins, and Wylie each fail to allege facts sufficient to support their state law claims.

*Second*, if the court grants Plaintiffs' motion, Siemens will be prejudiced because it will be required to engage in additional, costly work, including additional fact discovery and expert discovery.

*Third*, plaintiffs' counsel could have sought leave to amend the complaint nearly a year ago and there is no justification for their undue delay.

Accordingly, for the reasons discussed below, the Court should deny Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 95-2).[2]

## PROCEDURAL HISTORY

Because Plaintiffs' recitation of the procedural history is incomplete, Siemens offers the following:

- April 19, 2021, NSSS Complaint is filed in the District Court of the District of Columbia ("*NSSS*"). *Nat'l Sentry Sec. Sys., Inc. et al., v. Siemens Corp.*, 21-cv-1072 (D.D.C.), ECF No. 1.

- August 16, 2021, Siemens moves to dismiss *NSSS v. Siemens Corp.*, 21-cv-01072 (D.D.C.), ECF No. 22.

- October 15, 2021, *NSSS* plaintiffs file an amended complaint. *NSSS v. Siemens Corp.*, 21-cv-01072 (D.D.C.), ECF No. 29.

- October 29, 2021, Siemens moves to dismiss. *NSSS v. Siemens Corp.*, 21-cv-01072 (D.D.C.), ECF No. 30.

- November 5, 2021, *NSSS* plaintiffs move to transfer to this Court. *NSSS v. Siemens Corp.*, 21-cv-01072 (D.D.C.), ECF No. 31.

- March 29, 2022, different plaintiffs, represented by the same counsel as in *NSSS*, file the instant case. *Kevin Brnich Electric LLC, et al. v. Siemens Industry* ("*Brnich*"), ECF No. 1.

- May 13, 2022, another set of plaintiffs file a separate action in this Court. *See* Complaint, *Patrick Cates, et al., v. Siemens Industry* ("*Cates*"), 22-cv-01914 (N.D. Ga.), ECF No. 1.

- May 31, 2022, Siemens moves to dismiss the *Brnich* complaint. ECF No. 26.

---

[2] Siemens does not object to Plaintiffs' removal of Plaintiffs Performance Electric and Artistic Electric, Inc.

- June 2022, Plaintiffs' counsel moves to consolidate *Brnich* and *Cates*, this Court grants the motion. ECF No. 30.

- July 27, 2022, the D.C. District Court grants *NSSS* plaintiffs' motion to transfer to the Northern District of Georgia. *NSSS v. Siemens Corp.*, 21-cv-01072 (D.D.C.), ECF No. 44.

- August 1, 2022. *NSSS* is transferred to Northern District of Georgia. *NSSS v. Siemens Corp.*, 21-cv-01072 (D.D.C.), ECF No. 45.

- August 2, 2022, Plaintiffs file the Consolidated Class Action Complaint, which consolidates *NSSS*, *Brnich*, and *Cates*. ECF No. 40.

- September 8, 2022, *NSSS* officially consolidates with *Brnich* case. ECF No. 42.

- September 16, 2022, Siemens moves to dismiss the Consolidated Class Action Complaint. ECF No. 43.

- May 18, 2023, the Court grants in part and denies in part Siemens' motion to dismiss, and grants Siemens leave to file an amended motion to dismiss to address choice of law issues. ECF No. 48.

- On June 20, 2023, Siemens files Amended Motion to Dismiss. ECF No. 52.

- October 13, 2023, the Court orders the parties to file supplemental briefs to address D.C. choice of law as it applies to the NSSS plaintiffs. ECF No. 76.

- October 27, 2023 and November 10, 2023, Siemens and Plaintiffs submit supplemental briefing. ECF Nos. 79 and 81.

- February 2, 2024, the Court issues a 126-page decision granting in part and denying in part Siemens' Amended Motion to Dismiss. ECF No. 87.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure allows a party leave to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a). *Jones v.*

4

*General Motors, LLC*, No. 1:21-cv-03460-VMC, 2023 WL 2877706, at *4 (N.D. Ga. Mar. 8, 2023), *aff'd*, No. 23-11102, 2024 WL 861064 (11th Cir. Feb. 29, 2024). However, leave to amend is "not an automatic right." *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982). A court may deny leave to amend on "numerous grounds" including undue delay, undue prejudice to the defendant, and futility of the amendment. *See Abramson v. Gonzales*, 949 F.2d 1567, 1581 (11th Cir. 1992).

