# EXHIBIT 37

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| KEVIN BRNICH ELECTRICAL LLC., *et al.,*<br><br>         Plaintiffs,<br><br>v.<br><br>SIEMENS INDUSTRY, INC.<br><br>         Defendants | Civil Action No.: 22-01229 (MHC) |

**PLAINTIFF PATRICK CATES'S SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO SIEMENS' FIRST SET OF REQUESTS FOR ADMISSION TO
HOMEOWNER PLAINTIFFS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Patrick Cates ("Plaintiff"), by and through undersigned counsel, individually, and on behalf of all others similarly situated, hereby object and respond to Defendant Siemens Industry, Inc.'s ("Siemens") First Set of Requests for Admission to Homeowner Plaintiffs.

**PLAINTIFF CATES'S OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

**INCORPORATED DEFINITIONS:** Siemens purports to "incorporate[] herein the Definitions set forth" in all previous discovery requests. To the extent applicable, Plaintiff Cates incorporates all objections made to those definitions by themselves or other Plaintiffs in their responses to Siemens' discovery requests.

**DEFINITION/INSTRUCTION NO. 3:** "You" and "Your" mean each responding Homeowner Plaintiff, and any agents, representatives, or other Persons acting on the Homeowner Plaintiffs' behalf.

**OBJECTION:** Plaintiff objects to this Definition as impermissibly broad because it includes information that is not in Plaintiff's possession, custody, and control, including, any

1

employees, agents, representatives, or other Persons acting on the Homeowner Plaintiffs' behalf. Plaintiff will respond to each Interrogatory with respect to the information that is in its possession, custody, and control.

**DEFINITION/INSTRUCTION NO. 19:** If the Homeowner Plaintiff objects to a term or phrase as vague or ambiguous, the Homeowner Plaintiff shall respond with his or her understanding of the term or phrase and specifically admit or deny the statement.

**OBJECTION:** Plaintiff Cates objects to this instruction to the extent that it requires Plaintiff Cates to specifically admit or deny a statement where material terms are vague or ambiguous and Plaintiff does not have an understanding of the term or phrase as used in the Request. Where a Request contains material terms that are vague or ambiguous, Plaintiff will not guess as to Siemens' intended meaning of those terms nor provide a response until the parties have a mutual understanding of the nature of the Request. Requiring Plaintiff to specifically admit or deny a statement for which there are vague and/or ambiguous material terms is prejudicial to Plaintiff and violates the Federal Rules of Civil Procedure.

### PLAINTIFF CATES'S SPECIFIC OBJECTIONS AND RESPONSES TO SIEMENS' REQUESTS FOR ADMISSION

**REQUEST NO. 1**: Admit that the home in which You allegedly experienced unwanted tripping was a split-level home.

**RESPONSE:** Deny.

**REQUEST NO. 2**: Admit that the home in which You allegedly experienced unwanted tripping was a single-family home.

**RESPONSE:** Admit.

**REQUEST NO. 3**: Admit that the home in which You allegedly experienced unwanted tripping was a ranch-style home.

**RESPONSE:** Deny.

**REQUEST NO. 4**: Admit that the home in which You allegedly experienced unwanted tripping

was a townhouse.

**RESPONSE:** Deny.

**REQUEST NO. 5**: Admit that the home in which You allegedly experienced unwanted tripping was newly constructed.

**RESPONSE:** Admit.

**REQUEST NO. 6**: Admit that the home in which You allegedly experienced unwanted tripping was a multi-family home.

**RESPONSE:** Plaintiff objects to this Request as duplicative of Request No. 2, for which

a denial would necessarily imply an admission to this Request.

Subject to the foregoing, deny.

**REQUEST NO. 7**: Admit that You were involved in the construction and/or design of the home in which You allegedly experienced unwanted tripping.

