# EXHIBIT 53

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

|  |  |
|---|---|
| KEVIN BRNICH ELECTRIC LLC, *et. al*. | Case No. 1:22-cv-01229-MHC |
| Plaintiffs, | **PLAINTIFF CLIFFORD OAKLEY'S RESPONSES AND OBJECTIONS TO SIEMENS' FIRST SET OF INTERROGATORIES TO HOMEOWNER PLAINTIFFS** |
| v. | |
| SIEMENS INDUSTRY, INC. | |
| Defendant. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Clifford Oakley, by and through undersigned counsel, individually, and on behalf of all others similarly situated, ("Plaintiffs") hereby objects and responds to Defendant Siemens Industry, Inc.'s ("Siemens") First Set of Interrogatories to Homeowner Plaintiffs.

## I.    PLAINTIFFS' OBJECTIONS TO SIEMENS' DEFINITIONS

**DEFINITION NO. 20:**  "Your Siemens' AFCI" or "Your Siemens' AFCIs" means the Siemens-manufactured AFCIs currently installed, or that have been installed, in any home that you currently own or rent, or that you have owned or rented since January 1, 2017.

**OBJECTION:**  Plaintiff objects to the definition of "Your Clients' Siemens AFCI" and "Your Clients' Siemens' AFCIs" as overbroad and not reasonably calculated to lead to discoverable evidence because the definition

includes homes Plaintiff currently rents and does not own or formerly rented or owned, and Plaintiff does not have, nor ever did have, possession of, custody or control over those AFCIs, to the extent any were installed there.

## II.    PLAINTIFFS' OBJECTIONS AND RESPONSES TO SIEMENS' INTERROGATORIES

**INTERROGATORY NO. 1:**    For each of Your Siemens' AFCIs, please state date code as shown in the image below.

**RESPONSE:**    Plaintiff will respond to this Interrogatory with respect to the Siemens' AFCIs installed at any property Plaintiff currently owns and that are within Plaintiff's possession, custody, and control.

Plaintiff states as follows: Plaintiff's AFCIs have the following codes: Siemens Type QFGA2N, AD022, K2007140443; Siemens Type QAF2N, A6333, U1911290681; Siemens Type QAF2N, A6333, U1912091527; Siemens Type QFGA2N, AD022, U2007021010; Siemens Type QAF2N, A6333, K1911290724; Siemens Type QAF2N, A6433, T2002280195; Siemens Type QAF2N, A6333, K1911290721; Siemens Type QAF2N, A6433, U2003041286; AEBMD022, 2001NC; AE4H9022, 1100JF; AE7AD022, 2000V6; AE71D022, 2002X0; and AEA1D022, 20061M.

**INTERROGATORY NO. 2:**    For each of Your Siemens AFCIs, please Identify the Person who purchased the AFCI on Your behalf, the date of purchase, the name of the retailer from whom it was purchased. If the purchase was made

online, please provide the website; and if the purchase was made at a physical location, please provide the address.

**RESPONSE:** Plaintiff objects to his Interrogatory as impermissibly overbroad to the extent it requests details about the purchase of an AFCI made on Plaintiff's behalf, for which Plaintiff lacks any foundation or knowledge, and to the extent it requests information about AFCIs installed at Plaintiff's home that he did not purchase and were not purchased on his behalf. Subject to his objections, Plaintiff will respond to this Interrogatory with respect to the Siemens' AFCIs that Plaintiff purchased and, to the best of his knowledge, with respect to the Siemens' AFCIs purchased on his behalf.

Plaintiff states as follows: Plaintiff purchased 15 Siemens' AFCIs in 2021 as part of a kitchen remodel. He purchased the Siemens AFCIs from several local stores, including Home Depot, Lowes, and Grover Electric and Plumbing.

Plaintiff supplements his response as follows: Plaintiff purchased AFCI breakers from Grover Electric and Plumbing, located at 2902 North Pacific Hwy, Medford, OR on November 11 and December 12, 2021. Plaintiff purchased AFCI breakers from Lowes, located at 3601 Crater Lake Hwy, Medford, OR on November 11, November 16, and December 1, 2021. Lastly, Plaintiff purchased AFCI breakers from Home Depot, located at 3345 N Grove Rd., Phoenix, OR on November 11 and 16, 2021.

**INTERROGATORY NO. 3:**   For each of Your Siemens' AFCIs, please

Identify the date of installation, the physical address of installation, the Person who installed it in Your home, and the company (if any) the installer represents.

