# EXHIBIT 55

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| KEVIN BRNICH ELECTRIC LLC, *et. al*. | ) ) ) Case No. 1:22-cv-01229-MHC |
| Plaintiffs, | ) ) **PLAINTIFF BRYAN BUTAKIS'S** |
| | ) **RESPONSES AND OBJECTIONS** |
| v. | ) **TO SIEMENS' FIRST SET OF** |
| | ) **INTERROGATORIES TO** |
| | ) **HOMEOWNER PLAINTIFFS** |
| SIEMENS INDUSTRY, INC. | ) |
| Defendant. | ) ) |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Bryan Butakis, by and through undersigned counsel, individually, and on behalf of all others similarly situated, ("Plaintiffs") hereby objects and responds to Defendant Siemens Industry, Inc.'s ("Siemens") First Set of Interrogatories to Homeowner Plaintiffs.

## I.    PLAINTIFFS' OBJECTIONS TO SIEMENS' DEFINITIONS

**DEFINITION NO. 20:**  "Your Siemens' AFCI" or "Your Siemens' AFCIs" means the Siemens-manufactured AFCIs currently installed, or that have been installed, in any home that you currently own or rent, or that you have owned or rented since January 1, 2017.

**OBJECTION:**  Plaintiff objects to the definition of "Your Clients' Siemens AFCI" and "Your Clients' Siemens' AFCIs" as overbroad and not

reasonably calculated to lead to discoverable evidence because the definition includes homes Plaintiff currently rents and does not own or formerly rented or owned, and Plaintiff does not have, nor ever did have, possession of, custody or control over those AFCIs, to the extent any were installed there.

## II. PLAINTIFFS' OBJECTIONS AND RESPONSES TO SIEMENS' INTERROGATORIES

**INTERROGATORY NO. 1:** For each of Your Siemens' AFCIs, please state date code as shown in the image below.

**RESPONSE:** Plaintiff will respond to this Interrogatory with respect to the Siemens' AFCIs installed at any property Plaintiff currently owns and that are within Plaintiff's possession, custody, and control.

Plaintiff states as follows: The codes on Plaintiff's AFCIS are: Type QAF2N, A6433, K2012052917; Type QAF2N, A6433, K2012052919; Type QFGA2, AD022, N2011241415; Type QAF2N, AC233, J2201052688; Type QAF2N, AC233, T2201060666; Type QAF2N, AC233, J2201052689; Type QAF2N, AC433, K2012052379; Type QAF2N, AC433, T2012050134; Type QAF2N, AC433, K2012052381; Type QAF2N, AC233, N2202021969; Type QAF2N, A6433, K2012052383; Type QAF2N, A6433, K2012052384; Type QAF2N, A6433, K2012052347; Type QFGA2, AD022, O2006240897; Type QFGA2, AD022, K2101290148; Type QFGA2, AD022, P2101290160; Type QFGA2, AD022,

2

P2101290159; Type QFGA2, AD022, L2101290169; and, Type QAF2N, AC233, R2201051175.

**INTERROGATORY NO. 2:** For each of Your Siemens AFCIs, please Identify the Person who purchased the AFCI on Your behalf, the date of purchase, the name of the retailer from whom it was purchased. If the purchase was made online, please provide the website; and if the purchase was made at a physical location, please provide the address.

**RESPONSE:** Plaintiff objects to his Interrogatory as impermissibly overbroad to the extent it requests details about the purchase of an AFCI made on Plaintiff's behalf, for which Plaintiff lacks any foundation or knowledge, and to the extent it requests information about AFCIs installed at Plaintiff's home that he did not purchase and were not purchased on his behalf. Subject to his objections, Plaintiff will respond to this Interrogatory with respect to the Siemens' AFCIs that Plaintiff purchased and, to the best of his knowledge, with respect to the Siemens' AFCIs purchased on his behalf.

Plaintiff states as follows: the AFCIs installed in Plaintiff's current home were purchased by the homebuilder who first built Plaintiff's home or were otherwise purchased on the homebuilder's behalf. Plaintiff has no information relevant to where the homebuilder purchased the Siemens' AFCIs. The Siemens AFCIs would have been purchased before July 2021, when Plaintiff first moved into his home.