## I. The Court Should Deny Plaintiffs Leave to Amend Because Amendment Is Futile.

Futility alone is a sufficient basis to deny a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it would be subject to dismissal for failing to state a claim for relief. *Johnson v. 3M*, 563 F. Supp. 3d 1253, 1277 (N.D. Ga. 2021), *aff'd*, 55 F.4th 1304 (11th Cir. 2022). Here Plaintiffs' proposed amendments are futile for several reasons.

### A. California and Wisconsin Privity Requirements Bar the Implied Warranty Claims of Plaintiffs Gruman and Zank Electric.

In California and Wisconsin, a plaintiff must be in privity with the defendant to recover economic damages for a breach of the implied warrant of merchantability. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008); *Lamont v. Winnebago Industries, Inc.*, 569 F. Supp. 2d 806, 815-16 (E.D. Wis. 2008). Plaintiffs

Gruman and Zank Electric do not allege that they purchased their AFCIs directly from Siemens. *See* Pls.' Proposed Am. Compl. ¶¶ 143, 158, and 161. Without privity of contract, the implied warranty claims of plaintiffs Gruman and Zank Electric fail as a matter of law. Indeed, the Court has already assessed California law and dismissed the implied warranty claims of other California plaintiffs, Cates and Electricalifornia, for lack of privity. *See* ECF No. 87 at 73-77. Therefore, the Court should determine that plaintiffs Gruman and Zank Electric's implied warranty claims are futile.

### B. New Jersey's Product Liability Acts Bars Plaintiff Cummin's Implied Warranty of Merchantability Claim.

Plaintiff Cummins's implied warranty of merchantability claim fails as a matter of law. Under New Jersey law, when a plaintiff seeks relief for "harm caused by a product," the Product Liability Act controls. *Gomez v. Bayer Corp.*, No. A-0680-18T4, 2020 WL 215897, at *6 (N.J. Super. Ct. App. Div. Jan 14, 2020). Plaintiff Cummins states that he "suffered injuries as a result" of Siemens AFCIs. Pls.' Proposed Am. Compl. ¶ 212. As such, New Jersey does not recognize the implied warranty of merchantability as "'a viable separate claim' for harm caused by a product." *Gomez*, 2020 WL 215897, at *6 (quoting *Cornett v. Johnson & Johnson*, 998 A.2d 543, 566 (N.J. Super. Ct. App. Div. 2010)) (affirming appellate

6

panel holding that PLA subsumes breach of implied warranty claim). Hence, plaintiff Cummins's implied warranty of merchantability claim is futile.

    **C.    Plaintiff Gruman Lacks Standing to Bring a Claim Under the California Consumer Legal Remedies Act.**

California's CLRA applies to a limited set of transactions undertaken by consumers—"an individual who seeks or acquires, by purchase or lease, any goods or services <u>for personal, family, or household purposes.</u>" Cal. Civ. Code § 1761(d) (emphasis added). As a homebuilder, plaintiff Gruman is not a "consumer" under the CLRA. *See Cooper v. Simpson Strong-Tie Co.*, 460 F. Supp. 3d 894, 912 (N.D. Cal. 2020) (an LLC or other company is not a "consumer" under the CLRA, which contemplates a consumer as an individual who acquired a product for personal, family or household purposes). Accordingly, this claim is futile.