**RESPONSE:** Plaintiff objects to this Request as vague because the phrase "involved in"

is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this

Request. It is unclear what kinds of actions or decisions would constitute involvement in the

construction and/or design of the home. Plaintiff will interpret this Request as asking whether

Plaintiff provided any input or made any decision regarding any facet of the home's construction

or design.

Subject to the foregoing, admit.

**REQUEST NO. 8**: Admit that You were not involved in the construction and/or design of the home in which You allegedly experienced unwanted tripping.

**RESPONSE:** Plaintiff objects to this Request as vague because the phrase "involved in"

is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this

Request. It is unclear what kinds of actions or decisions would constitute involvement in the

construction and/or design of the home. Plaintiff will interpret this Request as asking whether

Plaintiff provided any input or made any decision regarding any facet of the home's construction

3

or design. Plaintiff objects to this Request as duplicative of Request No. 7, for which a denial would necessarily imply an admission to this Request.

Subject to the foregoing, deny.

**REQUEST NO. 9**: Admit that You did not personally purchase the Siemens AFCIs that were originally installed in the home in which You allegedly experienced unwanted tripping.

**RESPONSE**: Plaintiff objects to this Request as nonsensical as written. Definition No. 3 states "'You' and 'Your' mean each responding Homeowner Plaintiff, and any agents, representatives, or other Persons acting on the Homeowner Plaintiffs' behalf." Incorporating that definition into this Request and also using the qualifier "personally" makes it unclear whether purchases by some individuals or entities would satisfy the conditions to admit. Plaintiff will interpret this as Request as asking whether Plaintiff Cates did not themselves purchase from a retailer, distributor, or manufacturer, the AFCIs that were originally installed in the home.

Subject to the foregoing, admit.

**REQUEST NO. 10**: Admit that You did not personally purchase the replacement AFCIs that were installed in the home in which You allegedly experienced unwanted tripping.

**RESPONSE**: Plaintiff objects to this Request as nonsensical as written. Definition No. 3 states "'You' and 'Your' mean each responding Homeowner Plaintiff, and any agents, representatives, or other Persons acting on the Homeowner Plaintiffs' behalf." Incorporating that definition into this Request and also using the qualifier "personally" makes it unclear whether purchases by some individuals or entities would satisfy the conditions to admit. Plaintiff will interpret this as Request as asking whether Plaintiff Cates did not themselves directly purchase from a retailer, distributor, or manufacturer, the replacement AFCIs

Subject to the foregoing, deny.

**REQUEST NO. 11**: Admit that the home in which You allegedly experienced unwanted tripping came with a new construction home warranty.

4

**RESPONSE:** Deny.

**REQUEST NO. 12**: Admit that You have no personal knowledge of any statement by Siemens regarding the quality of Siemens AFCIs before those AFCIs were installed in the home in which You allegedly experienced unwanted tripping.

**RESPONSE:** Plaintiff objects to this Request as nonsensical as written. Definition No. 3 states "'You' and 'Your' mean each responding Homeowner Plaintiff, and any agents, representatives, or other Persons acting on the Homeowner Plaintiffs' behalf." Incorporating that definition into this Request and also using the adjective "personal" makes it unclear whose knowledge would satisfy the conditions to admit.

Additionally, Plaintiff objects that the Request is vague because the terms "statement" and "quality" are ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request. It is unclear whether "statement" extends only to affirmative utterances or whether other forms of communications satisfy the conditions to admit. It is also unclear what constitutes a statement about quality, and Plaintiff cannot answer without speculating as to the meaning. Accordingly, Plaintiff cannot answer this Request.

Plaintiff is available to meet and confer on this Request.

**SUPPLEMENTAL RESPONSE:** Plaintiff supplements his response in light of the August 6, 2025, correspondence from Siemens. Incorporating the clarifications provided by Siemens, Plaintiff responds as follows:

Plaintiff stands on his previous objections.

**REQUEST NO. 13**: Admit that You did not personally depend on any statement by Siemens regarding the quality of Siemens AFCIs before those AFCIs were installed in the home in which You allegedly experienced unwanted tripping.