**RESPONSE:**  Plaintiff also objects to the extent this Interrogatory as impermissibly overbroad to the extent it requests details about the installation of AFCIs for which Plaintiff lacks any foundation or knowledge because Plaintiff did not install them.  Subject to his objections, Plaintiff will respond to this Interrogatory with respect to the Siemens' AFCIs that Plaintiff installed or had installed on his behalf.

Plaintiff states as follows: Plaintiff installed the Siemens AFCIs in 2021 as part of a kitchen remodel.

Plaintiff supplements his response as follows: The breakers were installed at 180 Morton Way Jacksonville, Oregon 97530. Plaintiff incorporates his Response to Interrogatory 2, *supra.*

**INTERROGATORY NO. 4:**   Please Identify how and when You made the decision to purchase Your Siemens' AFCIs and/or have Your Siemens' AFCIs installed.

**RESPONSE:**   Plaintiff objects to this Interrogatory as impermissibly broad and unduly burdensome to the extent it requests Plaintiff to respond with respect to every instance in which Plaintiff purchased or installed a Siemens' AFCI. Plaintiff also objects due to lack of foundation with respect to Siemens' AFCIs purchased and installed on his behalf.  Subject to these objections, Plaintiff will

4

respond to this Interrogatory only with respect to Siemens' AFCIs that Plaintiff purchased or installed (or had installed).

Plaintiff states as follows: Plaintiff purchased Siemens' AFCIs at the recommendation of a friend who had remodeled his house around the same time as Plaintiff's kitchen remodel. Plaintiff purchased the Siemens' AFCI box because it was large enough to fit his needs and reviewed Oregon Code to determine what breaker types were required by code.

**INTERROGATORY NO. 5:**   Please Identify any research You conducted, including but not limited to, any advertisements, brochures, commercials, or other marketing materials you saw prior to Your decision to purchase Your Siemens' AFCIs and/or have Your Siemens' AFCIs installed.

**RESPONSE:**   Plaintiff did not conduct any research concerning Siemens' AFCIs or view any advertisements, brochures, commercials, or other marketing material prior to the purchase and installation of any AFCIs at his home.

**INTERROGATORY NO. 6:**   Please Identify any conversations You had with Siemens or other persons prior to Your decision to purchase Your Siemens' AFCIs and/or have Your Siemens' AFCIs installed.

**RESPONSE:**   Plaintiff objects to this Interrogatory to the extent it seeks information not within Plaintiff's possession, custody, or control and for which Plaintiff lacks knowledge and foundation. Plaintiff further objects to this Interrogatory as seeking irrelevant information to the extent it seeks information

concerning "any conversations" he had with "other persons" not limited to the subject matter at issue. Plaintiff also objects to the extent this Interrogatory requests information concerning attorney-client privileged communications. Plaintiff will respond to this Interrogatory with respect to conversations he had with Siemens or other persons concerning the subject matter of this litigation.

Subject to that objection, Plaintiff responds to this Interrogatory as follows: Plaintiff did not discuss the subject matter of this litigation with Siemens or any other person.

**INTERROGATORY NO. 7:**   Please Identify any other AFCIs You also considered purchasing or having installed prior to Your decision to purchase Your Siemens' AFCIs and/or have Your Siemens' AFCIs installed.

**RESPONSE:**   Plaintiff responds as follows: Plaintiff has not considered purchasing or installing or having purchased or installed on his behalf any non-Siemens' AFCIs.

**INTERROGATORY NO. 8:**   Please Identify all Persons who have performed Services for You Relating to Your Siemens' AFCIs, including the date(s) of such Services, the type of Services involved, and the cost of those Services.

**RESPONSE:**     Plaintiff responds as follows: No person other than Plaintiff provided services related to his Siemens' AFCIs.

**INTERROGATORY NO. 9:**   Please Identify how and when You became aware of the alleged defect described in the Complaint and all subsequent events of

6

alleged malfunction in Your Siemens' AFCIs due to the alleged defect, including a narrative description of what occurred, the name(s) of the Person(s) who observed the alleged malfunction, any appliances plugged into the electrical circuit at the time.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information on "all" subsequent events of the alleged malfunctions. Plaintiff objects to this Interrogatory to the extent it seeks attorney-client privileged communications and would reveal attorney work product. Subject to his objections, Plaintiff will respond to this Interrogatory and will consider "defect" and "malfunction" to refer to nuisance tripping and will further respond to this Interrogatory only as to the extent of the AFCIs currently or previously installed in his home.