Any replacement breakers were purchased by the home builder or an electrician on Plaintiff's behalf. Plaintiff has no knowledge of when or where the replacement AFCIs were purchased.

Plaintiff supplements his response as follows: NVR is the homebuilder that built Plaintiff's home. Matt Finney of RKM is the electrician who installed the replacement breakers. Plaintiff Butakis does not know if Matt Finney and/or RKM purchased the replacement breakers or if they were supplied by Siemens at no charge.

**INTERROGATORY NO. 3:** For each of Your Siemens' AFCIs, please Identify the date of installation, the physical address of installation, the Person who installed it in Your home, and the company (if any) the installer represents.

**RESPONSE:** Plaintiff also objects to the extent this Interrogatory as impermissibly overbroad to the extent it requests details about the installation of AFCIs for which Plaintiff lacks any foundation or knowledge because Plaintiff did not install them. Subject to his objections, Plaintiff will respond to this Interrogatory with respect to the Siemens' AFCIs that Plaintiff installed or had installed on his behalf.

Plaintiff states as follows: the Siemens AFCIs installed in Plaintiff's home were installed by the homebuilder who first built Plaintiff's home, or otherwise on the homebuilder's behalf. Those Siemens AFCIs were installed before July 2021, when Plaintiff moved into his home. Any replacement breakers were installed by

4

the homebuilder or by an electrician on Plaintiff's behalf. The home builder installed replacement breakers around November 2021, and an electrician installed replacement breakers around May 2022.

Plaintiff supplements his response as follows: 1924 Fitzgerald Lane West Chester, PA 19380. Plaintiff incorporates his response to Interrogatory 2, *supra.*

**INTERROGATORY NO. 4:**   Please Identify how and when You made the decision to purchase Your Siemens' AFCIs and/or have Your Siemens' AFCIs installed.

**RESPONSE:**   Plaintiff objects to this Interrogatory as impermissibly broad and unduly burdensome to the extent it requests Plaintiff to respond with respect to every instance in which Plaintiff purchased or installed a Siemens' AFCI. Plaintiff also objects due to lack of foundation with respect to Siemens' AFCIs purchased and installed on his behalf. Subject to these objections, Plaintiff will respond to this Interrogatory only with respect to Siemens' AFCIs that Plaintiff purchased or installed (or had installed).

Plaintiff states as follows: As to the AFCIs installed by the homebuilder, Plaintiff has no responsive information because he lacks any knowledge or foundation as to the decision of the homebuilder to purchase and install Siemens' AFCIs. As to the replacement breakers installed in his home, Plaintiff followed the recommendation of the homebuilder and electrician as to which replacement breakers to install.

5

**INTERROGATORY NO. 5:**   Please Identify any research You conducted, including but not limited to, any advertisements, brochures, commercials, or other marketing materials you saw prior to Your decision to purchase Your Siemens' AFCIs and/or have Your Siemens' AFCIs installed.

**RESPONSE:**   Plaintiff did not conduct any research or view any advertisements, brochures, commercials, or other marketing material prior to the purchase and installation of any Siemens AFCIs at his home.

**INTERROGATORY NO. 6:**   Please Identify any conversations You had with Siemens or other persons prior to Your decision to purchase Your Siemens' AFCIs and/or have Your Siemens' AFCIs installed.

**RESPONSE:**    Plaintiff objects to this Interrogatory to the extent it seeks information not within Plaintiff's possession, custody, or control and for which Plaintiff lacks knowledge and foundation. Plaintiff further objects to this Interrogatory as seeking irrelevant information to the extent it seeks information concerning "any conversations" he had with "other persons" not limited to the subject matter at issue. Plaintiff also objects to the extent this Interrogatory requests information concerning attorney-client privileged communications. Plaintiff will respond to this Interrogatory with respect to conversations he had with Siemens or other persons concerning the subject matter of this litigation.

Subject to that objection, Plaintiff responds to this Interrogatory as follows: Plaintiff discussed information related to Siemens AFCIs and nuisance tripping with

6

Docusign Envelope ID: 1848341B-0AB3-443B-99BC-1A21E35F680A

the homebuilder, his electrician, and Siemens.