    **D.    Plaintiffs' Proposed New Claims Under Various State Consumer Protection Statutes Are Futile.**

        **1.    Plaintiff AJ Electric, LLC does not adequately plead a cognizable claim under Massachusetts law.**

A plaintiff bringing an action under the Massachusetts Consumer Protection Act (Chapter 93A) "must allege and ultimately prove that she has … suffered a distinct injury or harm that arises from the claimed unfair or deceptive act itself." *Flemmings v. Greystar Management Services, L.P.*, 177 N.E.3d 1244, 1249-50 (Mass. App. Ct. 2021) (quoting *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 503

7

(Mass. 2013)). Further, to prevail on a 93A claim, a plaintiff must allege that defendants had knowledge of a defective condition they allege was concealed. *Utica Nat'l Ins. Grp. v. BMW of N. Am., LLC*, 45 F. Supp. 3d 157, 162 (D. Mass. 2014). Plaintiff AJ Electric alleges the AFCIs were defective, Siemens knew or should have known, and thus, Siemens committed a fraudulent or deceptive act. *See* ECF No. 95-2 ¶¶ 302-03, 305, and 306. These conclusory allegations are inadequate and should be dismissed. In addition, plaintiff AJ Electric does not allege that Siemens had knowledge of the alleged defect and therefore, its Chapter 93A claim is futile.

Moreover, Massachusetts Gen. Laws ch. 93A § 1 requires a plaintiff to provide a written demand for relief at least thirty days prior to the filing of such action. Failure to comply with this requirement is grounds for dismissal. *Hansen v. Saxon Mortg. Servs., Inc.*, No. 1:11-CV-11128-JLT, 2012 WL 3686448, at *3-4 (D. Mass. Aug. 23, 2012) ("Allowing plaintiffs to ignore the thirty day requirement would undermine the policies behind the demand letter requirement."). Plaintiff AJ Electric did not provide Siemens a written demand until April 16, the very same day the motion for leave to amend was due. *See* ECF No. 95-1, at 15 n.2. As a result, Siemens has had no real opportunity to investigate this claim, respond to the demand letter, or an opportunity to cure. *See Hansen*, 2012 WL 3686448, at *3 ("By filing the complaint nine days after sending the demand letter, Plaintiffs limited

8

Defendant's opportunity to consider settlement before the case was brought to court." (footnote omitted)). For this additional reason, plaintiff AJ Electric's Chapter 93A claim is futile.

### 2. Plaintiff Cummins does not adequately plead a cognizable claim under New Jersey law.

The conclusory allegations in Plaintiffs' proposed amendments do not sufficiently state a claim for New Jersey's Consumer Fraud Act, which is subject to the heightened pleading standard of Rule 9(b). Plaintiff Cummins must allege the who, what, when, where, or how of the allegedly unlawful conduct. *Mladenov v. Wegmans Food Mkts., Inc.*, 124 F. Supp. 3d 360, 373-74 (D.N.J. 2015) (holding that "Plaintiffs' CFA claims cannot stand" since they "did not identify when the alleged misrepresentations were made and which particular advertisements plaintiffs had seen."). The proposed amendments do not include allegations of where, and how plaintiff Cummins encountered any unlawful misrepresentation which is impossible since he alleges he purchased a home that already included "new Siemens AFCI breakers." ECF No. 95-2 ¶ 207.

Plaintiff Cummins also has not adequately pled "ascertainable loss." Under New Jersey law, an alleged loss "must be objectively ascertained and is not defined by the subjective wants of plaintiffs." *Dresdner v. Meehan*, No. A-4787-03T1, A-6274-03T1, 2006 WL 910893, at *9 (N.J. Super. Ct. App. Div. April 11, 2006)

(granting renewed motion to dismiss Consumer Fraud Act claim at close of plaintiff's case) (quoting *Thiedemann v. Mercedes-Benz USA*, 183 N.J. 234, 244 (N.J. 2005)). Plaintiff Cummins alleges that he "paid more for the breakers than he would have had he known they contained a defect." *See* ECF No. 95-2 ¶ 212. This allegation is conclusory. He does not allege that he bought the allegedly defective AFCIs at a premium nor does he allege that the value of his home was impacted by Siemens AFCIs. Nor can he. The court cannot make any reasonable inference that plaintiff Cummins suffered a loss when the Siemens AFCIs were already installed when he moved into his new home. *See* ECF No. 95-2 ¶ 207. Accordingly, plaintiff Cummins' New Jersey Consumer Fraud Act claim is futile.