**RESPONSE:** Plaintiff objects to this Request as nonsensical as written. Definition No. 3 states "'You' and 'Your' mean each responding Homeowner Plaintiff, and any agents, representatives, or other Persons acting on the Homeowner Plaintiffs' behalf." Incorporating that

5

definition into this Request and also using the qualifier "personally" makes it unclear whose dependence would satisfy the conditions to admit.

Additionally, Plaintiff objects that the Request is vague because the terms "depend on" "statement" and "quality" are ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request. It is unclear whether "statement" extends only to affirmative utterances or whether other forms of communications satisfy the conditions to admit. It is also unclear what constitutes a statement about quality, and Plaintiff cannot answer without speculating as to the meaning. Finally, it is unclear what actions or states of mind constitutes dependence on a statement, and Plaintiff cannot answer without speculating as to the meaning. Accordingly, Plaintiff cannot answer this Request.

Plaintiff is available to meet and confer on this Request.

**SUPPLEMENTAL RESPONSE:** Plaintiff supplements his response in light of the August 6, 2025, correspondence from Siemens. Incorporating the clarifications provided by Siemens, Plaintiff responds as follows:

Plaintiff stands on his previous objections.

**REQUEST NO. 14**: Admit that You did not personally review any product packaging or labeling for any Siemens AFCI before any Siemens AFCIs were installed in the home in which You allegedly experienced unwanted tripping.

**RESPONSE:** Plaintiff objects to this Request as nonsensical as written. Definition No. 3 states "'You' and 'Your' mean each responding Homeowner Plaintiff, and any agents, representatives, or other Persons acting on the Homeowner Plaintiffs' behalf." Incorporating that definition into this Request and also using the qualifier "personally" makes it unclear whose actions would satisfy the conditions to admit. Plaintiff will interpret this as Request as asking whether Plaintiff Cates did not themselves directly review any product packaging or labeling for any Siemens AFCI.

6

Subject to the foregoing, admit.

**REQUEST NO. 15**: Admit that You did not experience unwanted tripping with every Siemens AFCI installed in the home in which You allegedly experienced unwanted tripping.

**RESPONSE:** Admit.

**REQUEST NO. 16**: Admit that You did not experience unwanted tripping on every circuit where a Siemens AFCI was installed in the home in which you allegedly experienced unwanted tripping.

**RESPONSE:** Admit.

**REQUEST NO. 17**: Admit that You did not contact Siemens concerning the unwanted tripping You allegedly experienced in the home.

**RESPONSE:** Admit.

**REQUEST NO. 18**: Admit that the unwanted tripping You allege you experienced in Your home first occurred during the first three months of You living in the home.

**RESPONSE:** Plaintiff objects that the Request is vague because the phrase "living in the home" is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request. Plaintiff will interpret this Request as asking whether the nuisance tripping first occurred within three months of the date that Plaintiff occupied the home as their primary residence.

Subject to the foregoing, admit.

**REQUEST NO. 19**: Admit that the unwanted tripping You allege you experienced in Your home first occurred during the first six months of You living in the home.

**RESPONSE:** Plaintiff objects that the Request is vague because the phrase "living in the home" is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request. Plaintiff will interpret this phrase as meaning the date that Plaintiff occupied the home as their primary residence. Furthermore, Plaintiff objects that the Request is unclear because it does not indicate whether Plaintiff should admit if Plaintiff already admitted to Request No. 18 (i.e., tripping that first occurred in the first three months of Plaintiff living in

7

their home also necessarily first occurred in the first six months, etc.). Plaintiff will interpret this Request as asking whether Plaintiff first experienced nuisance tripping within four to six months of the date that Plaintiff occupied the home as their primary residence.

Subject to the foregoing, deny.

**REQUEST NO. 20**: Admit that the unwanted tripping You allege you experienced in Your home first occurred during the first nine months of You living in the home.