Subject to those objections, Plaintiff states as follows: Plaintiff became aware that Siemens' AFCIs frequently tripped through his own experience with Siemens' AFCIs installed in his home. Plaintiff researched online forums and complaints which suggested that Siemens' AFCIs experienced high rates of nuisance tripping. Plaintiff learned that Siemens' AFCIs nuisance tripping was caused by an alleged defect in the manufacture or design of the AFCI through counsel. Specifically, as alleged in the Consolidated Class Action Complaint (ECF No. 40), the investigation of Plaintiff's counsel revealed that Siemens has not updated its AFCIs to recognize harmless arcing signatures and electric noise that poses no threat of a fire and

7

commonly occurs in a circuit. Consequently, Siemens' AFCIs improperly treat harmless arcing as if it is dangerous, causing the AFCI to falsely identify a dangerous "arc" and to unnecessarily trip and break the flow of electricity in the circuit. Many harmless products can trigger Siemens' AFCIs to unnecessarily trip the breaker.

**INTERROGATORY NO. 10:** Please Identify how You addressed each alleged malfunction of Your Siemens' AFCIs, including the steps You took (or were taken on Your behalf), any repairs made to Your Siemens' AFCIs, the Person(s) who performed those repairs, and whether the repairs were covered by Siemens Standard Limited Warranty or paid for by You.

**RESPONSE:** Plaintiff objects to this Interrogatory as an improper compound Interrogatory. Plaintiff further objects to the extent this interrogatory seeks a legal opinion as to whether the repairs were covered under Siemens' allegedly applicable warranty. Plaintiff further objects to this Interrogatory as seeking information not within Plaintiff's possession, custody, or control and for which Plaintiff lacks knowledge and foundation.

Subject to his objections, Plaintiff responds as follows: Plaintiff installed his Siemens' AFCIs during a kitchen remodel in 2021. Of the 15 Siemens' AFCIs he installed, about half of the Siemens AFCIs experienced nuisance tripping, and tripped upon the use of common kitchen appliances, including his microwave and refrigerator. Plaintiff troubleshooted Siemens' AFCIs by running extension cords from outlets outside of the kitchen to power the appliances. The appliances did not

8

cause any tripping when plugged into outlets outside of the kitchen.    Plaintiff replaced five of the Siemens' AFCIs with other Siemens' brand breakers.

Plaintiff supplements his response as follows: Plaintiff Oakley paid out of pocket for replacement breakers as they were not covered by any warranty.

**INTERROGATORY NO. 11:**    Please Identify any investigations of Your Siemens' AFCIs conducted by You or on Your behalf, including but not limited to the date of each such investigation, amount of time required for each such investigation, the cost of each such investigation, the steps taken to conduct each such investigation, the Person(s) who performed those steps, and the results of any such investigation.

**RESPONSE:** Plaintiff objects to this Interrogatory as an improper compound Interrogatory. Plaintiff further objects to this Interrogatory as seeking information not within Plaintiff's possession, custody, or control and for which Plaintiff lacks knowledge and foundation.

Plaintiff states as follows: Plaintiff refers Siemens to his Response to Interrogatory No. 10. Plaintiff is not aware of any other investigation conducted by any other Person on his behalf.

**INTERROGATORY NO. 12:**    Please Identify any testing of Your Siemens' AFCIs conducted by You or on Your behalf, including but not limited to the type(s) of testing conducted, the date(s) and duration of any testing, the physical location where any testing occurred, the instruments and/or equipment used, the

Person(s) who conducted any such testing, the cost of any such testing, and the results of any such testing.

**RESPONSE:** Plaintiff objects to this Interrogatory as an improper compound Interrogatory. Plaintiff further objects to this Interrogatory as seeking information not within Plaintiff's possession, custody, or control and for which Plaintiff lacks knowledge and foundation.

Plaintiff states as follows: Plaintiff refers Siemens to its Response to Interrogatory No. 10. Plaintiff is not aware of any other testing conducted by any other Person on his behalf.

**INTERROGATORY NO. 13:**    Identify the type, model, and version of any of Your Siemens' AFCIs that You contend have experienced Nuisance Tripping.

**RESPONSE:**   Subject to these objections, Plaintiff will respond to this Interrogatory with respect to the Siemens' AFCIs that experienced nuisance tripping and that are within Plaintiff's possession, custody, and control.

Plaintiff states as follows: Plaintiff refers Siemens to his response to Interrogatory No. 1.