Plaintiff supplements his response as follows: On July 30, 2021, Plaintiff spoke with Luis Castillo of NVR where Plaintiff reported an issue with breakers tripping in his home. Mr. Castillo informed Plaintiff that Siemens representatives (names unknown) had been onsite (date unknown) and that there was a "known issue" with the breakers and faulty tripping. On November 18, 2021, Plaintiff Butakis spoke with Matt Finney of RKM. Mr. Finney serviced Plaintiff's home and replaced faulty breakers (number unknown). Mr. Finney informed Plaintiff that Siemens was working on replacements for their faulty breakers and that Mr. Finney had numerous prototypes of Siemens' replacement breakers that he could install in Plaintiff's home. Mr. Finney did not install Siemens prototypes and instead installed GFCI breakers. On May 6, 2022, Plaintiff had another conversation with his electrician, Mr. Finney, to report breakers tripping. Mr. Finney serviced Plaintiff's home and replaced numerous (number unknown) faulty breakers. Mr. Finney informed Plaintiff that the replacement breakers were Siemens' updated versions (version unknown). Plaintiff requested that Mr. Finney return to his home and replace all of his breakers with the updated versions but Mr. Finney denied his request.

**INTERROGATORY NO. 7:**   Please Identify any other AFCIs You also considered purchasing or having installed prior to Your decision to purchase Your Siemens' AFCIs and/or have Your Siemens' AFCIs installed.

**RESPONSE:** Plaintiff responds as follows: Plaintiff has not considered purchasing or installing or having purchased or installed on his behalf any non-Siemens' AFCIs.

**INTERROGATORY NO. 8:** Please Identify all Persons who have performed Services for You Relating to Your Siemens' AFCIs, including the date(s) of such Services, the type of Services involved, and the cost of those Services.

**RESPONSE:** Plaintiff responds as follows: The Siemens AFCIs in Plaintiff's home were serviced by the homebuilder, NV, and project manager, Luis Castillo, and an electrician, RKM.

Plaintiff supplements his response as follows: Plaintiff had GFCI replacement breakers installed in his home on November 18, 2021 and Siemens' updated versions of AFCI breakers on May 6, 2022. Both service visits were performed by Matt Finney of RKM. The breakers were replaced under his new home warranty at no cost to Plaintiff.

**INTERROGATORY NO. 9:** Please Identify how and when You became aware of the alleged defect described in the Complaint and all subsequent events of alleged malfunction in Your Siemens' AFCIs due to the alleged defect, including a narrative description of what occurred, the name(s) of the Person(s) who observed the alleged malfunction, any appliances plugged into the electrical circuit at the time.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad and unduly

8

burdensome to the extent it seeks information on "all" subsequent events of the alleged malfunctions. Plaintiff objects to this Interrogatory to the extent it seeks attorney-client privileged communications and would reveal attorney work product. Subject to his objections, Plaintiff will respond to this Interrogatory and will consider "defect" and "malfunction" to refer to nuisance tripping and will further respond to this Interrogatory only as to the extent of the AFCIs currently or previously installed in his home.

Subject to those objections, Plaintiff states as follows: Plaintiff became aware that Siemens' AFCIs frequently tripped through his own experience with Siemens' AFCIs installed in his home. However, Plaintiff learned that Siemens' AFCIs nuisance tripping was caused by an alleged defect in the manufacture or design of the AFCI through counsel. Specifically, as alleged in the Consolidated Class Action Complaint (ECF No. 40), the investigation of Plaintiff's counsel revealed that Siemens has not updated its AFCIs to recognize harmless arcing signatures and electric noise that poses no threat of a fire and commonly occurs in a circuit. Consequently, Siemens' AFCIs improperly treat harmless arcing as if it is dangerous, causing the AFCI to falsely identify a dangerous "arc" and to unnecessarily trip and break the flow of electricity in the circuit. Many harmless products can trigger Siemens' AFCIs to unnecessarily trip the breaker.

**INTERROGATORY NO. 10:**    Please Identify how You addressed each alleged malfunction of Your Siemens' AFCIs, including the steps You took (or

9

were taken on Your behalf), any repairs made to Your Siemens' AFCIs, the Person(s) who performed those repairs, and whether the repairs were covered by Siemens Standard Limited Warranty or paid for by You.