### 3. Plaintiff Wylie does not adequately plead a cognizable claim under Texas law.

To prevail on Texas Deceptive Trade Practices Acts for failure to disclose, a plaintiff must show that:

(1) the defendant knew information regarding the goods or services;
(2) the information was not disclosed;
(3) there was an intent to induce the consumer to enter into the transaction through the failure to disclose; and
(4) the consumer would not have entered into the transaction had the information been disclosed.

*Ingram v. Joseph*, No. 3:06-CV-0626-P, 2007 WL 9711659, at *8 (N.D. Tex. Apr. 3, 2007).

Courts require a plaintiff to show that the information was withheld with the intent of inducing the consumer to engage in a transaction. *Id.* When a plaintiff alleges a fraud claim, courts have applied the Rule 9(b) standard to a DTPA claim. *See Guijarro v. Enterprise Holdings, Inc.*, No. 1:19-CV-217, 2020 WL 10229102, at *2 (S.D. Tex. Aug. 5, 2020).

Here, plaintiff Wylie alleges only generically, without asserting any facts in support, that Siemens failed to disclose information concerning "goods or services which was known at the time of the transaction." ECF No. 95-2 ¶ 316. This is insufficient. Alleging non-disclosure by itself cannot establish a claim. *See Polsky v. Dish Network Serv., LLC.*, No. CV B-14-064, 2015 WL 12732860, at *3 (S.D. Tex. Aug. 7, 2015), *aff'd sub nom. Polsky v. Dish Network Serv., L.L.C.*, 635 F. App'x 156 (5th Cir. 2016). Further, the proposed amendments do not identify any omitted or concealed facts; the source of any knowledge; or who at Siemens was purportedly aware of these facts and when they learned of them. *Simon v. Baker Motor Co. of Charleston, Inc.*, No: 22-CV-03460, 2023 WL 3984810, at *2-4 (D.S.C. June 13, 2023). Plaintiff Wylie does not allege a transaction directly with Siemens, nor does he plead any facts that would support such allegation. As such, plaintiff Wylie cannot prove that Siemens intentionally withheld this information to induce him to "engage in a transaction". *Ingram*, 2007 WL 9711659, at *8-9; *see*

11

*also Guijarro*, 2020 WL 10229102, at *6 ("Plaintiffs must plead facts to support the inference that EAN specifically withheld information about the brakes to induce J. Guijarro to rent the Jeep Cherokee. No such allegations exist."). As such, the Court should find that Plaintiff Wylie's claim under the Texas Deceptive Trade Practices Acts is futile.

**II.     The Court Should Deny Plaintiffs Leave to Amend Because the Amendment Would Cause Siemens Undue Prejudice**

Leave should not be granted under the "justice so requires" standard when it would result in undue prejudice to the opposing party. *Maynard v. Bd. of Regents of the Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003). Here, Siemens and the Court would be unduly prejudiced if leave is granted.

Plaintiffs contend that their proposed amendments "are unlikely to increase the burden or prejudice on Siemens," (ECF No. 95-1 at 11), but Plaintiffs are wrong. Adding six new plaintiffs, four new states, and three entirely new counts to this case would prejudice Siemens by requiring it to engage in additional, costly work, including additional fact discovery and expert discovery. Plaintiffs attempt to minimize this additional work by representing that their proposed amendments "[do] not add or alter any of the factual allegations related to the product defect or Siemens' misrepresentations and omissions related to the defect." *Id*. But that has

12

nothing to do with the undue burden of taking fact and expert discovery of the new plaintiffs, new states, and new counts. All of this additional work would be prejudicial to Siemens as well as to this Court. If plaintiffs' motion is granted, Siemens and the Court will need to address **eighteen plaintiffs** going forward, representing **thirteen states**, asserting **nine different counts**, effectively **multiplying the workload and costs** going forward.

### III. The Court Should Deny Plaintiffs Leave to Amend Due to Plaintiffs' Undue Delay

It is well established that undue delay is a proper justification for a district court's denial of leave to amend. *Foman*, 371 U.S. at 182; *Tech. Resource Servs. Inc. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1463 (11th Cir. 1998).