**RESPONSE:** Plaintiff objects that the Request is vague because the phrase "living in the home" is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request. Plaintiff will interpret this as phrase as meaning the date that Plaintiff occupied the home as their primary residence. Furthermore, Plaintiff objects that the Request is unclear because it does not indicate whether Plaintiff should admit if Plaintiff already admitted to Request Nos. 18 or 19 (i.e., tripping that first occurred in the first six months of Plaintiff living in their home also necessarily first occurred in the first nine months, etc.). Plaintiff will interpret this Request as asking whether Plaintiff first experienced nuisance tripping within seven to nine months of the date that Plaintiff occupied the home as their primary residence.

Subject to the foregoing, deny.

**REQUEST NO. 21**: Admit that the unwanted tripping You allege you experienced in Your home first occurred during the first year of You living in the home.

**RESPONSE:** Plaintiff objects that the Request is vague because the phrase "living in the home" is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request. Plaintiff will interpret this as phrase as meaning the date that Plaintiff occupied the home as their primary residence. Furthermore, Plaintiff objects that the Request is unclear because it does not indicate whether Plaintiff should admit if Plaintiff already admitted to Request Nos. 18, 19, or 20 (i.e., tripping that first occurred in the first nine months of Plaintiff living in their home also necessarily first occurred in the year, etc.). Plaintiff will interpret this

8

Request as asking whether Plaintiff first experienced nuisance tripping within 10 to 12 months of the date that Plaintiff occupied the home as their primary residence.

Subject to the foregoing, deny.

**REQUEST NO. 22**: Admit that the unwanted tripping You allege you experienced in Your home first occurred more than one year after You began living in the home.

**RESPONSE:** Plaintiff objects that the Request is vague because the phrase "living in the home" is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request. Plaintiff will interpret this Request as asking whether the nuisance tripping first occurred more than one year before the date that Plaintiff occupied the home as their primary residence.

Subject to the foregoing, deny.

**REQUEST NO. 23**: Admit that Plaintiffs_00000001 and Plaintiffs_00000008 are the only records of payments by Plaintiff Barrette.

**RESPONSE:** Plaintiff Cates lacks the knowledge to admit or deny this statement. Plaintiff has made a reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny this statement.

**REQUEST NO. 24**: Admit that Siemens never denied You repair of your Siemens AFCIs.

**RESPONSE:** Plaintiff objects to this Request as vague because the Request does not identify a time period. It is unclear whether the Request is limited to repairs to the Siemens AFCIs with which Plaintiff experienced nuisance tripping or includes all Siemens AFCIs. Furthermore, Plaintiff objects to this Request as vague because the term "denied" is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request. It is unclear whether, as used in this Request, a "denial" occurs only when Plaintiff formally requests a repair and Siemens refuses to provide the repair, or if a "denial" also occurs when Plaintiff experiences nuisance tripping from their Siemens AFCIs and Siemens never offers to repair the defective

9

AFCIs. Finally, Plaintiff objects to this Request as vague because it is unclear whether it is referring to a free-of-charge repair, or a repair for which Plaintiff would pay. Plaintiff will interpret this Request as one to admit that Siemens never, upon receiving a formal request by Plaintiff for a free-of-charge repair of Plaintiff's AFCIs which were experiencing nuisance tripping, denied such a request.

Subject to the foregoing, admit.

**REQUEST NO. 25**: Admit that Siemens never denied You replacement of your Siemens AFCIs.

**RESPONSE:** Plaintiff objects to this Request as vague because the Request does not identify a time period. It is unclear whether the Request is limited to replacement of the Siemens AFCIs with which Plaintiff experienced nuisance tripping or includes all Siemens AFCIs. Furthermore, Plaintiff objects to this Request as vague because the term "denied" is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request. It is unclear whether, as used in this Request, a "denial" occurs only when Plaintiff formally requests a replacement and Siemens refuses to provide the replacement, or if a "denial" also occurs when Plaintiff experiences nuisance tripping from their Siemens AFCIs and Siemens never offers to replace the defective AFCIs. Finally, Plaintiff objects to this Request as vague because it is unclear whether it is referring to a free-of-charge replacements, or replacements for which Plaintiff would pay. Plaintiff will interpret this Request as one to admit that Siemens never, upon receiving a formal request by Plaintiff for free-of-charge replacement of Plaintiff's AFCIs which were experiencing nuisance tripping, denied such a request.