**INTERROGATORY NO. 14:**    Please Identify any Replacement AFCIs that You purchased or that were purchased on Your behalf since January 1, 2017, including the brand, type, model, and version of any Replacement AFCIs; the

10

date(s) of purchase, the amount You paid for any Replacement AFCIs, the physical location(s) or website from which any Replacement AFCIs) were purchased; if not you, the Person who purchased any Replacement AFCIs; and the type, model, and version of Your Siemens' AFCIs that were replaced.

**RESPONSE:** Plaintiff objects to this Interrogatory as an improper compound interrogatory. Plaintiff further objects to this Interrogatory to the extent it seeks information not within Plaintiff's possession, custody, or control.

Subject to those objections, Plaintiff responds as follows: Plaintiff purchased replacement AFCIs from Home Depot, Lowe's, and Grover Electric and Plumbing in 2021.

Plaintiff supplements his response as follows: Plaintiff purchased non-AFCI/non-GFCI replacement breakers from Grover Electric and Plumbing, located at 2902 North Pacific Hwy, Medford, OR on November 11 and December 12, 2021. Plaintiff purchased AFCI breakers from Lowes, located at 3601 Crater Lake Hwy, Medford, OR on November 11, November 16, and December 1, 2021. Lastly, Plaintiff purchased AFCI breakers from Home Depot, located at 3345 N Grove Rd., Phoenix, OR on November 11 and 16, 2021. Plaintiff's replacement breakers are as follows: (1) Type QAF2N, A6333, U1911290681; (2) Type QAF2N, A6333, U1912091527; (3) Type QFGA2N, AD022, U2007021010, (4) Type QAF2N, A6333, K1911290724, (5) Type QPF2N, A9022, R2005110517, (6) Type QAF2N, A6433, T2002280195, (7) Type QAF2N, A6333, K1911290721, (8)

20

Type QAF2N, A64333, U2003041286, (9) Type L-5538 E82615, (10) Type L-5538 E82615, (11) Type L-5538 E82615, (12) Type L-5538, (13) Type L-5538 E82615, (14) Type L-5538 E82615.

**INTERROGATORY NO. 15:**    Please describe any other steps taken by You or anyone on Your behalf to resolve any tripping of Your Siemens' AFCIs, including any request made directly to Siemens for repair or replacement of Your Siemens' AFCIs under the Siemens Standard Limited Warranty, and state whether You were ever denied repair and/or replacement of Your Siemens' AFCIs during the warranty period.

**RESPONSE:** Plaintiff objects to this Interrogatory as an improper compound Interrogatory. Plaintiff further objects to this Interrogatory as unduly burdensome because information responsive to this Interrogatory is already in Siemens' possession. Subject to those objections, Plaintiff will respond with respect to AFCIs that Plaintiff purchased and installed in his home or, to the best of his knowledge, with respect to AFCIs that were purchased or installed in his home on his behalf.

Plaintiff states as follows: Plaintiff refers Siemens to his Response to Interrogatory No. 10. Plaintiff is not aware of any other steps taken by any other person to resolve any tripping of Plaintiff's AFCIs.

**INTERROGATORY NO. 16:**    Please describe the factual basis for Your claim that had You known that Siemens' AFCIs allegedly suffered from alleged Nuisance Tripping, You would not have purchased Your Siemens' AFCIs or

20

would have paid less than You did.

**RESPONSE:** Plaintiff objects to this Interrogatory as nonsensical as written, as Plaintiff's allegation stands for itself. Plaintiff further objects to the use of "factual basis" as vague in the context of this Interrogatory.

Subject to those objections, Plaintiff responds as follows: The purpose of an AFCI is to trip in the presence of dangerous arcs and, furthermore, to allow electricity to flow in a circuit without dangerous arcs. Where an AFCI trips in the presence of harmless arcing signatures or electrical noise, or due to the use of common household appliances, the AFCI fails to perform its essential purpose. Siemens' AFCIs frequently trip in the presence of harmless arcs, meaning that the AFCIs repeatedly cut the flow of electricity in circuits that present no danger from electrical arcs. These defects undermine the essential purpose of an AFCI, reducing the value and usefulness of Siemens' AFCIs. Consequently, had Plaintiff known that Siemens' AFCIs could not perform the basic and expected functions of an AFCI, he would not have purchased the device or would have paid substantially less for it.

**INTERROGATORY NO. 17:** Please describe the information that You claim Siemens failed to disclose concerning Your Siemens' AFCIs, and state Your factual basis for this belief.