**RESPONSE:** Plaintiff objects to this Interrogatory as an improper compound Interrogatory. Plaintiff further objects to the extent this interrogatory seeks a legal opinion as to whether the repairs were covered under Siemens' allegedly applicable warranty. Plaintiff further objects to this Interrogatory as seeking information not within Plaintiff's possession, custody, or control and for which Plaintiff lacks knowledge and foundation.

Subject to his objections, Plaintiff responds as follows: Plaintiff contacted the homebuilder in 2021 upon experiencing nuisance tripping of the Siemens' AFCIs installed in his home. Plaintiff's AFCIs tripped upon using basic appliances, including his refrigerator and microwave, which caused his Siemens AFCIs to trip daily. Plaintiff contacted Siemens and his homebuilder to request that the Siemens AFCIs be replaced with non-defective versions. Pursuant to that request, the homebuilder replaced the Siemens AFCIs in November 2021. After replacement of the Siemens AFCIs in 2021, the nuisance tripping continued in 2022. Plaintiff again contacted his homebuilder in April and May of 2022, and the homebuilder sent an electrician to Plaintiff's home to investigate the nuisance tripping. The electrician subsequently replaced 5 AFCIs of the 15 Siemens' AFCIs in Plaintiff's electrical

10

panel box. The electrician, however, would not replace 10 other Siemens' AFCIs, which were then and continue now to experience nuisance tripping.

Plaintiff supplements his response as follows: Plaintiff states that no investigation was done before, during, of after replacing the AFCI breakers in Plaintiff's home. Both Luis Castillo of NV and Matt Finney of RKM told Plaintiff that they knew the breakers were faulty and therefore did not identify a need to perform any investigation. Plaintiff is unaware of any costs that either NV or RKM incurred related to their services.

**INTERROGATORY NO. 11:**    Please Identify any investigations of Your Siemens' AFCIs conducted by You or on Your behalf, including but not limited to the date of each such investigation, amount of time required for each such investigation, the cost of each such investigation, the steps taken to conduct each such investigation, the Person(s) who performed those steps, and the results of any such investigation.

**RESPONSE:** Plaintiff objects to this Interrogatory as an improper compound Interrogatory. Plaintiff further objects to this Interrogatory as seeking information not within Plaintiff's possession, custody, or control and for which Plaintiff lacks knowledge and foundation.

Plaintiff states as follows: Plaintiff refers Siemens to his Response to Interrogatory No. 10. Plaintiff is not aware of any other investigation conducted by any other Person on his behalf.

**INTERROGATORY NO. 12:** Please Identify any testing of Your Siemens' AFCIs conducted by You or on Your behalf, including but not limited to the type(s) of testing conducted, the date(s) and duration of any testing, the physical location where any testing occurred, the instruments and/or equipment used, the Person(s) who conducted any such testing, the cost of any such testing, and the results of any such testing.

**RESPONSE:** Plaintiff objects to this Interrogatory as an improper compound Interrogatory. Plaintiff further objects to this Interrogatory as seeking information not within Plaintiff's possession, custody, or control and for which Plaintiff lacks knowledge and foundation.

Plaintiff states as follows: Plaintiff refers Siemens to his Response to Interrogatory No. 10. Plaintiff is not aware of any other testing conducted by any other Person on his behalf.

**INTERROGATORY NO. 13:** Identify the type, model, and version of any of Your Siemens' AFCIs that You contend have experienced Nuisance Tripping.

**RESPONSE:** Subject to these objections, Plaintiff will respond to this Interrogatory with respect to the Siemens' AFCIs that experienced nuisance tripping and that are within Plaintiff's possession, custody, and control.

Plaintiff states as follows: Plaintiff is not in possession of the Siemens AFCI's that were replaced.

Plaintiff supplements his response as follows: Type QAF2N, Model A6433, CAFCI Circuit Breaker & Combination Type AFCI, Issue No. 0102202. Plaintiff is unaware of the version of these breakers.

**INTERROGATORY NO. 14:**    Please Identify any Replacement AFCIs that You purchased or that were purchased on Your behalf since January 1, 2017, including the brand, type, model, and version of any Replacement AFCIs; the date(s) of purchase, the amount You paid for any Replacement AFCIs, the physical location(s) or website from which any Replacement AFCIs) were purchased; if not you, the Person who purchased any Replacement AFCIs; and the type, model, and version of Your Siemens' AFCIs that were replaced.