Here, Plaintiffs indicated as early as May 2023 that they planned to amend their Complaint to add "claims for several new Plaintiffs." *See* Email from B. Gudmundson dated May 26, 2023, attached as Exhibit A. They clearly were aware *over ten months ago* of the facts upon which they base their proposed amendments. But they waited until now, well *after* the Court ruled on Siemens' Motion to Dismiss and with discovery scheduled to close at the end of the year, to seek leave to amend the complaint. Plaintiffs offer no justification for their delay. In light of Plaintiffs' undue delay, this Court should deny Plaintiffs leave to amend under Rule 15(a). *See Burger King Corp. v. C.R. Weaver*, 169 F.3d 1310, 1319 (11th Cir.), *cert. dismissed,*

528 U.S. 948 (1999) (affirming district court's three denials of leave to amend, based on delay); *Jameson v. Arrow Co.*, 75 F.3d 1528, 1535 (11th Cir. 1996) (affirming denial of leave to amend discrimination complaint a second time, to add retaliation count, where basic facts concerning retaliation were available at the time the previous amended complaint was filed); *Dornier*, 134 F.3d at 1463 (affirming denial of leave to amend where plaintiff waited four months after learning of basis for amendment, until after discovery was complete, to move to amend).

Plaintiffs argue that they have not unduly delayed amendment because their Motion was brought by the Court-ordered deadline and their amendment was "anticipated by both parties and the Court." ECF No. 95-1, at 9. However, meeting the court-ordered deadline for Plaintiffs' Motion has no bearing on *why* Plaintiffs delayed more than ten months. Similarly, the fact that Siemens and the Court "anticipated" Plaintiffs' possible attempt at a further amendment offers no justification for Plaintiffs delay.[3]

---

[3] Siemens' anticipation of Plaintiffs' amendment was in no way a concession that the amendment was permissible. *See* ECF No. 88, at 16-17 ("At this point, given the passage of time and subsequent briefing on Siemens' Amended Motion to Dismiss, Siemens' position is that Plaintiffs must first seek leave before amending the Complaint to add plaintiffs and claims pursuant to Federal Rule of Civil Procedure 15(a)(2). … Because Plaintiffs intend to amend the Complaint for what is effectively a fourth time by adding new plaintiffs and allegations …, they should have to justify adding plaintiffs or claims (particularly if that will require new conflicts analysis).").

14

## IV. If the Court Is Inclined to Grant Plaintiffs' Motion, the Schedule Will Need to Be Extended to Accommodate a New Motion to Dismiss and Subsequent Discovery on any Surviving New Plaintiffs and Claims

Plaintiffs' Motion should be denied for the many reasons discussed above. However, if the Court is inclined to grant Plaintiffs' Motion, the schedule will need to be extended to accommodate a new motion to dismiss as well as subsequent discovery on any surviving new plaintiffs and claims. As discussed above, if Plaintiffs' Motion is granted, Siemens and the Court will need to address **eighteen plaintiffs** going forward (rather than just twelve), representing **thirteen states** (rather than just nine), asserting **nine different counts** (rather than just six), multiplying the workload going forward. The schedule will require adjustment in these circumstances to allow Siemens the opportunity to fairly defend against these new claims.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for leave to file a First Amended Consolidated Class Action Complaint.

Respectfully submitted,    /s/ Stacey Mohr
Stacey Mohr (GA Bar No. 618207)
EVERSHEDS SUTHERLAND
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 853-800

Facsimile: (404) 853-8806
staceymohr@eversheds-sutherland.com

Toni Michelle Jackson (*Pro Hac Vice*)
Cheryl A. Falvey (*Pro Hac Vice*)
Helen O. Ogunyanwo (*Pro Hac Vice*)
Ruben F. Reyna (*Pro Hac Vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
tjackson@crowell.com
cfalvey@crowell.com
hogunyanwo@crowell.com
rreyna@crowell.com

*Attorneys for Siemens Industry, Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify, in compliance with Local Rule 5.1(C), that the foregoing pleading has been prepared using 14-point Times New Roman font, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

*/s/ Stacey Mohr*
Stacey Mohr

*Attorney for Siemens Industry, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 7, 2024 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *Stacey Mohr*
Stacey Mohr

*Attorney for Siemens Industry, Inc.*