Subject to the foregoing, admit.

**REQUEST NO. 26**: Admit that during Your investigation, You did not identify a root cause of the unwanted tripping You allege You experienced in your home.

**RESPONSE:** Plaintiff objects to this Request as vague because the term "root cause" is

10

ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request. Plaintiffs believe that the root cause of the unwanted tripping is a defect in Siemens AFCIs. To that extent, Plaintiff denies the Request. To the extent Siemens intends a different meaning of "root cause," Plaintiff cannot answer without speculating as to the meaning. Accordingly, Plaintiff cannot answer this Request.

Plaintiff is available to meet and confer on this Request.

**SUPPLEMENTAL RESPONSE:** Plaintiff supplements his response in light of the August 6, 2025, correspondence from Siemens. Incorporating the clarifications provided by Siemens, Plaintiff responds as follows:

Plaintiff stands on his previous objections.

**REQUEST NO. 27**: Admit that during Your investigation of the alleged unwanted tripping in Your home, You did not use the Siemens Intelli-Arc diagnostic tool.

**RESPONSE:** To the extent Plaintiff's investigation was in part performed by other individuals, Plaintiff lacks the knowledge to admit or deny this statement as to those other individual's actions.

Subject to the foregoing, as to Plaintiff's individual actions, admit.

**REQUEST NO. 28**: Admit that during Your investigation of the alleged unwanted tripping in Your home, You did not inspect the outlet and associated wiring for arcing fault using the Siemens' Intelli-Arc diagnostic tool.

**RESPONSE:** To the extent Plaintiff's investigation was in part performed by other individuals, Plaintiff lacks the knowledge to admit or deny this statement as to those other individual's actions.

Subject to the foregoing, as to Plaintiff's individual actions, admit.

**REQUEST NO. 29**: Admit that during Your investigation of the alleged unwanted tripping in your home, You did not calculate the total amperage of all loads on the associated circuit to evaluate whether the amperage exceeded the amp rating of the Siemens AFCI.

11

**RESPONSE:** To the extent Plaintiff's investigation was in part performed by other individuals, Plaintiff lacks the knowledge to admit or deny this statement as to those other individual's actions.

Subject to the foregoing, as to Plaintiff's individual actions, admit.

**REQUEST NO. 30**: Admit that during Your investigation of the alleged unwanted tripping in your home, You did not isolate the alleged unwanted tripping to the home-run circuit.

**RESPONSE:** Plaintiff objects to this Request as vague because the term "isolate" is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request. It is unclear what actions or configuration of circuitry constitute "isolat[ing] the alleged unwanted tripping," and Plaintiff cannot answer without speculating as to the meaning. Further, to the extent Plaintiff's investigation was in part performed by other individuals, Plaintiff lacks the knowledge to admit or deny this statement as to those other individual's actions.

Plaintiff is available to meet and confer on this Request.

**REQUEST NO. 31**: Admit that during Your investigation of the alleged unwanted tripping in your home, You did not inspect the wiring on the circuit connected to the tripping Siemens AFCI for arcing fault using the Siemens' Intelli-Arc diagnostic tool.

**RESPONSE:** To the extent Plaintiff's investigation was in part performed by other individuals, Plaintiff lacks the knowledge to admit or deny this statement as to those other individual's actions.

Subject to the foregoing, as to Plaintiff's individual actions, admit.

**REQUEST NO. 32**: Admit that during Your investigation of the alleged unwanted tripping in your home, You did not inspect the isolated circuit associated with the unwanted tripping using the Siemens' Intelli-Arc diagnostic tool.