**RESPONSE:** Plaintiff objects to this Interrogatory as nonsensical as written to the extent it seeks information Siemens "failed to disclose", which would be uniquely, if not exclusively, in Siemens' possession.

20

Subject to these objections, Plaintiff responds as follows: Siemens omitted that its AFCIs fail to perform the essential function of an AFCI because they do not permit electricity to flow in a circuit where no dangerous arcing is occurring. Siemens further omitted material information concerning the function of its AFCIs, including the possibility that its AFCIs may trip even where no dangerous arcs are present in the circuit. Siemens also omitted information it had concerning the frequency and extent of nuisance tripping in its AFCIs.

Siemens omitted information about the potential causes of nuisance tripping in its AFCIs, including that common household appliances may not be compatible with Siemens' AFCIs because the AFCI will trip in their presence without any dangerous arcing in the circuit; that electric noise may cause Siemens' AFCIs to trip even where no dangerous arc exists in the circuit; that other aspects of the design or manufacture of Siemens' AFCIs may cause it to trip even where no dangerous arc exists in the circuit.

Siemens further made representations and disclosures that, because they were misleading, obligated Siemens to make further clarifying representations. These include: Siemens' representation that nuisance tripping was a myth or that it was a safety feature when Siemens knew its AFCIs tripped in harmless circumstances and, thus, was neither a myth nor part of the safety benefits of an AFCI; Siemens' representations that the cause of nuisance tripping was due to the fault of the homeowner or electrician, including in its "Debunking the Myths of AFCI" where

20

Siemens blamed "creative wiring solutions"; and, Siemens' troubleshooting guide that listed some potential causes and solutions to nuisance tripping of Siemens' AFCIs, but failed to disclose that the nuisance tripping may be due to the design, manufacture, or function of the AFCI. Siemens, furthermore, improperly omitted information regarding the potential causes of nuisance tripping in its Intell-Arc Diagnostic Tool and trip indicators, which failed to inform users that the cause of any nuisance tripping may be due to the design or manufacture of the AFCI.

**INTERROGATORY NO. 18:**    Please Identify any other experience You have had with alleged Nuisance Tripping of AFCIs, including the date(s) of the event(s), the brand of the AFCI that experienced alleged Nuisance Tripping, any steps performed by You or on Your behalf to investigate or otherwise resolve the alleged Nuisance Tripping, and a description of how any alleged Nuisance Tripping was resolved.

**RESPONSE:** Plaintiff further objects to this Interrogatory as an improper compound Interrogatory.

Subject to that objection, Plaintiff responds as follows: Plaintiff has not experienced any nuisance tripping with respect to any non-Siemens' AFCIs.

**INTERROGATORY NO. 19:**    Please Identify any oral or written Communication between You or another Person on Your behalf and Siemens relating to alleged Nuisance Tripping, including the date(s) of any Communication(s); if not You, the Person communicating on Your behalf; the name

20

of the Person(s) at Siemens involved in that Communication, and the substance of any Communication.

**RESPONSE:**   Plaintiff objects to this Interrogatory to the extent it seeks information not in Plaintiff's possession, custody, or control.

Subject to that objection, Plaintiff responds as follows: Prior to this litigation, Plaintiff did not have any oral or written communications with Siemens.

**INTERROGATORY NO. 20:**      Please Identify any facts You contend support Your allegation that Your Siemens AFCIs experienced Nuisance Tripping as a result of a defect.

**RESPONSE:**   Plaintiff responds as follows: AFCI breakers are not supposed to trip from the use of common appliances or harmless electronic noise, and instead, should only trip in the presence of dangerous arcs. The National Electric Manufacturers Association ("NEMA"), has stated that "[AFCI] devices cannot nuisance trip" and should be able to "know[] the difference between an arc from normal operations, such as unplugging a cord or opening a switch, and a destructive arc. Where AFCIs experience nuisance tripping, homeowners and electricians cannot identify whether the trip was due to a dangerous arc (which must be rectified) or not, ruining the device's safety benefit.