**RESPONSE:** Plaintiff objects to this Interrogatory as an improper compound interrogatory. Plaintiff further objects to this Interrogatory to the extent it seeks information not within Plaintiff's possession, custody, or control.

Subject to those objections, Plaintiff responds as follows: An electrician replaced 5 of Plaintiff's Siemens' AFCIs. Plaintiff has no knowledge of the exact date or where the Replacement AFCIs were purchased. Plaintiff did not pay for the replacement AFCIs, which were covered under his home warranty.

Plaintiff supplements his response as follows: Type QAF2N, Model AC233, CAFCI Circuit Breaker & Combination Type AFCI, Issue No. 0117742. Plaintiff is unaware of the version of these breakers.

**INTERROGATORY NO. 15:**    Please describe any other steps taken

by You or anyone on Your behalf to resolve any tripping of Your Siemens' AFCIs, including any request made directly to Siemens for repair or replacement of Your Siemens' AFCIs under the Siemens Standard Limited Warranty, and state whether You were ever denied repair and/or replacement of Your Siemens' AFCIs during the warranty period.

**RESPONSE:** Plaintiff objects to this Interrogatory as an improper compound Interrogatory. Plaintiff further objects to this Interrogatory as unduly burdensome because information responsive to this Interrogatory is already in Siemens' possession. Subject to those objections, Plaintiff will respond with respect to AFCIs that Plaintiff purchased and installed in his home or, to the best of his knowledge, with respect to AFCIs that were purchased or installed in his home on his behalf.

Plaintiff states as follows: Plaintiff refers Siemens to his Response to Interrogatory No. 10. Plaintiff is not aware of any other steps taken by any other person to resolve any tripping of Plaintiff's AFCIs.

**INTERROGATORY NO. 16:**    Please describe the factual basis for Your claim that had You known that Siemens' AFCIs allegedly suffered from alleged Nuisance Tripping, You would not have purchased Your Siemens' AFCIs or would have paid less than You did.

**RESPONSE:** Plaintiff objects to this Interrogatory as nonsensical as written,

as Plaintiff's allegation stands for itself. Plaintiff further objects to the use of "factual basis" as vague in the context of this Interrogatory.

Subject to those objections, Plaintiff responds as follows: The purpose of an AFCI is to trip in the presence of dangerous arcs and, furthermore, to allow electricity to flow in a circuit without dangerous arcs. Where an AFCI trips in the presence of harmless arcing signatures or electrical noise, or due to the use of common household appliances, the AFCI fails to perform its essential purpose. Siemens' AFCIs frequently trip in the presence of harmless arcs, meaning that the AFCIs repeatedly cut the flow of electricity in circuits that present no danger from electrical arcs. These defects undermine the essential purpose of an AFCI, reducing the value and usefulness of Siemens' AFCIs. Consequently, had Plaintiff known that Siemens' AFCIs could not perform the basic and expected functions of an AFCI, he would not have purchased the device or would have paid substantially less for it.

**INTERROGATORY NO. 17:** Please describe the information that You claim Siemens failed to disclose concerning Your Siemens' AFCIs, and state Your factual basis for this belief.

**RESPONSE:** Plaintiff objects to this Interrogatory as nonsensical as written to the extent it seeks information Siemens "failed to disclose", which would be uniquely, if not exclusively, in Siemens' possession.

Subject to these objections, Plaintiff responds as follows: Siemens omitted that its AFCIs fail to perform the essential function of an AFCI because they do not

permit electricity to flow in a circuit where no dangerous arcing is occurring. Siemens further omitted material information concerning the function of its AFCIs, including the possibility that its AFCIs may trip even where no dangerous arcs are present in the circuit. Siemens also omitted information it had concerning the frequency and extent of nuisance tripping in its AFCIs.

Siemens omitted information about the potential causes of nuisance tripping in its AFCIs, including that common household appliances may not be compatible with Siemens' AFCIs because the AFCI will trip in their presence without any dangerous arcing in the circuit; that electric noise may cause Siemens' AFCIs to trip even where no dangerous arc exists in the circuit; that other aspects of the design or manufacture of Siemens' AFCIs may cause it to trip even where no dangerous arc exists in the circuit.