**RESPONSE:** To the extent Plaintiff's investigation was in part performed by other individuals, Plaintiff lacks the knowledge to admit or deny this statement as to those other individual's actions.

12

Subject to the foregoing, as to Plaintiff's individual actions, admit.

**REQUEST NO. 33**: Admit that during Your investigation of the alleged unwanted tripping in your home, You did not inspect the permanent wiring, and all connected loads associated with the unwanted tripping, for damaged cords.

**RESPONSE:** To the extent Plaintiff's investigation was in part performed by other individuals, Plaintiff lacks the knowledge to admit or deny this statement as to those other individual's actions.

Subject to the foregoing, as to Plaintiff's individual actions, admit.

**REQUEST NO. 34**: Admit that during Your investigation of the alleged unwanted tripping in your home, You did not inspect the permanent wiring, and all connected loads associated with the alleged unwanted tripping, for blackened plugs.

**RESPONSE:** To the extent Plaintiff's investigation was in part performed by other individuals, Plaintiff lacks the knowledge to admit or deny this statement as to those other individual's actions.

Subject to the foregoing, as to Plaintiff's individual actions, admit.

**REQUEST NO. 35**: Admit that during Your investigation of the alleged unwanted tripping in your home, You did not inspect the permanent wiring, and all connected loads associated with the alleged unwanted tripping, for loose or corroded connections.

**RESPONSE:** To the extent Plaintiff's investigation was in part performed by other individuals, Plaintiff lacks the knowledge to admit or deny this statement as to those other individual's actions.

Subject to the foregoing, as to Plaintiff's individual actions, admit.

**REQUEST NO. 36**: Admit that during Your investigation of the alleged unwanted tripping in your home, You did not investigate whether the neutral corresponded with the correct hot wire associated with the alleged unwanted tripping.

**RESPONSE:** Plaintiff objects to this Request as vague because the phrase "investigate whether the neutral corresponded with the correct hot wire associated with the alleged unwanted tripping" is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used

13

in this Request, and Plaintiff cannot answer without speculating as to the meaning. Further, to the extent Plaintiff's investigation was in part performed by other individuals, Plaintiff lacks the knowledge to admit or deny this statement as to those other individual's actions.

Plaintiff is available to meet and confer on this Request.

**REQUEST NO. 37**: Admit that during Your investigation of the alleged unwanted tripping in your home, You did not disconnect the load neutral from the AFCI associated with the alleged unwanted tripping and check for resistance between line neutral and ground.

**RESPONSE:** Plaintiff objects to this Request as vague because the phrase "disconnect the load neutral from the AFCI associated with the alleged unwanted tripping and check for resistance between line neutral and ground" is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request, and Plaintiff cannot answer without speculating as to the meaning. Further, to the extent Plaintiff's investigation was in part performed by other individuals, Plaintiff lacks the knowledge to admit or deny this statement as to those other individual's actions.

Plaintiff is available to meet and confer on this Request.

**REQUEST NO. 38**: Admit that You paid Cash to replace Siemens AFCIs that allegedly experienced unwanted tripping in Your home.

**RESPONSE:** Plaintiff objects to this Request as vague because it is unclear if the Request is asking for the method of payment for the replacement circuit breaker or the method of payment for all costs associated with replacing the defective AFCIs. Plaintiff further objects to this Request as vague because it is unclear whether it is asking if Plaintiff paid in cash exclusively. Plaintiff will interpret this Request as asking whether Plaintiff at any point used Cash to pay for the circuit breakers that Plaintiff eventually used to replace the defective AFCIs.

Subject to the foregoing, deny.

**REQUEST NO. 39**: Admit that You paid by Credit Card to replace Siemens AFCIs that allegedly experienced unwanted tripping in Your home.