Siemens has also acknowledged that AFCIs should not nuisance trip.  In fact, Siemens publicly claimed that nuisance tripping in its products was a "myth" and that, when it did occur, it was due to errors by homeowners and electricians. Siemens

20

said of its AFCIs that "[t]he majority of the time, these breakers trip because they are supposed to[,]" implying that if its AFCIs are tripping, then there is a dangerous arc. Siemens claimed its breakers "ha[d] been thoroughly tested to dramatically decrease the amount of nuisance tripping" and that it had developed "[s]olutions" to nuisance tripping. When nuisance tripping occurred, Siemens blamed homeowners and electricians both in its public statements and in its trouble shooting guide. Siemens, furthermore, made public statements and created additional products, presentations, and guides to misdirect consumers and electricians as to the cause of the nuisance tripping, which indicates Siemens knew its AFCIs should not be experience nuisance tripping in harmless circumstances.

Although by Siemens' own admission, AFCIs are not supposed to unnecessarily nuisance trip and should allow the flow of electricity where no dangerous arcs are present, Siemens' AFCIs repeatedly and unnecessarily trip when connected to a circuit without any dangerous arcs. Siemens' own AFCI testing purportedly confirmed that its AFCIs break the flow of electricity in safe circuits, including "where an appliance is drawing high amps" or due to "electric noise caused by loads on the circuits." Numerous complaints and public forum reports by consumers and Plaintiff's own experiences establish that Siemens' AFCIs trip experience nuisance tripping where no dangerous arcs exist in a circuit.

**INTERROGATORY NO. 21:**    Please Identify any facts You contend support Your alleged damages as a result of alleged Nuisance Tripping of Your

20

Siemens' AFCIs, including any costs or expenses You incurred that You contend are related to any alleged defect in Your Siemens' AFCIs.

**RESPONSE:**   Plaintiff also objects to this Interrogatory as a premature contention interrogatory and as premature to the extent expert testimony is required to evaluate the amount and extent of any damages.

Subject to his objections, Plaintiff states as follows: Plaintiff has suffered significant harm as a result of Siemens' AFCIs experiencing nuisance tripping where no dangerous arcing has occurred on the circuit. This includes: loss of use and enjoyment of his property and appliances which, because they cause Siemens' AFCIs to trip, cannot be used on some or all outlets in his home; lost time and effort Plaintiff spent addressing the nuisance tripping; and expenses incurred purchasing new AFCIs and other breakers. Plaintiff has also lost the value of all his AFCIs that experienced or continue to experience nuisance tripping, reducing the value of those AFCIs because they do not perform the essential functions of an AFCI.

Dated: December 13, 2024

*/s/ Brian C. Gudmundson*
Brian C. Gudmundson (*pro hac vice*)
Michael J. Laird (*pro hac vice*)
Rachel K. Tack (*pro hac vice*)
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com

20

Charles H. Van Horn (724710)
**BERMAN FINK VAN HORN P.C.**
3475 Piedmont Road, N.E. Suite 1640
Atlanta, GA 30305
Telephone: (404) 261-7711
cvanhorn@bvfvlaw.com

Eric A. Kafka (*pro hac vice*)
Brian E. Johnson (*pro hac vice*)
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 220025
Telephone: (202) 408-4600
ekafka@cohenmilstein.com
bejohnson@cohenmilstein.com

Daniel C. Hedlund (*pro hac vice*)
David A. Goodwin (*pro hac vice*)
Anthony J. Stauber (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstauber@gustafsongluek.com

E. Adam Webb
G. Franklin Lemond, Jr.
**WEBB, KLASE & LEMOND, LLC**
1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
Telephone: (770) 444-9325
Adam@WebbLLC.com
Franklin@WebbLLC.com

Joseph G. Sauder (*pro hac
vice*) Matthew D.

20

Schelkopf (*pro hac vice*)
Joseph B. Kenney (*pro hac vice*) **SAUDER SCHELKOPF**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

Bonner C. Walsh (*pro hac vice*)
**WALSH LLC**
1561 Long Haul Road
Grangeville, ID  83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
bonner@walshpllc.com

*Attorneys for Plaintiffs*

20

## VERIFICATION

I, Clifford Oakley, state as follows:

1.      I am the Plaintiff in this action.

2.      I have read the foregoing Answers to Interrogatories and subscribe to them personally. Said Answers have been prepared on the advice and with the assistance of counsel, and are based upon information that is obtained from records still in existence, presently recollected, or thus far discovered in the course of preparation of such Answers. Subject to inadvertent or undiscovered error or omission and to the limitations set forth herein, said Answers are true and correct to the best of my present knowledge, information, and belief.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____, 2024.          _____
                                                             Clifford Oakley


21

# CERTIFICATE OF SERVICE

I certify that on December 13, 2024, I served counsel of record with the foregoing document by electronic mail.

*/s/ Anthony J. Stauber*