Siemens further made representations and disclosures that, because they were misleading, obligated Siemens to make further clarifying representations. These include: Siemens' representation that nuisance tripping was a myth or that it was a safety feature when Siemens knew its AFCIs tripped in harmless circumstances and, thus, was neither a myth nor part of the safety benefits of an AFCI; Siemens' representations that the cause of nuisance tripping was due to the fault of the homeowner or electrician, including in its "Debunking the Myths of AFCI" where Siemens blamed "creative wiring solutions"; and, Siemens' troubleshooting guide that listed some potential causes and solutions to nuisance tripping of Siemens'

AFCIs, but failed to disclose that the nuisance tripping may be due to the design, manufacture, or function of the AFCI. Siemens, furthermore, improperly omitted information regarding the potential causes of nuisance tripping in its Intell-Arc Diagnostic Tool and trip indicators, which failed to inform users that the cause of any nuisance tripping may be due to the design or manufacture of the AFCI.

**INTERROGATORY NO. 18:**    Please Identify any other experience

You have had with alleged Nuisance Tripping of AFCIs, including the date(s) of the event(s), the brand of the AFCI that experienced alleged Nuisance Tripping, any steps performed by You or on Your behalf to investigate or otherwise resolve the alleged Nuisance Tripping, and a description of how any alleged Nuisance Tripping was resolved.

**RESPONSE:** Plaintiff further objects to this Interrogatory as an improper compound Interrogatory.

Subject to that objection, Plaintiff responds as follows: Plaintiff has not experienced any nuisance tripping with respect to any non-Siemens' AFCIs.

**INTERROGATORY NO. 19:**    Please Identify any oral or written Communication between You or another Person on Your behalf and Siemens relating to alleged Nuisance Tripping, including the date(s) of any Communication(s); if not You, the Person communicating on Your behalf; the name

of the Person(s) at Siemens involved in that Communication, and the substance of any Communication.

**RESPONSE:**    Plaintiff objects to this Interrogatory to the extent it seeks information not in Plaintiff's possession, custody, or control.

Subject to that objection, Plaintiff responds as follows: Plaintiff contacted Siemens after July 2021 to obtain replacement AFCIs due to frequent nuisance tripping.

Plaintiff supplements his response as follows: Plaintiff never interacted with anyone from Siemens. Plaintiff does not know the names of the persons at Siemens who came out to do a site visit.

**INTERROGATORY NO. 20:**       Please Identify any facts You contend support Your allegation that Your Siemens AFCIs experienced Nuisance Tripping as a result of a defect.

**RESPONSE:** Plaintiff responds as follows: AFCI breakers are not supposed to trip from the use of common appliances or harmless electronic noise, and instead, should only trip in the presence of dangerous arcs. The National Electric Manufacturers Association ("NEMA"), has stated that "[AFCI] devices cannot nuisance trip" and should be able to "know[] the difference between an arc from normal operations, such as unplugging a cord or opening a switch, and a destructive arc. Where AFCIs experience nuisance tripping, homeowners and electricians cannot identify whether the trip was due to a dangerous arc (which must be rectified)

or not, ruining the device's safety benefit.

Siemens has also acknowledged that AFCIs should not nuisance trip. In fact, Siemens publicly claimed that nuisance tripping in its products was a "myth" and that, when it did occur, it was due to errors by homeowners and electricians. Siemens said of its AFCIs that "[t]he majority of the time, these breakers trip because they are supposed to[,]" implying that if its AFCIs are tripping, then there is a dangerous arc. Siemens claimed its breakers "ha[d] been thoroughly tested to dramatically decrease the amount of nuisance tripping" and that it had developed "[s]olutions" to nuisance tripping. When nuisance tripping occurred, Siemens blamed homeowners and electricians both in its public statements and in its trouble shooting guide. Siemens, furthermore, made public statements and created additional products, presentations, and guides to misdirect consumers and electricians as to the cause of the nuisance tripping, which indicates Siemens knew its AFCIs should not be experience nuisance tripping in harmless circumstances.