14

**RESPONSE:** Plaintiff objects to this Request as vague because it is unclear if the Request is asking for the method of payment for the replacement circuit breaker or the method of payment for all costs associated with replacing the defective AFCIs. Plaintiff further objects to this Request as vague because it is unclear whether it is asking if Plaintiff paid by Credit Card exclusively. Plaintiff will interpret this Request as asking whether Plaintiff at any point used Credit Card to pay for the circuit breakers that Plaintiff eventually used to replace the defective AFCIs.

Subject to the foregoing, deny.

**REQUEST NO. 40**: Admit that You paid by Check to replace the Siemens AFCIs that allegedly experienced unwanted tripping in Your home.

**RESPONSE:** Plaintiff objects to this Request as vague because it is unclear if the Request is asking for the method of payment for the replacement circuit breaker or the method of payment for all costs associated with replacing the defective AFCIs. Plaintiff further objects to this Request as vague because it is unclear whether it is asking if Plaintiff paid by check exclusively. Plaintiff will interpret this Request as asking whether Plaintiff at any point used a check to pay for the circuit breakers that Plaintiff eventually used to replace the defective AFCIs.

Subject to the foregoing, deny.

**REQUEST NO. 41:** Admit that You paid by virtual payment to replace the Siemens AFCIs that allegedly experienced unwanted tripping in Your home.

**RESPONSE:** Plaintiff objects to this Request as vague because it is unclear if the Request is asking for the method of payment for the replacement circuit breaker or the method of payment for all costs associated with replacing the defective AFCIs. Plaintiff further objects to this Request as vague because it is unclear whether it is asking if Plaintiff paid by virtual payment exclusively. Plaintiff will interpret this Request as asking whether Plaintiff at any point

15

used virtual payment to pay for the circuit breakers that Plaintiff eventually used to replace the defective AFCIs.

Subject to the foregoing, deny.

**REQUEST NO. 42:** Admit that You did not incur any cost to replace Siemens AFCIs in Your home.

**RESPONSE:** Plaintiff objects to this Request as vague to the extent that the term "cost" is ambiguous, undefined, and susceptible to multiple reasonable interpretations as used in this Request. It is unclear to which categories of "cost" this Request is referring, and Plaintiffs allege that Siemens' defective AFCIs caused them to incur financial and non-financial costs. *See, e.g.,* SAC ¶¶ 6-10; 139; 193.

To the extent "cost" in this Request means those categories of costs alleged in the complaint, denied.


Dated: August 19, 2025

*/s/ Brian C. Gudmundson*
Brian C. Gudmundson (pro hac vice)
Michael J. Laird (pro hac vice)
Rachel K. Tack (pro hac vice)
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com

Charles H. Van Horn (724710)
**BERMAN FINK VAN HORN P.C.**
3475 Piedmont Road, N.E. Suite 1640
Atlanta, GA 30305
Telephone: (404) 261-7711
cvanhorn@bvflaw.com

Eric A. Kafka (pro hac vice)
Brian E. Johnson (pro hac vice)
**COHEN MILSTEIN SELLERS &**

16

**TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 220025
Telephone: (202) 408-4600
ekafka@cohenmilstein.com
bejohnson@cohenmilstein.com

Daniel C. Hedlund (pro hac vice)
David A. Goodwin (pro hac vice)
Anthony J. Stauber (pro hac vice)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstauber@gustafsongluek.com

E. Adam Webb
G. Franklin Lemond, Jr.
**WEBB, KLASE & LEMOND, LLC**
1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
Telephone: (770) 444-9325
Adam@WebbLLC.com
Franklin@WebbLLC.com

Joseph G. Sauder (pro hac vice)
Matthew D. Schelkopf (pro hac vice)
Joseph B. Kenney (pro hac vice)
**SAUDER SCHELKOPF**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

Bonner C. Walsh (pro hac vice)
**WALSH PLLC**
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
bonner@walshpllc.com

17

*Attorneys for Plaintiffs*

_____

## CERTIFICATE OF SERVICE

I certify that on August 19, 2025, I served counsel of record with the foregoing

document by electronic mail.

/s/ *Anthony J. Stauber*
Anthony J. Stauber