Although by Siemens' own admission, AFCIs are not supposed to unnecessarily nuisance trip and should allow the flow of electricity where no dangerous arcs are present, Siemens' AFCIs repeatedly and unnecessarily trip when connected to a circuit without any dangerous arcs. Siemens' own AFCI testing purportedly confirmed that its AFCIs break the flow of electricity in safe circuits, including "where an appliance is drawing high amps" or due to "electric noise caused by loads on the circuits." Numerous complaints and public forum reports by

consumers and Plaintiff's own experiences establish that Siemens' AFCIs trip experience nuisance tripping where no dangerous arcs exist in a circuit.

**INTERROGATORY NO. 21:**     Please Identify any facts You contend support Your alleged damages as a result of alleged Nuisance Tripping of Your Siemens' AFCIs, including any costs or expenses You incurred that You contend are related to any alleged defect in Your Siemens' AFCIs.

**RESPONSE:**   Plaintiff also objects to this Interrogatory as a premature contention interrogatory and as premature to the extent expert testimony is required to evaluate the amount and extent of any damages.

Subject to his objections, Plaintiff states as follows:  Plaintiff has suffered significant harm as a result of Siemens' AFCIs experiencing nuisance tripping.  This includes: loss of use and enjoyment of his property and appliances which, because they cause Siemens' AFCIs to trip, cannot be used on some or all outlets in his home; lost time and effort Plaintiff spent addressing the nuisance tripping; and expenses incurred hiring his homebuilding and electrician to investigate and resolve the nuisance tripping of his AFCIs.  Plaintiff has also lost the value of his AFCIs that were not replaced and continue to experience nuisance tripping, reducing the value of those AFCIs because they fail to perform the essential functions of an AFCI and do not allow electricity to flow through a circuit without a dangerous arc.

Dated: December 13, 2024        */s/ Brian C. Gudmundson*
                                 Brian C. Gudmundson (*pro hac vice*)

Michael J. Laird (*pro hac vice*)
Rachel K. Tack (*pro hac vice*)
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400

brian.gudmundson@zimmreed.com
jason.johnston@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com

Charles H. Van Horn (724710)
**BERMAN FINK VAN HORN P.C.**
3475 Piedmont Road, N.E. Suite 1640
Atlanta, GA 30305
Telephone: (404) 261-7711
cvanhorn@bvfvlaw.com

Eric A. Kafka (*pro hac vice*)
Brian E. Johnson (*pro hac vice*)
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 220025
Telephone: (202) 408-4600
ekafka@cohenmilstein.com
bejohnson@cohenmilstein.com

Daniel C. Hedlund (*pro hac vice*)
David A. Goodwin (*pro hac vice*)
Anthony J. Stauber (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstauber@gustafsongluek.com

E. Adam Webb

G. Franklin Lemond, Jr.
**WEBB, KLASE & LEMOND, LLC**
1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339

Telephone: (770) 444-9325
Adam@WebbLLC.com
Franklin@WebbLLC.com

Joseph G. Sauder (*pro hac vice*)
Matthew D. Schelkopf (*pro hac vice*)
Joseph B. Kenney (*pro hac vice*)
**SAUDER SCHELKOPF**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

Bonner C. Walsh (*pro hac vice*)
**WALSH LLC**
1561 Long Haul Road
Grangeville, ID  83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
bonner@walshpllc.com

*Attorneys for Plaintiffs*

## VERIFICATION

I, Bryan Butakis, state as follows:

1.     I am the Plaintiff in this action.

2.     I have read the foregoing Answers to Interrogatories and subscribe to them personally. Said Answers have been prepared on the advice and with the assistance of counsel, and are based upon information that is obtained from records still in existence, presently recollected, or thus far discovered in the course of preparation of such Answers. Subject to inadvertent or undiscovered error or omission and to the limitations set forth herein, said Answers are true and correct to the best of my present knowledge, information, and belief.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 12/13/2024 _____, 2024.

DocuSigned by:

E4FDFFD666ED4FE...

Bryan Butakis

# CERTIFICATE OF SERVICE

I certify that on December 13, 2024, I served counsel of record with the foregoing document by electronic mail.

*/s/ Anthony J. Stauber*